The Honorable Barbara J. Rothstein

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

TATIANA WESTBROOK, an individual;
JAMES WESTBROOK, an individual;
HALO BEAUTY PARTNERS, LLC, a
Nevada Limited Liability Company,

               Plaintiffs,

    v.

KATIE JOY PAULSON, an individual;
WITHOUT A CRYSTAL BALL, LLC, a
Minnesota Limited Liability Company; and
DOES 1 through 100, inclusive,

               Defendants.

NO.  2:20-cv-01606 BJR

**DEFENDANTS' REQUEST FOR
JUDICIAL NOTICE**

NOTED FOR CONSIDERATION:

December 28, 2020

DEFENDANTS' REQUEST FOR JUDICIAL NOTICE

GORDON
TILDEN
THOMAS
CORDELL

600 University Street
Suite 2915
Seattle, WA  98101
206.467.6477

Defendants make this Request for Judicial Notice in support of their Motion to Dismiss Plaintiffs' Complaint. First, attached as Appendix A is a true and correct copy of the Complaint on file in the matter of *Swanson v. Halo Beauty, Inc.*, 20SMCV01573 (Los Angeles Superior Court, October 20, 2020). It is available on the Los Angeles Superior Court website, https://www.lacourt.org/paonlineservices/pacommerce. This Court may take judicial notice of pleadings on file in other jurisdictions, solely for the purpose of recognizing the fact of the pleading and its contents. Defendants do not ask this Court to take judicial notice of the truth of anything contained in this Complaint. *Papai v. Harbor Tug & Barge Co.*, 67 F.3d 203, 207 n. 5 (9th Cir. 1995).

Second, Attached as Appendix B is a list of web links to videos posted on YouTube.com. This Court may take judicial notice of the fact that these videos and their contents are available to the public on the internet. *Olson v. California*, 2020 WL905572 at *4 (C.D. Cal. Feb. 10, 2020) (citing *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 960 (9th Cir. 2010) ("Courts may take judicial notice of publications introduced to indicate what was in the public realm at the time, not whether the contents of those articles were in fact true.") (quotations omitted).

DATED this 2nd day of December, 2020.

**GORDON TILDEN THOMAS & CORDELL LLP**
Attorneys for Defendants Kathryn Manske Paulson and Without A Crystal Ball, LLC

By      s/ *Michael P. Brown*
        Michael P.  Brown, WSBA #45618
        600 University Street, Suite 2915
        Seattle, Washington 98101
        206.467.6477
        mbrown@gordontilden.com

DEFENDANT'S REQUEST FOR JUDICIAL NOTICE - 1

GORDON
TILDEN
THOMAS
CORDELL

600 University Street
Suite 2915
Seattle, WA  98101
206.467.6477

*RJN APPENDIX A*

Electronically FILED by Superior Court of California, County of Los Angeles on 10/20/2020 01:49 PM Sherri R. Carter, Executive Officer/Clerk of Court, by M. Mariscal,Deputy Clerk

Case 2:20-cv-01606-BJR   Document 16   Filed 12/02/20   Page 4 of 36

Assigned for all purposes to: Santa Monica Courthouse, Judicial Officer: Craig Karlan

BROWN, NERI, SMITH AND KHAN LLP
 Nathan M. Smith (Bar No. 255212)
11601 Wilshire Blvd., Suite 2080
Los Angeles, California 90025
Telephone:     (310) 593-9890
Facsimile:     (310) 593-9980
nate@bnsklaw.com

Attorneys for Plaintiffs Clark Swanson
and Swanson Global Enterprises Inc

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF LOS ANGELES – WEST DISTRICT

| | |
|---|---|
| CLARK SWANSON,  individually and derivatively on behalf of Halo Beauty, Inc. a California Corporation; and SWANSON GLOBAL ENTERPRISES INC, on its own behalf and derivatively and on behalf of Halo Beauty Partners LLC, a Nevada Limited Liability Company, <br><br> Plaintiffs, <br><br> v. <br><br> HALO BEAUTY, INC., a California Corporation, HALO BEAUTY, INC., a Nevada Corporation; HALO BEAUTY PARTNERS LLC, a Nevada LLC, TATIANA WESTBROOK; JAMES WESTBROOK; TATI HALO, INC., a Washington Corporation; TATI COSMETICS INC, a Washington Corporation; and DOES 1-20, inclusive, <br><br> Defendants. | CASE NO. <br><br> **VERIFIED COMPLAINT WITH DIRECT AND DERIVATIVE CAUSES FOR: BREACH OF FIDUCIARY DUTY; NEGLIGENCE; GROSS NEGLIGENCE; FRAUDULENT INDUCEMENT (FALSE PROMISE); BREACH OF CONTRACT; BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING; PROMISSORY ESTOPPEL; UNJUST ENRICHMENT; AIDING AND ABETTING BREACHES OF FIDUCIARY DUTIES; AIDING AND ABETTING THE BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING; CONVERSION** <br><br> **JURY TRIAL DEMANDED** |

## SUMMARY OF THE LAWSUIT

1.      This is a lawsuit caused by the Defendants' greed.  Tati Westbrook, one of the first and one of the most successful YouTube beauty influencers in history, together with her new husband James Westbrook, planned a nutritional supplements business split 50/50 with Mr. Westbrook's old friend and colleague, Clark Swanson.  Before the business got off the ground, the Westbrooks,

unhappy with owning only 50% approached their business partner Clark Swanson and sold him on a deal:  give them two-thirds of the business and, in exchange, the Westbrooks would commit to use Halo Beauty as Ms. Westbrook's umbrella brand for all her beauty launches -- cosmetics, skincare, fragrance, all of Tati Westbrook's beauty products.  Mr. Swanson agreed to these terms.

2.      Halo Beauty's first product launch was a great success.  As a result, Ms. Westbrook became, virtually overnight, a proven, highly profitable product promoter.  The Westbrooks made millions of dollars in distributions on the 16.66% of the business that Mr. Swanson gave them.  With great momentum and significant sales, Mr. Swanson and Halo Beauty set out to launch additional products.

3.      The Westbrooks, however, got greedy.  Instead of honoring their agreement with Mr. Swanson and honoring their fiduciary duties to Halo Beauty, the Westbrooks cut a separate deal to a launch a cosmetics product – a color palette – without Mr. Swanson and Halo Beauty.  Future launches in makeup, cosmetic accessories and fragrance were also planned separately and without Mr. Swanson or Halo Beauty participating.  As a result, Mr. Swanson and Halo Beauty have been robbed of the benefits of the agreement with the Westbrooks and the Westbrooks continue to profit from an agreement they never honored.

**JURISDICTION AND VENUE**

4.       This Court may exercise jurisdiction to hear this matter because, from the time of the events in the complaint to the present the individual defendants Tatiana A. Westbrook and James A. Westbrook resided in Los Angeles County and were citizens of California.  They are also identified as Corporate Officers and Directors of Halo Beauty, Inc. with addresses at 1905 Wilcox Ave, #111, Los Angeles, CA 90068.

5.      Furthermore, the Court may exercise jurisdiction to hear this matter because the agreements at issue in this lawsuit were entered into in Los Angeles County and breached in meetings that occurred in Los Angeles County.

6.      Furthermore, this Court may exercise jurisdiction over this lawsuit because Halo Beauty, Inc. is, and has been from August 15, 2017 to the present, a California Corporation in good standing with an address at 1905 Wilcox Ave, #111, Los Angeles, CA 90068.

7.      The Court may exercise jurisdiction over Halo Beauty Partners LLC because it conducts business in Los Angeles County and California sufficient to confer jurisdiction over the company.

8.      The Court may exercise jurisdiction over Tati Halo, Inc. because it is a  member-manager of Halo Beauty Partners LLC, which does business in Los Angeles County and California sufficient to confer jurisdiction.  Tati Halo, Inc. manages Halo Beauty Partners through its two governors, Tati Westbrook and James Westbrook, who reside in Los Angeles County.  Tati Halo, Inc. therefore does business in Los Angeles County and California sufficient to confer jurisdiction over the company.

