THE HONORABLE BARBARA JACOBS ROTHSTEIN

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TATIANA WESTBROOK, an individual; JAMES WESTBROOK, an individual; HALO BEAUTY PARTNERS, LLC, a Nevada Limited Liability Company,<br><br>Plaintiffs,<br><br>v.<br><br>KATIE JOY PAULSON, an individual; WITHOUT A CRYSTAL BALL, LLC, a Minnesota Limited Liability Company; and DOES 1 through 100, inclusive,<br><br>Defendants. | NO. 2:20-cv-01606-BJR<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANTS' REQUEST FOR JUDICIAL NOTICE SUBMITTED IN CONJUNCTION WITH DEFENDANTS' MOTION TO DISMISS** |

**PLAINTIFFS' OPPOSITION TO DEFENDANTS' REQUEST FOR JUDICIAL NOTICE -1**
(2:20-CV-01606-BJR)

**CARROLL, BIDDLE, & BILANKO, PLLC**
1000 2nd Avenue, Suite 3100
Seattle, WA 98104

## I. INTRODUCTION

Defendants have filed a separate Request for Judicial Notice in addition to their Motion to Dismiss Plaintiffs' Complaint in an attempt to rewrite the facts of this case and insert characters who have nothing to do with the allegations regarding Defendants defaming Plaintiffs Tatiana Westbrook ("Tati"), James Westbrook ("James"), and Halo Beauty Partners, LLC ("Halo") through over 80 videos and over 100 social media postings.[1]

The vast majority of the facts portion of Defendants' Motion relies upon citations to Defendants' Appendix contained within Defendants' Request for Judicial Notice. As explained below, Defendants' Appendix is comprised of two sections: Appendix A, which is a Los Angeles Superior Court Complaint, and Appendix B, a series of unnamed links to websites and videos, none of which have anything to do with the causes of action in Plaintiffs' Complaint.

Plaintiffs hereby oppose Defendants' Request for Judicial Notice as: 1) Defendants fail to meet their burden of establishing how any of the documents requested satisfy either of the legal standards set forth in Federal Rule of Evidence 201; 2) Defendants' Request for Judicial Notice of news articles is improper under Federal Rule of Evidence 201; and 3) Defendants' Request for Judicial Notice of YouTube videos is improper under Federal Rule of Evidence 201.

## II. LEGAL STANDARD

Federal Rule of Evidence 201 states that a Court may take judicial notice of an "adjudicative fact" that is not subject to reasonable dispute because it:

"(1) is generally known within the trial court's territorial jurisdiction; or

(2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."[2]

Defendants' Request for Judicial Notice has failed to meet the burden of establishing which element under Federal Rule of Evidence 201 Defendants are requesting judicial notice. It

---

[1] See Decl. J. Westbrook, ¶ 15.
[2] Fed. R. Evid. 201 (b).

| | |
|---|---|
| **PLAINTIFFS' OPPOSITION TO DEFENDANTS' REQUEST FOR JUDICIAL NOTICE -2** (2:20-CV-01606-BJR) | **CARROLL, BIDDLE, & BILANKO, PLLC** 1000 2nd Avenue, Suite 3100 Seattle, WA  98104 |

is Defendants' burden to meet this requirement, as it is Defendants who are requesting that the Court take judicial notice of certain facts.[3] It is unclear whether Defendants are requesting that the Court take judicial notice of "adjudicative facts" under either Fed. R. Evid. 201(b)(1) or Fed. R. Evid. 201(b)(2), or pursuant to any part of the rule whatsoever.

Nowhere in the Request do Defendants submit any citation to the rule by which Defendants are requesting judicial notice pursuant to the Rules of Evidence. Nor do Defendants state that such Request for Judicial Notice is proper pursuant to Fed. R. Evid. 201(b). The failure to meet this burden renders the Request fatal.[4]

As addressed below, Defendants' Request for Judicial Notice is both improper and misleading.

