THE HONORABLE BARBARA J. ROTHSTEIN

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

TATIANA WESTBROOK, an individual; JAMES WESTBROOK, an individual; HALO BEAUTY PARTNERS, LLC, a Nevada Limited Liability Company,

Plaintiffs,

v.

KATIE JOY PAULSON, an individual; WITHOUT A CRYSTAL BALL, LLC, a Minnesota Limited Liability Company; and DOES 1 through 100, inclusive,

Defendants.

NO. 2:20-cv-01606-BJR

**JOINT STATUS REPORT AND DISCOVERY PLAN**

The Parties conducted a Federal Rule of Civil Procedure 26(f) conference on December 18, 2020.  Pursuant to Federal Rule of Civil Procedure 26(f) and Local Civil Rule 26(f), the Parties submit this Joint Status Report and Discovery Plan.

**1. Discovery Plan pursuant to FRCP 26(f)(3).**

    **A. Initial disclosures**

The Parties are filing a stipulation and proposed order to stay discovery, including the requirement for exchange of initial disclosures, pending the Court's decision on Defendants' Motion to Dismiss.  That Stipulation and Proposed Order will include an exception that will

permit Plaintiffs to issue subpoenas for Lori Ann Barnhart's social media and internet content as well as her communications with Defendants that they believe may be lost in the absence of such subpoenas. If Defendants' Motion to Dismiss on the grounds of a lack of personal jurisdiction is denied, the Parties agree to exchange initial disclosures within 14 days after the Court's denial of the motion.

### B.  Subjects, timing, and potential phasing of discovery

The Parties presently do not seek to conduct discovery in phases.  The Parties anticipate discovery on the subjects related to the claims asserted by Plaintiffs in the Complaint as well as discovery related to any defenses raised by Defendants.  The Parties propose that discovery be completed 60 days before the trial date.

### C.  Electronically stored information ("ESI")

The Parties have agreed to use the Model Protocol for the Discovery of ESI.  The Court also has signed a Stipulated Order (Dkt. no. 26) regarding the preservation of certain electronically-stored information.

### D.  Privilege issues

The Parties agree that, pursuant to FRCP 26(b)(5)(A), any claims of applicable privilege or protection will be made at the time of production and be accompanied by a privilege log that includes the privilege asserted, the date and description of the document, and the name and title of the author(s) and recipient(s).

The Parties also agree that, pursuant to FRCP 26(b)(5)(B), if information produced in discovery is subject to a claim of privilege or of protection as trial-preparation material, the party making the claim may notify any party that received the information of the claim and the basis for it.  After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before

being notified; and may promptly present the information to the court under seal for a determination of the claim. The producing party must preserve the information until the claim is resolved.

### E. Limitations on discovery

The Parties agree that the Federal Rules of Civil Procedure and Local Civil Rules provide sufficient limitations on discovery and no additional limitations are needed or requested. In addition, the Parties contemplate that significant additional time than permitted by the Federal Rules of Civil Procedure and Local Civil Rules will be necessary to depose Defendants in this matter due to the quantity and length of videos and other content created by Defendants that are relevant to the claims and defenses in this case.

### F. Need for any discovery related orders

The Parties anticipate the need for a discovery order expanding the time allowed for Defendants' depositions. As described above, the Parties have filed a stipulation and proposed order for a stay of discovery pending the Court's decision on Defendants' Motion to Dismiss. The Parties do not anticipate any need for additional discovery-related orders at this time.

## 2. The parties' views, proposals, and agreements pursuant to LCR 26(f)(1)

### A. Prompt case resolution

The Parties may file dispositive motions to eliminate or narrow the issues for trial.

### B. Alternate dispute resolution

The Parties agree that mediation is an appropriate ADR method. The Parties further agree to use best efforts to attempt ADR by 60 days before date of trial.

### C. Related cases

There are no related cases.

### D. Discovery management

**JOINT STATUS REPORT AND DISCOVERY PLAN - 3**
(2:20-CV-01606-BJR)

**CARROLL, BIDDLE, & BILANKO, PLLC**
1000 2nd Avenue, Suite 3100
Seattle, WA 98104

The Parties have agreed to work cooperatively in discovery to minimize discovery-related expenses where possible. The Court also has issued a Standing Order that sets forth the process for Parties to manage discovery disputes. The Parties have no other proposals for discovery management at this time.

### E. Anticipated discovery sought

The Parties anticipate discovery related to the claims asserted by Plaintiffs in the Complaint and defenses raised by Defendants. See paragraph 1(B) above.

### F. Phasing motions

The Parties do not propose any phasing of anticipated motions at this time.

### G. Preliminary issues relating to the preservation of discoverable information

The Parties agree to take reasonable and proportional steps to preserve potentially relevant information relating to the claims and defenses in this case. In addition, the Court has signed a Stipulated Order (Dkt. no. 26) regarding the preservation of certain discoverable information.

### H. Privilege issues/procedures

Given the nature of the dispute, privilege issues may arise regarding whether attorney-client and/or work product privileges apply to otherwise discoverable documents and information. See paragraph 1(D) above for agreed-upon procedures for handling production of privileged information.

### I. Model Protocol for Discovery of ESI

At this time, the Parties do not propose any modifications to the Model Protocol for Discovery of ESI. The Parties agree that they may, by written stipulation signed by all Parties, make modifications if the need arises.

### J. Alternatives to Model Protocol

The Parties have agreed to adhere to the Model Protocol and do not propose any alternatives.

Dated: January 4, 2021

CARROLL, BIDDLE, & BILANKO, PLLC

By:  */s/Jeffrey E. Bilanko*
     Jeffrey E. Bilanko, WSBA 38829

     */s/Susan K. Kaplan*
     Susan K. Kaplan, WSBA 40985

     Carroll, Biddle, & Bilanko, PLLC
     801 2nd Avenue, Suite 800
     Seattle, WA 98104
     Phone: (206) 489-5549
     Email: jbilanko@cbblegal.com
     Email: skaplan@cbblegal.com
     Attorneys for Plaintiffs


JACOBSON, RUSSELL, SALTZ, &
NASSIM & DE LA TORRE LLP

By:  */s/ Michael J. Saltz*
     Michael J. Saltz

     */s/ Elana R. Levine*
     Elana R. Levine

     JACOBSON, RUSSELL, SALTZ, &
     NASSIM & DE LA TORRE LLP
     1880 Century Park East, Suite 900
     Los Angeles, CA  90067
     Telephone: (310) 446-9900
     Facsimile: (310) 446-9909
     Email: msaltz@jrsnd.com
     Email: lani@jrsnd.com
     Attorneys for Plaintiffs
     *Admitted pro hac vice*


GORDON TILDEN THOMAS &
CORDELL LLP

By:  */s/ Michael P. Brown*
     Michael P. Brown

**JOINT STATUS REPORT AND
DISCOVERY PLAN - 5**
(2:20-CV-01606-BJR)

**CARROLL, BIDDLE, & BILANKO, PLLC**
1000 2nd Avenue, Suite 3100
Seattle, WA  98104

GORDON TILDEN THOMAS &
CORDELL LLP
600 University St., Suite 2915
Seattle, WA 98101
Tel: (206) 467-6477
Email: mbrown@gordontilden.com
Attorneys for Defendants

**JOINT STATUS REPORT AND
DISCOVERY PLAN - 6**
(2:20-CV-01606-BJR)

**CARROLL, BIDDLE, & BILANKO, PLLC**
1000 2nd Avenue, Suite 3100
Seattle, WA  98104