9.      Venue in Los Angeles County is proper because (1) the acts and events that give rise to the causes of action occurred in Los Angeles County, California; (2) Halo Beauty, Inc. has a principal place of business in Los Angeles County, California; and (3) Defendants James and Tatiana Westbrook hold themselves out to be officers and directors of Halo Beauty with a principal place of business in Los Angeles County, California.

## THE PARTIES

10.      **Plaintiff Clark Swanson**.  Clark Swanson is an accomplished start-up veteran.  Mr. Swanson had previously served as Founder, President & Chief Executive Officer and Director of Blackline Safety Corp., a preeminent (Deloitte Fastest 500, TSX 50, Profit 500 & IDC Top 10 to Watch) technology company publicly traded on the Toronto Venture Exchange under the trading symbol: BLN.  Under his leadership, the company grew to nearly 200 employees and a value that exceeded $250 million.   Mr. Swanson was also a founding member of the International Phytomedicines Institute at Harvard Medical School and the Executive Vice Chairman of the Board for Flavocure Biotech, Inc., a pre-clinical stage oncology drug development company.  Prior to this, Mr. Swanson was a top revenue earner for several technology companies.  Mr. Swanson holds degrees in Economics from Pepperdine University and a Master's in Business Administration from the Graziadio School of Business & Management, where he graduated with distinction.  He has been a frequent guest lecturer at UCLA Anderson School of Management and Pepperdine Graziadio School of Business & Management in the area of entrepreneurship and corporate leadership.

11.     Clark Swanson holds 1/3 of the voting shares in Halo Beauty, Inc and has held those shares in the company since its inception.  Mr. Swanson is also Chief Financial Officer and one of the three Directors of Halo Beauty, Inc.

12.     Clark Swanson is also the sole shareholder and President of Plaintiff Swanson Global Enterprises Inc a Nevada Corporation.  Swanson Global Enterprises owns 33% of the membership interests in Halo Beauty Partners LLC.

13.     Mr. Swanson resided in Los Angeles County during all times material to this complaint until 2019, when his residence changed to Clark County, Nevada.

14.     **Defendant Tatiana Westbrook** is best known as a YouTube celebrity with millions of regular viewers who is often known only by her first name, "Tati," her Instagram handle "@glamlifeguru." or by her signature "XO's Tati."  Her YouTube channel focuses on reviews of cosmetic products and increasingly, the drama of being a YouTube celebrity.  When Halo Beauty launched, Ms. Westbrook's regularly posted videos were generating on average 27,832,727 views per month according to the social media analytics website, Social Blade.  Ms. Westbrook identifies herself on social media as the "dual CEO of Tati Beauty and Halo Beauty."

15.     Defendant Tati Westbrook holds 1/3 of the voting shares in Halo Beauty, Inc.  Ms. Westbrook is also the Chief Executive Officer and one of the Directors of Halo Beauty, Inc.   Ms. Westbrook also owns a beneficial interest in the company doing business as Tati Beauty as well as a beneficial interest in a future venture known only to the Plaintiff as Tati Fragrance.

16.     On information and belief, Tati Westbrook resides in Los Angeles County, owns a home in Los Angeles County, spends most of her time in California, and is currently living in Los Angeles County and is therefore domiciled in the State of California.

17.     **Defendant James Westbrook** holds 1/3 of the voting shares in Halo Beauty, Inc. and has held those shares in the company since its inception.  Mr. Westbrook is also the Chief Executive Officer and one of the Directors of Halo Beauty, Inc.  Mr. Westbrook also owns a beneficial interest in the company doing business as Tati Beauty as well as a beneficial interest in a future venture known only to the Plaintiff as Tati Fragrance.

18.     Plaintiff is informed and believes and thereon alleges that Mr. Westbrook has been sued

4

COMPLAINT

before and is currently being sued in Los Angeles County Superior Court for the failure to repay a six-figure loan. *See Hawkes v. Westbrook,* , case no. BC610791. Plaintiff is informed and believes and thereon alleges that in 2016, Mr. Westbrook was ordered to pay his sister's legal fees after she was forced to go to court to stop him from trying to sell his late mother's home and abscond with the profits. *See Julie Bean v. James Alexander Westbrook, et al.*, case no. CV 14-1-0399 Circuit Court of Hawaii, Second Circuit. Additionally, online sources have reported that Mr. Westbrook has also been convicted of serious drug crimes.

19.     On information and belief, James Westbrook resides in Los Angeles County, owns a home in Los Angeles County, and is currently living in Los Angeles County and is therefore domiciled in the State of California.

20.     **Derivative Defendant Halo Beauty, Inc**. is a California Corporation with a principal business address with the California Secretary of State of 1905 Wilcox Ave, #111, Los Angeles, CA 90068. Halo Beauty, Inc.'s shareholders adopted its Articles of Incorporation and Bylaws by signed, unanimous written consent as of August 15, 2017.

21.     On February 11, 2018, Halo Beauty, Inc. reported that Clark L. Swanson, Tati A. Westbrook and James A. Westbrook were the only officers and directors of the company. The officers and directors identified their address as 1905 Wilcox Ave, #111, Los Angeles, CA 90068.

22.     Halo Beauty, Inc. underwent a F Reorganization into a Nevada Corporation on or about May 23, 2019 when it was incorporated in the State of Nevada. Clark L. Swanson, James A. Westbrook, and Tati A. Westbrook are identified as the Board of Directors in the May 23, 2019 filing with the Nevada Office of the Secretary of State.

23.     Halo Beauty, Inc. owns 1% of the membership interests in Halo Beauty Partners LLC.

24.     **Derivative Defendant Halo Beauty Partners LLC** is, and has been from December 28, 2018, a Nevada Limited Liability Company in good standing. Halo Beauty Partners LLC is a member-managed LLC. The member-managers are Swanson Global Enterprises, Inc., Tati Halo, Inc., and Halo Beauty, Inc.

25.     **Defendant Tati Halo, Inc.,** according to the Washington Secretary of State, is a Washington corporation formed on December 5, 2018 with a principal office of 650 Bellevue Way

NE, #4004, Bellevue, WA, 98004-5063.  The Secretary of State records identify two governors: James Westbrook and Tatiana Westbrook  According information provided to Mr. Swanson by Mr. Westbrook, Tati Halo, Inc. is owned equally by Tati and James Westbrook.

26.     **Defendant Tati Cosmetics Inc,** according to the Washington Secretary of State is a Washington corporation with a principal office of 650 Bellevue Way NE, #4004, Bellevue, WA, 98004-5063.  James Westbrook is identified as the Governor of the corporation.  Tati Cosmetics Inc applied for the trademark Tati Beauty.  Plaintiff Swanson is informed and believes and thereon alleges that Tati Cosmetics Inc is  owned and controlled by Defendant James Westbrook and Defendant Tatiana Westbrook and is the business entity used to launch the Tati Beauty Color Makeup Palette (Tati Beauty, Volume 1) in October 2019.  The entity also launched the Tati Beauty "Beauty Blender."

27.     Plaintiff is unaware of the true names and capacities of Defendants sued herein as Does 1 through 20, inclusive, and therefore sues these Defendants by fictitious names.  Plaintiff will amend this complaint to allege their true names and capacities when ascertained.

**THE DISPUTE**

28.     In the fall of 2016, Mr. Swanson and his old friend, James Westbrook and his then girlfriend, Tatiana "Tati" Krievins ("Ms. Westbrook"), decided to develop a nutraceuticals product that would provide beauty benefits to its takers.  Ms. Westbrook offered that she could market such a product through her YouTube channel.  After discussions among themselves, they formed a company named Inside Out Beauty Labs, LLC.  On March 6, 2017, Inside Out Beauty Labs filed for the use of the trademark "Beauty Booster" with the USPTO.  Mr. Swanson owned 50% of the business and was the managing member, the Westbrooks each owned 25%.