### III.  THE DOCUMENTS REQUESTED ARE NOT PROPER FOR JUDICIAL NOTICE AS A MATTER OF LAW

Defendants improperly seek judicial notice of the contents of: 1) Appendix A, which is a Los Angeles Superior Court complaint; and 2) Appendix B, which Defendants state are YouTube videos, but are actually news articles and unauthenticated YouTube videos.[5]

### A. DEFENDANTS' REQUEST FOR JUDICIAL NOTICE OF APPENDIX A IS IMPROPER AS DEFENDANTS' CLAIM THEY ARE REQUESTING JUDICIAL NOTICE OF THE DOCUMENT SOLELY FOR THE PURPOSE OF RECOGNIZING THE EXISTENCE OF THE COMPLAINT, YET SEEK TO HAVE THE COURT RECOGNIZE THE CONTENTS, AND EVEN MISSTATE THE CONTENTS OF THE DOCUMENT

Defendants first request that the Court take judicial notice of Appendix A, which is the Complaint on file in the Los Angeles Superior Court in *Swanson, et al., v. Halo Beauty, Inc., et al*, 20SMCV01573. Defendants claim that the request for judicial notice is solely for "the

---

[3] *See* Fed. R. Evid. 201(c)(2).
[4] *See id.*
[5] No foundation has been laid for requesting judicial notice of the content of the articles or videos.

| | |
|---|---|
| **PLAINTIFFS' OPPOSITION TO DEFENDANTS' REQUEST FOR JUDICIAL NOTICE -3** (2:20-CV-01606-BJR) | **CARROLL, BIDDLE, & BILANKO, PLLC** 1000 2nd Avenue, Suite 3100 Seattle, WA  98104 |

purpose of recognizing the fact of the pleading and its contents." Defendants state that they are not asking this Court to take judicial notice of the truth of anything contained in the complaint.[6]

### 1. Defendants Rely on Statements Contained in the *Swanson* Complaint

Defendants rely on statements contained in the *Swanson* Complaint as truth in several portions of their Motion. See, for example, page 2 of the Motion, regarding the "sworn" contents of the Swanson Complaint; page 7 of the Motion, stating, "What followed was widespread media coverage of Swanson's claims, in particular the fraud allegations and the *evidence* of Ms. Westbrook's cynical contempt for her customers and fans."[7] Contrary to the statements in their Request for Judicial Notice, Defendants also rely on the following statement as a basis for jurisdictional arguments in their Motion: "their business partner Clark Swanson, under penalty of perjury in his verified complaint in Los Angeles County Superior Court, stated that the Westbrooks 'resided in Los Angeles County and were citizens of California *from 2016 through the filing of his complaint, in October 2020*."[8]

### 2. Defendants Rely Upon Statements Purportedly Contained in the *Swanson* Complaint, But in Actuality Are Nowhere To Be Found Therein

The Motion also relies on statements purportedly made in the *Swanson* Complaint, but in actuality are nowhere to be found in said complaint. For instance, Defendants state: "[j]ust days after Defendants broke the story of Swanson's **$5 million suit** against the Westbrooks, the

---

[6] *See* Defs.' Request for Judicial Notice, Dkt. no. 16, at 1 (citing *Papai v. Harbor Tug & Barge Co.*, 67 F. 3d. 203, 207 n.5 (9th Cir. 1995)).
[7] Emphasis added.
[8] See Defs. Motion, Dkt. no. 17, at 15 (emphasis in original). Though this statement was made under penalty of perjury in the *Swanson* Complaint, it is knowingly patently false, and it has been proffered in bad faith by Defendants and Defense Counsel. Decl. J. Westbrook, ¶¶ 17-18. To be certain, Defendants knew that the information in the *Swanson* Complaint was false at the time that it was filed. Just a month prior to the filing of said Complaint, Defendants published a video covering the sale of the Westbrooks' Los Angeles property wherein Ms. Paulson states that the Westbrooks had moved to Seattle a long while prior to said sale. Prior to said video, Ms. Paulson published another video in June 2019 wherein she showed her viewers documents establishing that Ms. Paulson knew the Westbrooks lived in Washington as far back as June 2019. Decl. J. Westbrook, ¶18. As such, Ms. Paulson was well aware that the allegations in the *Swanson* Complaint were false at the time the *Swanson* complaint was filed.