29.     Mr. Swanson's education, training and experience were critical to Inside Out Beauty Labs. The Westbrooks did not have any commercial credit relationships, so Mr. Swanson used his banking relationships.  The Westbrooks' poor credit history, including a personal bankruptcy, meant Inside Out Beauty Labs had to rely on Mr. Swanson's personal credit to secure lending and e-commerce facilities.  Mr. Swanson even used his personal credit to lease Mr. Westbrook a Maserati Gran Turismo, worth almost $200,000, for his "daily driver."

30.     More important than logistics, Mr. Swanson researched and developed the products Inside Out Beauty was planning to launch.  After years of research and development, Mr. Swanson identified unique or exotic ingredients and negotiated supply agreements that offered competitive advantages to Halo Beauty.  For example, Mr. Swanson secured the trademark "Ceramide-Rx" for a ceramide that was derived from rice, not wheat.  He also used his material supplier relationships to obtain a guaranteed supply of the ceramide from Oryza Oil & Fat Chemical Company, a Japanese based purveyor of rice ceramides for supplements, skincare and cosmetics.  Mr. Swanson also developed a baseline of product ingredients that could be used in skincare and cosmetic applications.

31.     The Westbrooks, by contrast, had little in the way of proven business skills to contribute. Ms. Westbrook noted to Mr. Swanson that she had some business experience based on curating YouTube content.  In fact, her business history consisted of work at a retail cosmetic sales counter, as a part-time actress and model and various and sundry jobs.  Ultimately, Ms. Westbrook provided some input on packaging and design, while Mr. Westbrook assisted with vendor selection, logistics and quality control.

***The Westbrooks Persuade Mr. Swanson to Reduce his Shares in the Company in Exchange for their Commitment to Make Halo Beauty the Exclusive Brand for Ms. Westbrook's Beauty Products.***

32.     On July 17, 2017, the Westbrooks and Mr. Swanson agreed on the name Halo Beauty Nutraceuticals, LLC for the company.  Ms. Westbrook chose the name and believed that it was a better name for commercial purposes.  Mr. Swanson agreed and emailed the company legal counsel requesting that they "make a name change from California company, Inside Out Beauty, LLC to Halo Beauty Nutraceuticals, LLC."  The company established a trademark application for "Halo Beauty NTx[1]."

33.     Before the name change was accomplished, on August 1, 2017, Mr. Westbrook called Mr. Swanson and asked if the three of them could meet in person to discuss business.  Later that day,

---

[1] NTx was a trade name abbreviation for "nutraceuticals."

the Westbrooks visited Mr. Swanson at his home in Marina del Rey.  The three of them spoke for about two hours, mostly on Mr. Swanson's open-air balcony.

34.     The Westbrooks asked to re-envision Halo Beauty as a new company that planned to be a global, all-inclusive beauty brand for Tatiana Westbrook.  The plan was to use Halo Beauty to deliver a wide range of beauty products personally endorsed by Ms. Westbrook.  Ms. Westbrook claimed she wanted to build something "gigantic," and that Halo Beauty would serve as an umbrella company to establish and build a global beauty brand with product categories that included supplements, skincare, cosmetics, fragrance and more.  Specifically, she stated to Mr. Swanson that:

- she wanted to build her brand under one umbrella rather than "just do vitamins;"
- she wanted to expand Halo Beauty to include a wetline, cosmetics and skincare;
- Halo Beauty had the potential to expand and become a huge, stand-alone brand;
- she hoped Mr. Swanson was ready to build a brand, not just a bottle of vitamins, but the "whole big thing."

35.     Ms. Westbrook stated that she did not want to be perceived as a mere spokesperson or celebrity endorser, but rather that she wanted Halo Beauty to be her company.  She said she needed to be an equal stakeholder with a management role.  The current ownership structure, she explained, made her look like a minor partner.  The Westbrooks proposed a 1/3, 1/3, 1/3 structure.

36.     The Westbrooks sold Mr. Swanson aggressively on the financial benefits of the new all-inclusive brand.  E-commerce based beauty businesses were being acquired by major beauty brands like Estee Lauder and L'Oreal for eye-popping amounts.  For example, Ms. Westbrook identified Jeffree Starr as a potential advisor and stated that he had been offered $500 million for his cosmetics brand from L'Oreal.  Mr. Westbrook stated that he thought the company, as an all-inclusive brand, could reach a $3 billion valuation.

37.     Ms. Westbrook boasted that her celebrity status would guarantee success: "I know as far as our repeat customer, it doesn't matter. What I put my name on is going to work, is going to sell, period, because of the seven years I put in building an audience."  Ms. Westbrook claimed that the product did not matter, she could still sell a "shit product" to her loyal followers.

38.     Ms. Westbrook, as a well-regarded YouTube influencer, also touted her "clique" of fellow-influencers as potential sources of promotion.  She told Mr. Swanson that her friends were among the most influential on YouTube and that they would cross-promote her products.  She related that some of them, like Jeffree Star, Manny Mua, James Charles and Laura Lee were launching or preparing to launch their own cosmetics line.  According to Mr. Westbrook, those YouTube influencers would look for Ms. Westbrook to endorse their products, which she would.  She in turn, could expect them to give their endorsements to Ms. Westbrook's products.

39.     Ms. Westbrook related that she was sitting at her dining room table one night with Laura, Manny, James and Jeffree when Jeffree disclosed that a nutraceuticals competitor, Sugar Bear Hair, was offering $200,000 to him for a promotional video.  Ms. Westbrook told Mr. Swanson she asked these influencers not to endorse Sugar Bear Hair because she was launching a competing hair, skin and nails vitamin.  She told Mr. Swanson all the influencers turned down the Sugar Bear Hair offer.[2]

40.     After an extensive pitch by the Westbrooks, Mr. Swanson agreed.  In exchange for Halo Beauty becoming Ms. Westbrook's exclusive channel for all-things beauty, Mr. Swanson agreed to give up his 50% stake and managing membership in the nutraceuticals business in exchange for 1/3 of the ownership of the new, all-inclusive brand.

41.     Mr. Swanson sent an email the following day memorializing the conversation.  The email states, in part:

*On August 1, 2017, we arrived at a new understanding and agreement between the Partners.  As follows, Clark Swanson will reduce his equity ownership from 50% to 33.33%.  The Partners agreed that James and Tati Westbrook would collectively own 66.66% of the equity ownership.  The new ownership therefore agreed to be divided in equal parts, being that Tati Westbrook is the owner of 33.33%, James Westbrook is the owner of 33.33%, and Clark Swanson is the owner of 33.33%.*

*....*

*It is agreed that the goal of the Partners is to build an exclusive global beauty brand. This brand will develop and manufacture products for the beauty industry.  We will*

---

[2] Ms. Westbrook's claim to influence was undercut when James Charles endorsed Sugar Bear Hair in an April 22, 2019 "swipe up" Instagram story.  On May 10, 2019, Ms. Westbrook posted a video "Bye Sister, accusing Mr. Charles of inappropriate sexual conduct.

*initially begin with the launch of [a] food supplement line of business, currently contemplated to be comprised of 5 different products, e.g. Calming Stress Relief, Weight Management, Hair Skin & Nails, etc.  The first of the product line launch is the "Hair, Nails & Skin Booster".  The product, aptly featuring XO's Tati, will be promoted by Tati Westbrook [on] her YouTube channel. Additional consideration was made to other channel proprietor promotional efforts, particularly those that are within the business relationship network of Tati Westbrook deemed "product collaborations" with other leading YouTube influencers.*

42.     This understanding was memorialized in the Articles of Incorporation and By Laws dated

August 15, 2017.   Specifically, the Articles state:

RESOLVED, th[at] each of the members of the Board of Directors and the Officers of the Corporation may not engage in other business activities that (i) materially interferes with the Member's and/or Officer's services to the Corporation; (ii) competes with the nutraceuticals line of the Corporation; and/or [iii] any personal investment activities in enterprises that directly compete[] with Corporation.