**PLAINTIFFS' OPPOSITION TO DEFENDANTS' REQUEST FOR JUDICIAL NOTICE -4**
(2:20-CV-01606-BJR)

**CARROLL, BIDDLE, & BILANKO, PLLC**
1000 2nd Avenue, Suite 3100
Seattle, WA  98104

Westbrooks—seeking to deflect attention from those allegations and that **$5 million claim**....”[9] However, nowhere in the *Swanson* complaint does it state that it is a $5 million claim.

Plaintiffs do not dispute the existence of the *Swanson* Complaint. However, Plaintiffs do dispute the veracity of the statements contained therein.[10] As such statements are not subject to being determined accurately and readily from sources whose accuracy cannot reasonably be questioned, the truth of the contents of said Complaint are not proper subject matter for this Court to take judicial notice.[11]

    3. **Defendants Knew Statements Regarding the Westbrooks Residency Contained in the *Swanson* Complaint Were False, Yet Rely Upon Such False Statements in Bad Faith**

The *Swanson* Complaint states under penalty of perjury that Mr. and Mrs. Westbrook are residents of California.[12] Defendants then rely upon this statement as a basis for jurisdictional arguments in their Motion.[13]

This statement is knowingly false. Counsel knew it to be false at the time it was made and thus proffered such argument in bad faith and in breach of his duty of candor as an officer of the Court. Counsel then attempted to "support" this statement with his own findings from Mrs. Westbrook's social media in order to somehow evidence that Mrs. Westbrook lives in California (she does not), but failed to disclose that Mrs. Westbrook' social media account has published pictures of Mrs. Westbrook in the exact same Seattle location as early as February 2019 that he contends do not exist prior to December 2019.[14] The failure to disclose such earlier postings in light of the arguments being made by Defendants indicates that Mr. Brown's presentation and use of the evidence in his declaration is being proffered for the purpose of misleading the Court about a fact Defendants know to be false.

---

[9] *See* Defs.' Mot., Dkt. no. 17, at 7. (emphasis added.)
[10] *See* Decl. J. Westbrook, ¶¶ 17-18.
[11] Fed. R. Evid. 201 (b).
[12] *See* Def's Appendix A, ¶ 4.
[13] *See* Motion, p. 15.
[14] *See* Decl. T. Westbrook, ¶ 9.

| | |
|---|---|
| **PLAINTIFFS' OPPOSITION TO DEFENDANTS' REQUEST FOR JUDICIAL NOTICE -5** (2:20-CV-01606-BJR) | **CARROLL, BIDDLE, & BILANKO, PLLC** 1000 2nd Avenue, Suite 3100 Seattle, WA 98104 |

Because this testimony is inexplicably included in Mr. Brown's declaration[15] and not Ms. Paulson's, the testimony of Mr. Brown carries with it the heightened duty of candor with the court as an officer of the court. The subject social media posting was proffered by Mr. Brown to argue that Mrs. Westbrook's social media failed to indicate a connection to living in Washington prior to December 2019.[16]