43.     The by-laws also require a consensus decision-making model:

Section 7.4. **Consensus of Partners.**
Section 7.4. Consensus of Partners. It has been agreed that the business will require consensus from the Partners regarding all major or material business decisions. For further clarification, on any business decision, such as divestiture of stock, pledge of assets or shares, loans, additional issuance of shares, plant property and equipment obligations, intellectual property applications or assignments, or things that a reasonable person would consider to be material to the business, will require the consent of all Partners.

### *Halo Beauty Launches its First Product Line with Great Success.*

44.     With a new business and plan in place, Mr. Swanson went to work building the all-

inclusive brand.  With respect to Halo Beauty's first product line – beauty vitamins, Mr. Swanson

applied his knowledge of plant-based medicine and nutritional science to the formulation of a

product that had unprecedented benefits for acne, skin hydration and overall skin health

45.     For example, Mr. Swanson authored a patent on the mechanism of action for the first

supplement produced by Halo Beauty.  The patent application was drafted in August, 2018 and

submitted in October, 2018.[3]  Consumers found the results for the Halo Beauty Hair Skin & Nails

formula provided such visually measurable results for troubled skin conditions such as acne and

other dermatosis, that the patent work reflected the unique, beneficial and novel outcome.  Mr.

Swanson's contributions to product formulations insured that the customers of Halo Beauty saw

results – therefore causing significant recurring sales.

46.     On or around Friday, March 2, 2018, Halo Beauty launched its first product:  the Hair Skin

and Nails Booster.  Ms. Westbrook teased the launch with a February 27, 2018 YouTube video

describing Halo Beauty as "my brand."  On February 28, 2018, Ms. Westbrook posted a video

titled "MY BRAND ANNOUNCEMENT."  She described Halo as an "all-inclusive" brand, for

"all of us" and announced the launch of the Halo Beauty Hair Skin and Nails Booster vitamins.

Vitamins, she said, were starting with "beauty from the inside out."  She also confirmed that Halo

Beauty was not just about vitamins:

> I did decide ultimately to put everything under Halo.  Everything would be one.  I thought
> why not....  We can start with vitamins and we can go into skin care and we can go into color
> cosmetics and it's my business, so I can do that, I don't have to have different names for them.

47.     On March 2, 2018, Ms. Westbrook posted another video "GET READY WITH ME | Halo

Beauty Launch Day."  On that video, she stated again that Halo would be launching other products

and that Halo would be keeping Halo a "good and pure, inclusive brand."

48.     The Halo Beauty launch was a fantastic success.  The company followed the Hair Skin and

Nails Booster with the Kiwi Seed Booster, then His and Hers Daily Multi Body and Brain Booster.

In its first year, Halo Beauty earned its owners over a million dollars each in distributions.  Halo

---

[3] When Mr. Swanson was ready to submit the application, the Westbrooks objected to the
application because they were concerned that Mr. Swanson's status as the inventor would
undermine the public persona Ms. Westbrook was trying to cultivate as more than just a
spokesperson for Halo Beauty.  The Westbrooks were concerned that the exposure would bring
about questions related to Ms. Westbrook's role in the company.  In the alternative, the
Westbrooks insisted that Ms. Westbrook be listed as an inventor on the application.  Knowing this
was not lawful, Mr. Swanson arranged a conference call with Halo Beauty's patent counsel to
explain that this would amount to fraud and likely invalidate the patent.  Ultimately, the patent
was filed in October, 2018 with the authors Mr. Clark Swanson and Dr. Jose Calderon M.D., a
Doctorate of Medicine graduate from Harvard Medical School and Adjunct Associate Professor,
Division of General Internal Medicine & Health Services Research, Department of Medicine, the
David Geffen School of Medicine, UCLA.

Beauty currently offers 3 different product lines, including his and her multivitamins.  In 2019, the company distributed to its owners almost three times what it distributed in 2018.

***Mr. Swanson applied himself to expanding the Halo Beauty brand to other product lines but the Westbrooks would not cooperate.***

49.  Coming off the success of the vitamin launch, Mr. Swanson also devoted his efforts to develop the skin care and cosmetics lines he and the Westbrooks contemplated when they formed Halo Beauty.  Mr. Swanson went on multiple onsite visits to manufacturers.  For example, he connected with Nicole Collins, an experienced cosmetics and skin care entrepreneur.  She offered to introduce Mr. Swanson to leading bench chemists and manufacturers, including Seed Beauty.

50.  Beginning in May, 2018, Mr. Swanson began taking meetings to explore skincare and cosmetic manufacturing.  Mr. Swanson joined Ms. Collins at tours of several cosmetic and skincare facilities.  He continued to meet separately with other manufacturers, and kept Mr. and Ms. Westbrook apprised.  On July 6, 2018, Mr. Swanson sent Mr. Westbrook a text message that read, "When are we making a makeup line?  I thought we were doing ingestibles, then skincare, then cosmetics/color?  Tati mentioned this on her video last week regarding it being a ways off."

51.  Mr. Swanson attended Cosmoprof in August, 2018, a beauty exhibition where Mr. Swanson met with several makeup capable manufacturers.  As late as November 5, 2018, Mr. Swanson attended a meeting with Cosmetic Development Laboratories, an established manufacturer of cleansers, serums, moisturizers, masks, and other skincare products.

52.  Despite significant efforts and good progress to show for it, the Westbrooks never showed any interest in these meetings or Mr. Swanson's work to expand Halo Beauty.

***Other times, the Westbrooks actively interfered with Mr. Swanson's efforts to grow Halo Beauty.***

53.  Mr. Swanson continued to push to expand Halo Beauty.  The Westbrooks' response shifted from ignoring his efforts to actively interfering with Halo Beauty's business.  For example, in September, 2018, Mr. Swanson was asked by renown YouTube Influencer, Michelle Phan[4] to join

_____

[4] Ms. Phan is "an American makeup artist, entrepreneur, and voice actress who became notable as a YouTuber.  A pioneering Beauty YouTuber, Phan's YouTube channel has over 8.9 million subscribers, 1.1 billion lifetime views, and 385 uploaded videos. She is the founder and owner of

her for lunch to discuss prospective business in China.  When the Westbrooks learned about the meeting, they insisted Mr. Swanson cancel it – telling him on the phone "I demand you stand down, stand down!".  Ms. Westbrook then told Mr. Swanson that he was forbidden from making relationships with any influencers.  Ms. Westbrook claimed to be working a special project with Michelle Phan.  At their insistence, Mr. Swanson canceled the meeting and has not contacted Ms. Phan.[5]

54.     Just the next month, on October 9, 2018, Mr. Swanson emailed the Westbrooks and requested updates regarding:

1. Company cosmetics launch collaboration (e.g. PR strategy and influencer marketing support for the brand);
2. Briogio (a hair care company which had offered Tati Westbrook an equity interest and board seat);
3. Michelle Phan project.

55.     Ms. Westbrook informed Mr. Swanson that their focus needed to be on additional products in the supplements category; that she was not considering the offer made by Briogio Hair Care opportunity seriously; and, provided no update or any information related to any project with Ms. Phan.

56.     Finally, in the build-up to the launch of Tati Beauty, Mr. Westbrook actively deceived Mr. Swanson into thinking that he and Ms. Westbrook were still interested in launching cosmetic products with Halo Beauty.  On December 16, 2018, Mr. Swanson asked Mr. Westbrook again to go to Cosmetic Enterprises.  Mr. Swanson underscored that Cosmetics Enterprises was a trustworthy manufacturer for skincare that could also provide valuable introductions to makeup chemists and manufacturers.  Mr. Westbrook declined, stating "[r]eally bad week for field trip bro and I'd prefer if you not do this alone.  I can't emphasize enough, Tati needs to take the lead on this.  Please pull back, I feel you and I love your enthusiasm but this isn't a ball for you to carry".