Additionally, Defendants also knew Mr. Swanson's statement regarding California residence to be false well before the filing of the Swanson complaint, yet nonetheless rely upon such knowingly false statement in their Motion. For instance, after the publication of the defamatory Patheos article, Ms. Paulson published a video named: "Sephora Arrived at My House! And I'll Answer Questions Too!" on May 31, 2019 on her YouTube channel wherein she describes in detail some of the research she did on Plaintiffs, including her thorough search of Washington State court, and other public records.[17] Just days after publishing said video, Ms. Paulson published another video on June 2, 2019 entitled "The Past James & Tati Westbrook Dont [sic] want you to Know." In displaying some of her research in said video, Ms. Paulson showed a screenshot of then recently-filed corporate public records of a company with which Mr. and Mrs. Westbrook are involved that disclosed an address in Washington State as their legal domicile.[18] As such, Ms. Paulson has published that she was on direct notice at the time she wrote her Patheos article, had performed all of her research on Mr. and Mrs. Westbrook, and made them and their family members the target of well over 100+ videos, tweets, articles, and

---

[15] Federal Rule of Civil Procedure Rule 11(b) provides in pertinent part that: "[b]y presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney… certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances… (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information."

[16] Brown Decl. ¶ 6.

[17] *See* Decl. T. Westbrook, ¶ 11.

[18] *See* Decl. J. Westbrook, ¶ 18.

PLAINTIFFS' OPPOSITION TO DEFENDANTS' REQUEST FOR JUDICIAL NOTICE -6
(2:20-CV-01606-BJR)

CARROLL, BIDDLE, & BILANKO, PLLC
1000 2nd Avenue, Suite 3100
Seattle, WA  98104

other internet postings.[19] These videos are expressly identified as being crucial evidence of defamation and harassment in Plaintiffs' Complaint,[20] and it is difficult to imagine that Defendants' lawyer would not have viewed said videos made by his own client.

As such, Defendants and their Counsel are intentionally attempting to mislead this Court by now relying upon such false statements as to Mr. and Mrs. Westbrooks' state of domicile at the time Defendants targeted Plaintiffs with their conduct alleged in the operative Complaint.[21]

### B. APPENDIX B IS MISLEADING AS IT OSTENSIBLY REQUESTS JUDICIAL NOTICE OF VIDEOS, YET *ACTUALLY* REQUESTS JUDICIAL NOTICE OF WEBPAGES AS WELL

"Judicial notice is reserved for matters 'generally known within the territorial jurisdiction of the trial court' or 'capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.'" [22] A "high degree of indisputability" is generally required to justify judicial notice.[23] "Moreover, judicial notice is only appropriate for 'adjudicative facts' that are 'not subject to reasonable dispute.'"[24]

Here, Defendants have requested that the Court take judicial notice of Appendix B, which Defendants claim is a "list of web links to videos posted on YouTube.com."[25] However, a review of Appendix B reveals that numerous links are not actually videos at all. For instance, the following items in Appendix B are not YouTube videos, thus rendering such request for judicial notice misleading and fatally defective:

---

[19] *See, e.g.*, Decl. J. Westbrook. ¶ 15.
[20] *See* Compl., Dkt. no. 1, at ¶¶ 20-26.
[21] Decl J. Westbrook. ¶ 11-12.
[22] *Jespersen v. Harrah's Operating Co., Inc*., 444 F.3d 1104, 1110 (9th Cir.2006) (en banc) (quoting Fed. R. Evid. 201).
[23] *Id.* (quoting Fed. R. Evid. 201 advisory committee's note).
[24] *Holy Ghost Revival Ministries v. City of Marysville*, 98 F. Supp. 3d 1153, 1162-1163 (W.D. Wash. 2015) (quoting Fed. R. Evid. 201(a),(b)) (denying request for judicial notice of transcripts, emails, reports, letters, and print-outs of internet websites.)
[25] *See* Defs.' Request for Judicial Notice, Dkt. no. 16.