---

the cosmetics line EM Cosmetics.  In 2015, Phan was named to the _Inc._ 30 under 30 and _Forbes_ 30 under 30 lists.  The same year, she raised $100 million to value the company Ipsy at over $500 million.  [https://en.wikipedia.org/wiki/Michelle_Phan]

[5] To date, there has never been any further discussion of any project with Ms. Phan, nor is Mr. Swanson aware of anything that came to fruition.

1  To which, Mr. Swanson replied,

2          "No worries.  I'm very excited about our company and I have no

3          doubt Tati will crush it on the lineup for skincare.  If I haven't told

4          you already enough times I'm also as your brother so proud to be on

5          this journey with you and [T]ati and moreover keeping the

6          cosmetics under Halo Beauty and including me is a sign of amazing

7          collaboration and kinship – my gratitude to be your best friend is

8          [symbol for high five]."

9   57.     Plaintiff is informed and believes that Mr. Westbrook's email was a misleading attempt to

10  keep Mr. Swanson from exploiting Halo Beauty's full potential.

11  58.     As late as January 18, 2019, Ms. Westbrook was still telling YouTube viewers that she

12  continued as "actively the CEO" of Halo and still had a "lot of passion for growing the brand."

13  She said she wanted the brand to go "in every direction possible," launching "innovative

14  products."  She stated Halo was currently "developing skincare and makeup."

15          ***The Westbrooks Go Around Halo Beauty to Launch Tati Beauty.***

16  59.     On April 6, 2019, Mr. Westbrook contacted Mr. Swanson and asked that they meet at

17  Barney's New York in Beverly Hills.  Mr. Westbrook said it was about "Tati business

18  development" and that the news was "not tragic, just better in-person."  Mr. Swanson reluctantly

19  agreed and drove to Barney's.  The two met outside and took a walk around the shopping district.

20  60.     During that walk, Mr. Westbrook unilaterally announced that Halo Beauty was going "in a

21  different direction" than was agreed upon in August.  Specifically, he announced that he and Ms.

22  Westbrook had already contracted with Seed Beauty to develop and manufacture color cosmetics.

23  Mr. Westbrook explained that he did not think Halo Beauty was the right vehicle for the color

24  cosmetics business.  More importantly, he stated that John Nelson, founder of Seed Beauty,

25  contacted the Westbrooks directly and made them an offer that was "too good to refuse."  Mr.

26  Westbrook attempted to justify this blatant breach of trust by claiming that what was good for Tati

27  Westbrook was good for Halo Beauty.  Rather than competing with Halo Beauty, the Westbrooks'

28  new venture would somehow bolster the reputation and sales of Halo Beauty.

COMPLAINT

61.     Plaintiff is informed and believes and thereon alleges that Seed Beauty and any potential business partners for the Westbrooks knew or should have known of the Westbrooks' duties and obligations to Clark Swanson, Halo Beauty, Inc., and Halo Beauty Partners LLC.

62.     Mr. Swanson protested this new arrangement, that day at Barney's and also in the weeks that followed.  He explained to Mr. Westbrook that this was not what they had agreed to in August of 2017 and that he would never have given up equity to the Westbrooks absent the agreement that Halo Beauty would be an all-inclusive brand.  Mr. Westbrook would deflect, pointing to the success of Halo Beauty without addressing the real issue.  Ms. Westbrook did not engage with Mr. Swanson in these discussions.

63.     Days before Tati Beauty launched its first product, a color palette, Mr. Swanson again made a sincere attempt to resolve the dispute.  After attempting to avoid Mr. Swanson, Mr. Westbrook finally engaged in a telephone discussion on October 17, 2019.  Mr. Swanson demanded that Ms. Westbrook, an equal partner in Halo, be included in the discussion.  Mr. Westbrook refused to include her in the conversation, citing her "mental state" in advance of the Tati Beauty product launch.  On that call, Mr. Westbrook was profane and unprofessional, telling Mr. Swanson that, in effect, he should take what he is given and not ask for more.  Mr. Westbrook hung up on Mr. Swanson, but the profanity and unprofessional conduct continued over text messages.

64.     On or around October 25, 2019, Tati Beauty launched its first product.  On October 29, 2019, the Westbrooks announced that Tati Beauty had sold out the 100,000 of 250,000 total units in the initial run.  The company took preorders for a second printing.  To the present, Plaintiffs estimate Tati Beauty's revenues to be in excess of $16 million.

***Even after launching Tati Beauty, the Westbrooks refuse to launch Halo Beauty skincare products.***

65.     Mr. Swanson, disappointed by the launch of Tati Beauty, continued to push for a Halo Beauty skincare line.  Around August 4, 2019, after continued prompting by Mr. Swanson, Halo Beauty hired Benchmark Cometic Laboratories to formulate a number of products, beginning with

15

COMPLAINT

a makeup setting spray and a makeup primer.  The products were designed with ingredients Mr. Swanson identified from Halo's supplements that also improved the look of cosmetics.

66.     The Westbrooks, however, refused to cooperate in the process and interfered with the opportunity.  For example, Benchmark sent samples to the Westbrooks for wear tests received around February 19, 2020.  Mr. Westbrook suggested a few minor modifications to the formula. Benchmark agreed to attempt the modifications, did so, and sent new samples.  The Westbrooks delayed for months and ultimately refused to provide any further response or comments regarding the new sample, despite reminders and urging from Mr. Swanson.  To date, the Westbrooks have not approved the launch of the makeup setting spray.  No new product launches are planned.

***The Westbrooks Announce a Second Breach of Duty:  Tati Fragrance.***

67.     Despite these business disruptions, Mr. Swanson continued to devote his efforts to the success of Halo Beauty.  The Westbrooks, however, had moved on from Halo Beauty to Tati Beauty.  Just months after the launch of Tati Beauty in October 2019, Mr. Westbrook told Mr. Swanson not to promote Halo Beauty sales for the rest of the year, claiming Halo could just "coast" for the rest of the year.  In fact, the Westbrooks spent their time and energy promoting Tati Beauty and ignoring Halo.  This left Halo with little choice but to "coast."

68.     In 2020, the Westbrooks have continued to cut Halo Beauty out of future opportunities. The next opportunity:  fragrance products.  In late February, 2020, Mr. Westbrook told Mr. Swanson that the Westbrooks, spurred on by their new Talent Agency, UTA, would launch a fragrance product in collaboration with a New York based marketing and manufacturing firm. According to Mr. Westbrook, this was Ms. Westbrook's idea, because she wanted to do something on her own, without her husband or Mr. Swanson.  Again, like he did with cosmetics, Mr. Westbrook claimed that this would not detract from Halo Beauty's business, or the Westbrooks' commitment to Halo Beauty.

69.     To support this claim, Mr. Westbrook told Mr. Swanson that Ms. Westbrook had very little to do with the creation and launch of Tati Beauty.  The agreement with Seed Beauty, he said, was "turnkey" with Seed handling all the formulas, manufacturing, social media and commercial agreements.  This, of course, directly contradicts Ms. Westbrook's statements on YouTube touting

her deep involvement in the Tati Beauty product.

70.     Mr. Swanson reminded Mr. Westbrook that a fragrance line was already contemplated for Halo Beauty.  As early as April 25, 2018, Mr. Swanson emailed Mr. Westbrook regarding Kim Kardashian's fragrance product and packaging and noted the high margins in the business line.  On March 31, 2020, Mr. Swanson emailed Mr. Westbrook about the fragrance line.  Mr. Swanson spelled it out:

> Tati Fragrance is a product line that we contemplated when we formed Halo and again when I gave you and Tati the controlling interest in the business.  Even if you are right that Tati Fragrance could be good for Halo, there is no way it is better for Halo than having Halo own and operate the Fragrance piece of the business.  As an officer/member/owner of Halo, I don't think that any of us can in good faith claim that any other course of action would be in the best interests of Halo.  Please reconsider in light of Tati and your obligations to Halo.