PLAINTIFFS' OPPOSITION TO DEFENDANTS' REQUEST FOR JUDICIAL NOTICE -7
(2:20-CV-01606-BJR)

CARROLL, BIDDLE, & BILANKO, PLLC
1000 2nd Avenue, Suite 3100
Seattle, WA  98104

**2.**[26]

https://www.nbcnews.com/news/us-news/cancelling-james-charles-beauty-youtuber-loses-3-million-subscribers-weekend-n1005131

**3.**[27]

https://www.bing.com/videos/search?q=no+more+lies+charles&docid=60801738352226086&mid+4F73704657427837F8444F73704657427837F844+detail&FORM+VIRE

**4.**[28]

https://www.cnn.com/2019/05/18/entertainment/james-charles-tati-westbrook-trnd/index.html

https://www.newsweek.com/youtuber-pewdiepie-doesnt-get-backlash-against-james-charles-idont-think
1423347#:~:text=PewDiePie%2C%20the%20YouTube%20creator%20with%20the%20secondmost%20subscriptions%2C,While%20the%20video%20may%20lead%20viewers%20into%20

**6.**[29]

BuzzFeed News, *There's No One To Root For In The James Charles Beauty YouTuber Drama* (May 15, 2019) ((*https://www.buzzfeednews.com/article/alessadominguez/james-charles-tatiwestbrook- beauty-youtuber-fallout*)

KQED, *On The Thinly Veiled Homophobia In Tati Westbrook's James Charles Video* (May 13, 2019) (https://www.kqed.org/pop/111743/on-the-thinly-veiled-homophobia-in-tati-westbrooksjames-charles-video)

**7.**[30]

Insider.com, *One year after the beauty YouTuber war burned their community to the ground, new battle lines have been drawn between the growing stars that started it all* (May 20, 2020) *https://www.insider.com/jeffree-star-james-charles-dramageddon-2-tati-westbrook-2020*

**9.**[31]

https://knowyourmeme.com/memes/events/karmageddon

Further, Courts generally deny requests to take judicial notice of extrinsic documents, including but not limited to: text messaging applications, unverified websites, conversations, and newspaper articles as being not proper under Rule 201(b).[32]

---

[26] The purported contents of this article are relied upon in the facts section of Defendants' Motion at p.4:8-10.
[27] The purported contents of this article are relied upon in the facts section of Defendants' Motion at page 4:10-13.
[28] The purported contents of this article are relied upon in the facts section of Defendants' Motion at page 4:8-19.
[29] The purported contents of this article are relied upon in the facts section of Defendants' Motion at page 4:18-27.
[30] The purported contents of this article are relied upon in the facts section of Defendants' Motion at page 4:25-35.
[31] The purported contents of this article are relied upon in the facts section of Defendants' Motion at page 5:1-3.

Because the United States Court of Appeals for the Ninth Circuit has explained that a court may take judicial notice of publications to indicate what was in the public domain, but not whether the content of the publications is true,[33] courts have held that "to the extent the court can take judicial notice of press releases and news articles, it can do so only to 'indicate what was in the public realm at the time, not whether the contents of those articles were in fact true.'"[34]

Here, Defendants have failed to demonstrate how the articles meet the requirements of Rule 201. Consequently, judicial notice should be denied.[35]

### C. DEFENDANTS IMPROPERLY CITE TO UNSPECIFIED LINKS TO VIDEOS IN APPENDIX B, WHICH ARE NOT THE PROPER SUBJECT OF JUDICIAL NOTICE

The balance of Appendix B cites to videos, which are not the proper subject for judicial notice. The case law cited by Defendants applies only to judicial notice of *written* publications, not videos – or even links to news articles for that matter.[36] Moreover, Defendants' reliance on *Olson v. California*, 2020 U.S. Dist. LEXIS 34710, *10-11 (C.D. Cal. Feb. 10, 2020) is similarly