71.     According to Mr. Westbrook, Ms. Westbrook decided against a fragrance product because of Mr. Swanson's opposition.  Despite this, the Westbrooks have not committed to conducting the fragrance business under Halo Beauty.

72.     Contrary to the Westbrooks' lip service, Halo Beauty has not grown with Tati Beauty's success.  To the contrary, the Westbrooks' neglect of Halo Beauty in favor of new opportunities has caused severe damage to Halo Beauty.

73.     Most recently, and as a result of Mr. Swanson's demand that the Westbrooks keep their agreement with him, James Westbrook, without Mr. Swanson's authorization, distributed hundreds of thousands of dollars in operating income from the Halo Beauty Partners LLC operating accounts to its members.  Mr. Swanson is informed and believes and alleges that this is a further attempt to devalue and destroy Halo Beauty by looting company coffers in advance of a lawsuit.

## SHAREHOLDER DERIVATIVE ALLEGATIONS

74.     At all material times including the present, Clark Swanson has owned 1/3 of the shares of Halo Beauty, Inc.

75.     All all material times including the present, Swanson Global Enterprises, LLC has owned 33% of the membership interests in Halo Beauty Partners LLC.

76.     Plaintiff Clark Swanson informed, in writing, the Board of Halo Beauty, Inc. and the members of Halo Beauty Partners LLC of the ultimate facts that give rise to each of the causes of action against each defendant.  Plaintiff has further demanded, in writing, that the Defendants take action to recover the losses suffered by Halo Beauty, Inc. and Halo Beauty Partners LLC described in the complaint and to prevent further harm to the companies.  Defendants have not taken action to remedy these harms.

77.     On information and belief, Plaintiff Clark Swanson alleges that any further demands on Tatiana and James Westbrook, or on Halo Beauty, Inc. or Halo Beauty Partners LLC would be futile, as the individual defendants are the primary agents and beneficiaries of the wrongful conduct that has harmed Halo Beauty, Inc. and Halo Beauty Partners LLC.

78.     Additionally, James Westbrook and Tati Westbrook own two-thirds of Halo Beauty, Inc. and, through Tati Halo, Inc., 66% of the Halo Beauty Partners LLC.  That ownership gives them effective control over these companies.  Their breach of fiduciary duties in favor of their own interests at the expense of Halo Beauty, Inc. and Halo Beauty Partners LLC is such that there is substantial doubt that these two directors are disinterested and independent and there is substantial doubt that the transactions challenged in this complaint are the product of a valid exercise of business judgment.

## CAUSES OF ACTION

### COUNT I:  BREACH OF FIDUCIARY DUTY

**(Derivative claim by Swanson against Tatiana Westbrook, James Westbrook and Halo Beauty, Inc.)**

79.     Plaintiff incorporates each numbered paragraph above in this count.

80.     As officers and directors of Halo Beauty, Tatiana Westbrook and James Westbrook owed fiduciary duties to the company and its shareholders.  In particular, they owed a duty of undivided loyalty to Halo Beauty and its shareholders.

81.     Defendants Tatiana Westbrook and James Westbrook knowingly acted against the interests of Halo Beauty and its shareholders by taking corporate opportunities to develop and sell

cosmetics, cosmetics products, and fragrance products and exploiting those opportunities separately.

82.     Defendants Tatiana Westbrook, James Westbrook Tati Halo, Inc. knowingly acted against the interests of Halo Beauty, Inc. and its shareholders by making irresponsible and excessive distributions in advance of this lawsuit and without the agreement of all the managing members.

83.     Halo Beauty and its disinterested shareholders did not consent to the diversion of these corporate opportunities for personal gain.

84.     Halo Beauty and its shareholders were financially harmed by these breaches of duties.

85.     Defendants' conduct was malicious and willful so as to entitle Plaintiff to punitive damages.

## COUNT II:  BREACH OF FIDUCIARY DUTY

**(Derivative claim by Swanson Global Enterprises, Inc. against Tatiana Westbrook, James Westbrook, Tati Halo, Inc., and Halo Beauty Partners LLC)**

86.     Plaintiff incorporates each numbered paragraph above in this count.

87.     As member-managers of Halo Beauty, Tatiana Westbrook and James Westbrook and their company, Tati Halo, Inc. owed fiduciary duties to Halo Beauty Partners LLC and its members.  In particular, they owed a duty of undivided loyalty to Halo Beauty Partners LLC and its members.

88.     Defendants Tatiana Westbrook, James Westbrook, and Tati Halo, Inc. knowingly acted against the interests of Halo Beauty Partners LLC and its member by taking corporate opportunities to develop and sell cosmetics, cosmetics products, and fragrance products and exploiting those opportunities separately.

89.     Defendants Tatiana Westbrook, James Westbrook, and Tati Halo, Inc. knowingly acted against the interests of Halo Beauty Partners LLC and its members by making irresponsible and excessive distributions in advance of this lawsuit and without the agreement of all the managing members.

90.     Halo Beauty Partners LLC and its disinterested members did not consent to the diversion of these corporate opportunities for personal gain.

91.     Halo Beauty Partners LLC and its disinterested members were financially harmed by these breaches of duties.

92.     Defendants' conduct was malicious and willful so as to entitle Plaintiff to punitive damages.

## COUNT III:   NEGLIGENCE

**(Derivative claim by Clark Swanson against Tatiana Westbrook, James Westbrook, and Halo Beauty, Inc.)**

93.     Plaintiffs incorporate each numbered paragraph above in this count.

94.     Defendants Tatiana Westbrook and James Westbrook had duties as officers and directors of Halo Beauty, Inc. to put the interests of Halo Beauty, Inc. above their own interests.

95.     Defendants negligently breached that duty by (a) delaying and impeding the work of Halo Beauty, Inc. in developing and launching new products; (b) delaying and impeding efforts to market current products by Halo Beauty, Inc.; (c) failing to implement corporate opportunities like the launch of Halo Beauty cosmetics products, haircare, fragrance and skincare; and (d) taking excessive and irresponsible distributions without the consent of all the member-managers and directors.

96.     Defendants breach of that duty caused financial harm to Halo Beauty, Inc. and its disinterested shareholders.

## COUNT IV:   NEGLIGENCE

**(Derivative claim by Swanson Global Enterprises, Inc. against Tatiana Westbrook, James Westbrook, Tati Halo, Inc., and Halo Beauty Partners LLC)**

97.     Plaintiffs incorporate each numbered paragraph above in this count.

98.     Defendants Tatiana Westbrook and James Westbrook and their entity, Tati Halo, Inc., had duties as managing members of Halo Beauty Partners LLC. to put the interests of Halo Beauty Partners LLC above their own interests.

99.     Defendants negligently breached that duty by (a) delaying and impeding the work of Halo Beauty Partners LLC. in developing and launching new products; (b) delaying and impeding efforts to market current products by Halo Beauty Partners LLC; (c) failing to implement corporate

opportunities like the launch of Halo Beauty cosmetics products, haircare, fragrance and skincare; and (d) taking excessive and irresponsible distributions without the consent of all the member-managers and directors.

100.    Defendants breach of that duty caused financial harm to Halo Beauty Partners LLC and its disinterested members.

## COUNT V:   GROSS NEGLIGENCE

**(Derivative claim by Clark Swanson against Tatiana Westbrook, James Westbrook, and Halo Beauty, Inc.)**

101.    Plaintiffs incorporate each numbered paragraph above in this count.

102.    Defendants Tatiana Westbrook and James Westbrook had duties as officers and directors of Halo Beauty, Inc. to put the interests of Halo Beauty, Inc. above their own interests.

103.    Defendants' conduct was an extreme departure from the ordinary standard of conduct and displayed a want of even scant care for their duties to Halo Beauty, Inc.  Defendants were grossly negligent by (a) delaying and impeding the work of Halo Beauty, Inc. in developing and launching new products; (b) delaying and impeding efforts to market current products by Halo Beauty, Inc.; (c) failing to implement corporate opportunities like the launch of Halo Beauty cosmetics products, haircare, fragrance and skincare; and (d) taking excessive and irresponsible distributions without the consent of all the member-managers and directors.