---

[32] *See Hunichen v. Atonomi LLC*, 2020 U.S. Dist. LEXIS 220522, *18 (W.D. Wash. October 5, 2020); *See also Igbonwa v. Facebook, Inc.,* 2018 WL 4907632, at *3, n. 5 (N.D. Cal., Oct. 9, 2018) (refusing various articles as to the issue of whether Facebook and Mark Zuckerberg are "publishers" because neither requirement of Rule 201 is satisfied); *Vinson v. Cal. Dept. of Corr. & Rehab.,* 2014 WL 4594208, at *2 (N.D. Cal., Sept. 15, 2014) (refusing Los Angeles Times and ContraCostaTimes.com articles under Rule 201); *Goodfellow v. Ahren*, 2014 WL 1248238, at *4 (N.D. Cal., Mar. 26, 2014) (refusing an Associated Press article as not "subject to judicial notice pursuant to Rule 201 of the Federal Rules of Evidence); *Brockington v. J.P. Morgan Chase Bank, N.A.,* 2009 WL 1916690, at *7 (N.D. Cal., July 1, 2009) (denying judicial notice of an article as not proper under Rule 201(b)); *Ekdahl v. Ayers*, 2008 WL 4344314, at *3 (N.D. Cal., Sept. 22, 2008) (denying judicial notice of two articles "because the articles and statements therein do not qualify for judicial notice under Rule 201."). See generally *Planet Drum Foundation v. Hart*, 2017 WL 4236932, at *5, n. 6 (N.D. Cal., Sept. 24, 2017) (refusing Wikipedia page under Rule 201, noting "[n]umerous courts have held that Wikipedia pages are not sufficiently reliable to meet the requirement of Rule 201(b)(2).) (citations omitted).
[33] *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 960 (9th Cir. 2010).
[34] *Spitzer v. Aljoe*, 2016 WL 3275148, at *4 (N.D. Cal., June 15, 2016) (citing *Von Saher*).
[35] See *Gee How Oak Tin Nat'l Benev. Assoc. v. Gee How Oak Tin Assoc. of North America, Inc.*, 2013 WL 1191264, at *2 (N.D. Cal., Mar. 21, 2013) ("Plaintiff has not explained how any of the documents meet this standard. The Court does not take judicial notice of any of these documents.").
[36] See *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592, F. 3d 954, 960 (9th Cir. 2010) (stating judicial notice was appropriate for "news articles," not *links* to "news articles.")

misplaced. In *Olson*, the Court granted the request for judicial notice of ***documentary*** evidence "as those *documents*' [whose] existence cannot reasonably be disputed."[37]

Additionally, this district has determined that **a Court <u>may not</u> take judicial notice of YouTube videos** and photographs because there was reasonable dispute concerning the substance and authenticity of such evidence.[38]

Here, Defendants not only improperly request judicial notice of videos without proper authentication, but also rely on the contents of the videos, many of which have been made by unreliable and disinterested third parties, as a basis for many of the irrelevant statements contained in Defendants' Motion to Dismiss. As stated above, it is well established that the videos themselves, as well as the content therein, are not the proper subject of judicial notice.

The content appears to largely contain the uninformed and irrelevant personal opinions of individuals of which there is no evidence submitted to qualify their opinions as having any credibility, be given any weight, or to otherwise provide any sense of reliability in the method in which the opinions were formulated. Rather, the videos appear to contain nothing more than a motley group of gossips attempting to build a monument to the Gods of speculation. It is the contents of these videos which Defendants are now attempting to ask this Court to accept as indisputable fact. This, the court is forbidden to do.

Defendants lack any evidentiary basis for the vast majority of statements contained in their fact section of their moving papers. *To wit*, no one has testified as to anything contained in any of these videos, let alone as to their authenticity. Thus, Defendants' facts section is entirely reliant upon the Court reviewing hours of footage of people of unknown credibility, motive, education, and bias about matters upon which they have no verifiable expertise or personal knowledge in order to provide ill-conceived opinions (*See, e.g.*, Appendix B.12 link to Trisha

---

[37] *Id*. (Emphasis added.)
[38] *See Point Ruston, LLC v. Pac. Northwest Reg'l Council of the United Bhd. Of Carpenters & Joiners of Am*., 658 F.Supp.2d 1266 (W.D. Wash. 2009).