104.    Defendants' gross negligence caused financial harm to Halo Beauty, Inc. and its disinterested shareholders.

## COUNT VI:  GROSS NEGLIGENCE

**(Derivative claim by Swanson Global Enterprises, Inc. against Tatiana Westbrook, James Westbrook, Tati Halo, Inc., and Halo Beauty Partners LLC)**

105.    Plaintiffs incorporate each numbered paragraph above in this count.

106.    Defendants Tatiana Westbrook and James Westbrook and their entity, Tati Halo, Inc., had duties as managing members of Halo Beauty Partners LLC. to put the interests of Halo Beauty Partners LLC above their own interests.

107.    Defendants' conduct was an extreme departure from the ordinary standard of conduct and

1  displayed a want of even scant care for their duty of care to Halo Beauty, Inc.  Defendants were

2  grossly negligent by (a) delaying and impeding the work of Halo Beauty Partners LLC. in

3  developing and launching new products; (b) delaying and impeding efforts to market current

4  products by Halo Beauty, Inc.; (c) failing to implement corporate opportunities like the launch of

5  Halo Beauty cosmetics products, haircare, fragrance and skincare; and (d) taking excessive and

6  irresponsible distributions without the consent of all the member-managers and directors.

7  108.    Defendants' gross negligence caused financial harm to Halo Beauty Partners LLC and its

8  disinterested members.

9        **COUNT VII:   FRAUDULENT MISREPRESENTATION (FALSE PROMISE)**

10        **(By Clark Swanson directly against Tatiana Westbrook and James Westbrook)**

11  109.    Plaintiff incorporates each numbered paragraph above in this count.

12  110.    Defendants Tatiana Westbrook and James Westbrook made a promise to Clark Swanson

13  that Halo Beauty would launch additional beauty products such as cosmetics, skincare haircare

14  products and fragrances.

15  111.    Defendants intended that Mr. Swanson rely on this promise.  In reliance on this promise,

16  Mr. Swanson agreed to reduce his equity in the parties' venture from 50% to 33.33%.

17  112.    Defendants did not intend to perform on this promise.

18  113.    Plaintiff reasonably relied on Defendants' promise.

19  114.    Defendants did not perform on their promise.

20  115.    Plaintiff was and continues to be harmed by Defendants' false promise.

21  116.    Defendants' conduct was malicious and willful so as to entitle Plaintiff to punitive

22  damages.

23        **COUNT VIII:   BREACH OF CONTRACT**

24        **(By Clark Swanson and Swanson Global Enterprises, Inc. directly against Tatiana**

25        **Westbrook, James Westbrook and Tati Halo, Inc.)**

26  117.    Plaintiffs incorporate each numbered paragraph above in this count.

27  118.    Plaintiffs and Defendants entered into a contract to launch additional beauty products such

28  as cosmetics, skincare haircare products and fragrances through Halo Beauty, Inc. and Halo

1    Beauty Partners LLC.

2    119.    Plaintiffs did all, or substantially all, of the significant things required of them under

3    contract, including reducing his ownership in Halo Beauty, Inc. from 50% to 33.33% and

4    accepting ownership of 33%, not 50% of Halo Beauty Partners LLC.

5    120.    Defendants failed to perform their promise to launch additional beauty products such as

6    cosmetics, skincare and fragrances through Halo Beauty.

7    121.    Plaintiffs suffered financial harmed caused by Defendants' breach of contract, including

8    the loss of 16.33% of all distributions made to Halo Beauty, Inc. shareholders and Halo Beauty

9    Partners LLC members, as well as the loss of revenue from future Halo Beauty business.

10          **COUNT IX:   BREACH OF DUTY OF GOOD FAITH AND FAIR DEALING**

11          **(By Clark Swanson and Swanson Global Enterprises, Inc. directly against Tatiana**

12                    **Westbrook, James Westbrook and Tati Halo, Inc.)**

13   122.    Plaintiffs incorporate each numbered paragraph above in this count.

14   123.    Plaintiffs and Defendants entered into a contract to launch additional beauty products such

15   as cosmetics, skincare haircare products and fragrances through Halo Beauty, Inc. and Halo

16   Beauty Partners LLC.  That contract contains the implied covenant of good faith and fair dealing.

17   124.    Plaintiffs did all, or substantially all, of the significant things required of them under

18   contract, including reducing his ownership in Halo Beauty, Inc. from 50% to 33.33% and

19   accepting ownership of 33%, not 50% of Halo Beauty Partners LLC.

20   125.    Defendants wrongfully interfered with Plaintiffs' rights to enjoy the benefits of that

21   contract and breached the duty of good faith and fair dealing by, among other things, improperly

22   withholding consent to new product lines, new marketing,and new business opportunities for Halo

23   Beauty, and by taking excessive and unauthorized distributions.

24   126.    Plaintiffs suffered financial harmed caused by Defendants' breach of the duty of good faith

25   and fair dealing, including the loss of 16.33% of all distributions made to Halo Beauty Partners

26   LLC members and the loss of the revenue from future Halo Beauty business.

27

28

COMPLAINT

**COUNT X:   PROMISSORY ESTOPPEL**

**(By Clark Swanson and Swanson Global Enterprises, Inc. directly against Tatiana**

**Westbrook, James Westbrook and Tati Halo, Inc.)**

127.    Plaintiffs incorporate each numbered paragraph above in this count.

128.    Defendants promised Plaintiffs that Tati Westbrook would only launch additional beauty products such as cosmetics, skincare, haircare products and fragrances through Halo Beauty, Inc. and Halo Beauty Partners LLC.

129.    Plaintiff, in reliance on that promise, agreed  to reduce his ownership in the Halo Beauty enterprises from 50% to 33.33%.  Plaintiff kept his promise.

130.    Defendants broke their promise to Plaintiff with the launch of the Tati Beauty enterprise and its products.

131.    Plaintiffs suffered financial harmed as a result of that broken promise, including the loss of 16.33% of all distributions made to Halo Beauty Partners LLC members and the loss of the revenue from future Halo Beauty business.

132.    Defendants, in equity, should be estoped from breaking their promise to Plaintiffs and pay restitution for the harm they caused.

**COUNT XI:  UNJUST ENRICHMENT**

**(By Clark Swanson and Swanson Global Enterprises, Inc. directly against Tatiana**

**Westbrook, James Westbrook, Tati Halo, Inc. and Tati Cosmetics Inc)**

133.    Plaintiffs incorporate each numbered paragraph above in this count.

134.    Defendants received financial benefits at the expense of Plaintiffs.

135.    The retention of the benefits received by Defendants would be unjust.

136.    Plaintiffs were harmed by the retention of these benefits by Defendants.

**COUNT XII:  AIDING AND ABETTING BREACH OF FIDUCIARY DUTY**

**(Derivative claim by Clark Swanson against Halo Beauty, Inc. and Tati Cosmetics Inc)**

137.    Plaintiff incorporates each numbered paragraph above in this count.

138.    Halo Beauty, Inc. and its shareholders were harmed by Defendants Tatiana Westbrook and James Westbrooks' breaches of fiduciary duties, including the duty of undivided loyalty.

139.    Tati Cosmetics Inc, owned and controlled by the Westbrooks, possessed actual and constructive knowledge that the Westbrooks intended to breach their duties to Halo Beauty by launching other beauty products first.

140.    Tati Cosmetics Inc, aided and abetted Defendants Tatiana Westbrook, James Westbrook and Tati Halo, Inc.'s breaches of fiduciary duties by providing substantial support and encouragement to Defendants, including product development, marketing and sales advice and support that enabled the Defendants to breach their fiduciary duties.