**PLAINTIFFS' OPPOSITION TO DEFENDANTS' REQUEST FOR JUDICIAL NOTICE -10** (2:20-CV-01606-BJR)

**CARROLL, BIDDLE, & BILANKO, PLLC**
1000 2nd Avenue, Suite 3100
Seattle, WA  98104

Paytas[39] YouTube video) about matters over which they have no personal knowledge and/or particular training.

Quite literally, none the subject matter for which Defendants seek judicial notice meets the standards of Fed. R. Evid. 201 in the Appendix. Therefore, Defendants' Request for Judicial Notice is improper.

The following items in Appendix B are the links to the YouTube videos that Defendants cite and *rely upon* in their Motion to Dismiss: thus rendering such Request for Judicial Notice misleading and defective, and the facts stated in the Motion to Dismiss subject to being stricken:

**1.**[40]
https://www.youtube.com/watch?v=XbaJ1JsBWQE&feature=youtu.be

**5.**[41]
https://www.youtube.com/watch?v=3m4mF9-7L-Y
(https://www.youtube.com/watch?v=8HuJ5Kj_PPk&feature=youtu.be)

**8.**[42]

*Breaking My Silence*: https://www.youtube.com/watch?v=1aIYkgTcHBw

**10.**[43]
https://www.youtube.com/watch?v=nEg_jO1sTgg

**11.**[44]
https://www.youtube.com/watch?v=VkEotHackso&feature=youtu.behttps%3A%2F%2Fwww.youtube.com%2Fwatch%3Fv%3DVkEotHackso&feature=youtu.be&app=desktop

---

[39] Trisha Paytas is apparently an internet adult entertainer, whose purported statements in a video have no bearing on whether the Westbrooks and Halo Beauty Partners, LLC were defamed by Defendants. Defendants and its Counsel's attempt to include such video into the record of this case has been done in bad faith.
[40] The purported contents of this video are relied upon in the facts section of Defendants' Motion at page 3:27-4:6.
[41] The purported contents of this video are relied upon in the facts action of Defendants' Motion at page 4:13:26.
[42] The purported contents of this video are relied upon in the facts section of Defendants' Motion at pages 4:3-6, 4:32-5:3, 5:4-22.
[43] The purported contents of this video are relied upon in the facts section of Defendants' Motion at page 6:5-13.
[44] The purported contents of this video are relied upon in the facts section of Defendants' Motion at page 6:8-22.

| PLAINTIFFS' OPPOSITION TO DEFENDANTS' REQUEST FOR JUDICIAL NOTICE -11 (2:20-CV-01606-BJR) | **CARROLL, BIDDLE, & BILANKO, PLLC**<br>1000 2nd Avenue, Suite 3100<br>Seattle, WA  98104 |
|---|---|

**12.**[45]

https://www.youtube.com/watch?v=Ke2-yXDyCKk&t=361s

**13.**

https://www.youtube.com/watch?v=1aIYkgTcHBw&app=desktop

D. **BECAUSE THE FACTS SECTION IS ENTIRELY RELIANT UPON ITEMS UPON WHICH DEFENDANTS HAVE IMPROPERLY REQUESTED JUDICIAL NOTICE, THE ENTIRE FACTS SECTION IS IMPROPER AND THEREFORE SHOULD BE STRICKEN**

Defendants have failed to lay any foundation as to why any of the items attached to the Request for Judicial Notice are subject to judicial notice. Defendants have failed to attach news articles as exhibits, and are attempting to mislead the Court as to the nature of the "facts." The facts section of Defendants' Motion is not based on "facts" – only opinions of third parties with no interest in the claims at issue.