141.    Tati Cosmetics Inc's assistance was a substantial factor in the harm caused to Halo Beauty, Inc.

### COUNT XIII:  AIDING AND ABETTING BREACH OF FIDUCIARY DUTY

### (Derivative claim by Swanson Global Enterprises, Inc. against Halo Beauty Partners LLC and Tati Cosmetics Inc)

142.    Plaintiff incorporates each numbered paragraph above in this count.

143.    Halo Beauty Partners LLC and its members were harmed by Defendants Tatiana Westbrook, James Westbrook and Tati Halo, Inc.'s breaches of fiduciary duties, including the duty of undivided loyalty.

144.    Tati Cosmetics Inc, owned and controlled by the Westbrooks, possessed actual and constructive knowledge that the Westbrooks intended to breach their duties to Halo Beauty by launching other beauty products first.

145.    Tati Cosmetics Inc, aided and abetted Defendants Tatiana Westbrook, James Westbrook, and Tati Halo, Inc.'s breaches of fiduciary duties by providing substantial support and encouragement to Defendants, including product development, marketing and sales advice and support that enabled the Defendants to breach their fiduciary duties.

146.    Tati Cosmetics Inc's assistance was a substantial factor in the harm caused to Halo Beauty Partners LLC.

## COUNT XIV:  AIDING AND ABETTING BREACH OF DUTY OF GOOD FAITH AND FAIR DEALING

**( By Clark Swanson and  Swanson Global Enterprises, Inc. directly against Halo Beauty Tati Cosmetics Inc)**

147.     Plaintiff incorporates each numbered paragraph above in this count.

148.     Plaintiffs and Defendants entered into a contract to launch additional beauty products such as cosmetics, skincare, haircare products and fragrances through Halo Beauty, Inc. and Halo Beauty Partners LLC.  That contract contains the implied covenant of good faith and fair dealing.

149.     Plaintiffs did all, or substantially all, of the significant things required of them under contract, including reducing his ownership in Halo Beauty, Inc. from 50% to 33.33% and accepting ownership of 33%, not 50% of Halo Beauty Partners LLC.

150.     Defendants wrongfully interfered with Plaintiffs' rights to enjoy the benefits of that contract and breached the duty of good faith and fair dealing by, among other things, improperly withholding consent to new product lines, new marketing and new business opportunities for Halo Beauty, and by taking excessive and unauthorized distributions.

151.     Tati Cosmetics Inc, owned and controlled by the Westbrooks, possessed actual and constructive knowledge that the Westbrooks intended to breach their duties to Halo Beauty by launching other beauty products first.

152.     Tati Cosmetics Inc, aided and abetted Defendants Tatiana Westbrook, James Westbrook and Tati Halo, Inc.'s breaches of the duty of good faith and fair dealing by providing substantial support and encouragement to Defendants, including product development, marketing and sales advice and support that enabled the Defendants to breach their duty of good faith and fair dealing.

153.     Tati Cosmetics Inc's assistance was a substantial factor in the harm caused to Clark Swanson and Swanson Global Enterprises, Inc.

**COUNT XV:   CONVERSION**

**(Derivative claim by Swanson Global Enterprises, LLC against Tatiana Westbrook, James Westbrook, Tati Halo, Inc. and Halo Beauty Partners LLC.)**

154.   Plaintiff incorporates each numbered paragraph above in this count.

155.   On or about October 9, 2020, Defendant James Westbrook distributed hundreds of thousands of dollars to the members of Halo Beauty Partners LLC, including substantial sums for his own benefit.

156.   The distribution was wrongful because it was made without the authorization of all of the member-managers as required by the parties' agreements and practices.

157.   Plaintiff Swanson demanded that the money be returned to the company accounts, but the demand was refused.

158.   The company and its members were harmed by this wrongful taking of property for another's benefit.

159.   This conduct was wilful and done on the eve of litigation in an attempt to devalue the company.  This conduct should give rise to punitive damages.

**RELIEF REQUESTED**

a.    Plaintiffs seeks money damages against all Defendants on all counts for which such damages may be recovered;

b.    Plaintiffs seeks punitive damages against the identified Defendants for all counts for which such damages may be recovered;

c.    Plaintiffs seeks injunctive and other equitable relief to enforce the parties' rights and agreements and to impose a constructive trust over any profits realized by Defendants owed to Plaintiffs;

d.    Plaintiffs seeks attorneys' fees and costs to the maximum extent permitted by law and contract;

e.    Plaintiffs seeks any further relief the Court deems just and necessary.

COMPLAINT

1    Dated:  October 15, 2020                   BROWN, NERI, SMITH & KHAN LLP

2                                         Nathan M. Smith

3

4                          By:          _____

5                                    Nathan M. Smith

6                                   *Attorneys for Plaintiffs*

COMPLAINT

## **DEMAND FOR JURY TRIAL**

Plaintiffs demand a jury trial on all counts so triable.

Dated:  October 15, 2020

BROWN, NERI, SMITH & KHAN LLP
Nathan M. Smith

By:  _____
Nathan M. Smith

*Attorneys for Plaintiffs*

COMPLAINT

## <u>VERIFICATION</u>

I, Clark Swanson, declare:

I am one of the Plaintiffs in the above-entitled matter.  I am also the sole shareholder and President of Plaintiff Swanson Global Enterprises Inc.  I have read the foregoing complaint and know the contents thereof.  The contents are true based on my own knowledge, except as to those matters which are therein stated on information and belief, and, as to those matters, I believe it to be true.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on October 15, 2020, at Clark County, Nevada.

_____

Clark Swanson Individually and as President of Swanson Global Enterprises Inc

1

*RJN APPENDIX B*

## **Appendix B**

**1.**

https://www.youtube.com/watch?v=XbaJ1JsBWQE&feature=youtu.be

**2.**

https://www.nbcnews.com/news/us-news/cancelling-james-charles-beauty-youtuber-loses-3-million-subscribers-weekend-n1005131

**3.**

https://www.bing.com/videos/search?q=no+more+lies+charles&docid=60801738352226086&mid+4F73704657427837F8444F73704657427837F844+detail&FORM+VIRE

**4.**

https://www.cnn.com/2019/05/18/entertainment/james-charles-tati-westbrook-trnd/index.html

https://www.newsweek.com/youtuber-pewdiepie-doesnt-get-backlash-against-james-charles-i-dont-think-1423347#:~:text=PewDiePie%2C%20the%20YouTube%20creator%20with%20the%20second-most%20subscriptions%2C,While%20the%20video%20may%20lead%20viewers%20into%20

**5.**

https://www.youtube.com/watch?v=3m4mF9-7L-Y

(https://www.youtube.com/watch?v=8HuJ5Kj_PPk&feature=youtu.be)

**6.**

BuzzFeed News, *There's No One To Root For In The James Charles Beauty YouTuber Drama* (May 15, 2019) ((*https://www.buzzfeednews.com/article/alessadominguez/james-charles-tati-westbrook-beauty-youtuber-fallout*)

KQED, *On The Thinly Veiled Homophobia In Tati Westbrook's James Charles Video* (May 13, 2019) (https://www.kqed.org/pop/111743/on-the-thinly-veiled-homophobia-in-tati-westbrooks-james-charles-video)

**7.**

Insider.com, *One year after the beauty YouTuber war burned their community to the ground, new battle lines have been drawn between the growing stars that started it all* (May 20, 2020) *https://www.insider.com/jeffree-star-james-charles-dramageddon-2-tati-westbrook-2020-5*

**8.**

*Breaking My Silence*:  https://www.youtube.com/watch?v=1aIYkgTcHBw

**9.**

https://knowyourmeme.com/memes/events/karmageddon

**10.**

https://www.youtube.com/watch?v=nEg_jO1sTgg

**11.**

https://www.youtube.com/watch?v=VkEotHackso&feature=youtu.behttps%3A%2F%2Fwww.yo
utube.com%2Fwatch%3Fv%3DVkEotHackso&feature=youtu.be&app=desktop

**12.**

https://www.youtube.com/watch?v=Ke2-yXDyCKk&t=361s

**13.**

https://www.youtube.com/watch?v=1aIYkgTcHBw&app=desktop