There is no description or even minimal reference for each video or article in the Request for Judicial Notice. One must access each link to determine whether it is valid. The videos and articles have not been properly authenticated for purposes of judicial notice, nor are they the proper subject for judicial notice. As such, Appendix B should be summarily disregarded. Plaintiffs respectfully request that Defendants' fact section should be stricken to the extent it improperly relies upon documents and content identified in Defendants' Request for Judicial Notice and evidence that is not properly before the Court.

IV. **CONCLUSION**

Based upon the foregoing, Plaintiffs respectfully request that this Court deny Defendants' Request for Judicial Notice, and that it strike any and all portions of Defendants' Motion to Dismiss that are reliant upon the items identified in Defendants' Appendix "A" and "B".

---

[45] The purported contents of this video are relied upon in the facts section of Defendants' Motion at page 6:15-22.

| | |
|---|---|
| **PLAINTIFFS' OPPOSITION TO DEFENDANTS' REQUEST FOR JUDICIAL NOTICE -12** (2:20-CV-01606-BJR) | **CARROLL, BIDDLE, & BILANKO, PLLC** 1000 2nd Avenue, Suite 3100 Seattle, WA 98104 |

1  Dated: December 23, 2020

2                                     CARROLL, BIDDLE, & BILANKO, PLLC

3                       By:    */s/ Jeffrey E. Bilanko*
                               Jeffrey E. Bilanko, WSBA 38829

4
                            */s/ Susan K. Kaplan*

5                             Susan K. Kaplan, WSBA 40985

6                             Carroll, Biddle, & Bilanko, PLLC
                            1000 2nd Avenue, Suite 3100

7                             Seattle, WA 98104
                            Phone: (206) 338-1496

8                             Tel.: (206) 338-1518
                            Email: jbilanko@cbblegal.com

9                             Email: skaplan@cbblegal.com

10                            Attorneys for Plaintiffs

11                      JACOBSON, RUSSELL, SALTZ, &
                     NASSIM & DE LA TORRE LLP

12

13                      By:    */s/ Michael J. Saltz*
                               Michael J. Saltz

14
                   By:    */s/ Elana R. Levine*

15                              Elana R. Levine

16                    JACOBSON, RUSSELL, SALTZ, &
                     NASSIM & DE LA TORRE LLP

17                    1880 Century Park East, Suite 900
                   Los Angeles, CA  90067

18                    Telephone: (310) 446-9900
                   Facsimile: (310) 446-9909

19                    Email: msaltz@jrsnd.com

20                    Email: lani@jrsnd.com
                   Attorneys for Plaintiffs

21                    *Admitted pro hac vice*

22

23

24

25

26

**PLAINTIFFS' OPPOSITION TO DEFENDANTS' REQUEST FOR JUDICIAL NOTICE -13**
(2:20-CV-01606-BJR)

                    **CARROLL, BIDDLE, & BILANKO, PLLC**
                         1000 2nd Avenue, Suite 3100
                              Seattle, WA  98104

# CERTIFICATE OF SERVICE

The undersigned declares under penalty of perjury under the laws of the State of Washington that on this day a true and accurate copy of the document to which this declaration is affixed was filed with the above-entitled Court through CM/ECF and was sent as indicated below on this day, to:

**Attorneys for Defendants**:
Michael P. Brown
Gordon Tilden Thomas & Cordell LLP
600 University Street, Suite 2915
Seattle, WA 98101
Tel.: (206) 467-6477

☐ U.S. Mail Postage Prepaid
☒ CM/ECF
☐ Hand Delivery
☐ Email: mbrown@gordontilden.com

cc: cswanson@gordontilden.com

DATED this 23rd day of December, 2020.

*/s/ Elana R. Levine*

**PLAINTIFFS' OPPOSITION TO DEFENDANTS' REQUEST FOR JUDICIAL NOTICE -14**
(2:20-CV-01606-BJR)

**CARROLL, BIDDLE, & BILANKO, PLLC**
1000 2nd Avenue, Suite 3100
Seattle, WA  98104