The Honorable Barbara J. Rothstein

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TATIANA WESTBROOK, an individual; JAMES WESTBROOK, an individual; HALO BEAUTY PARTNERS, LLC, a Nevada Limited Liability Company,<br><br>               Plaintiffs,<br><br>   v.<br><br>KATIE JOY PAULSON, an individual; WITHOUT A CRYSTAL BALL, LLC, a Minnesota Limited Liability Company; and DOES 1 through 100, inclusive,<br><br>            Defendants. | NO.  2:20-cv-01606 BJR<br><br>**DEFENDANTS' SUPPLEMENTAL REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF THEIR MOTION TO DISMISS** |

GORDON
TILDEN
THOMAS
CORDELL

600 University Street
Suite 2915
Seattle, WA  98101
206.467.6477

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28
29
30
31
32
33
34
35
36
37
38
39
40
41
42
43
44
45

Defendants make this Supplemental Request for Judicial Notice in support of their Motion to Dismiss Plaintiffs' Complaint. Attached as Appendix A is a true and correct copy of a Motion to Vacate filed on September 3, 2019 by Plaintiff James Westbrook in a matter in Los Angeles Superior Court entitled *Hawkes v. Westbrook*, Case No. BC610791. Attached as Exhibit B is a true and correct copy of a Motion to Dismiss for Forum Non Conveniens, filed by Plaintiffs Tati and James Westbrook on December 21, 2020 in Los Angeles Superior Court, in a matter entitled *Swanson v. Halo Beauty, Inc.,* Case No. 20SMCV01573. Both of these documents may be retrieved from the Los Angeles Superior Court website: http://www.lacourt.org/website/FindaCase.aspx.

This Court may take judicial notice of pleadings on file in other jurisdictions, for the purpose of recognizing the fact of the pleadings and their contents. *Papai v. Harbor Tug & Barge Co.*, 67 F.3d 203, 207 n. 5 (9th Cir. 1995).

DATED this 6th day of January, 2021.

**GORDON TILDEN THOMAS & CORDELL** LLP
Attorneys for Defendants Katherine Manske Paulson and Without A Crystal Ball, LLC

By      s/ *Michael P. Brown*
Michael P.  Brown, WSBA #45618
600 University Street, Suite 2915
Seattle, Washington 98101
206.467.6477
mbrown@gordontilden.com

DEFENDANTS' REQUEST FOR JUDICIAL NOTICE - 1

GORDON
TILDEN
THOMAS
CORDELL

600 University Street
Suite 2915
Seattle, WA  98101
206.467.6477

# Exhibit A

Electronically FILED by Superior Court of California, County of Los Angeles on 09/03/2019 12:24 PM Sherri R. Carter, Executive Officer/Clerk of Court, by M. Soto, Deputy Clerk

Case 2:20-cv-01606-BJR   Document 35   Filed 01/06/21   Page 4 of 44

**JACOBSON, RUSSELL, SALTZ NASSIM & DE LA TORRE, LLP**
Michael J. Saltz, Esq.  SBN 189751
msaltz@jrsnd.com
Jessica Manavi, Esq. SBN 299425
jmanavi@jrsnd.com
Blake Brown, Esq. SBN 316879
bbrown@jrsnd.com
1880 Century Park East, Suite 900
Los Angeles, California 90067
Telephone: (310) 446-9900
Facsimile: (310) 446-9909

Attorneys for Defendant James Westbrook

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF LOS ANGELES, UNLIMITED JURISDICTION

| | |
|---|---|
| WILLIAM HAWKES, an individual; | Case No.: BC610791 |
| Plaintiff, | **DEFENDANT JAMES A. WESTBROOK'S NOTICE OF MOTION AND MOTION TO VACATE AND SET ASIDE DEFAULT JUDGMENT AND SET ASIDE ENTRY OF DEFAULT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF;; DECLARATION OF MICHAEL J. SALTZ, ESQ. IN SUPPORT THEREOF; DECLARATION OF JAMES A. WESTBROOK IN SUPPORT THEREOF.** |
| v. | |
| JAMES A. WESTBROOK, an individual, | |
| Defendants. | |
| | **DATE: November 20, 2019** |
| | **TIME:** 9:00 AM |
| | **DEPT.:** 61 |
| | **RESERVATION NO.: 45394189119** |

*Jacobson, Russell, Saltz, Nassim & de la Torre, LLP*
*1880 Century Park East, Suite 900 Los Angeles, CA 90067*
*Tel.: 310.446.9900 • Fax: 310.446.9909*

## NOTICE OF MOTION

TO EACH PARTY AND TO THE COUNSEL OF RECORD FOR EACH PARTY:

YOU ARE HEREBY NOTIFIED THAT at the above-captioned date and time and department in the Stanley Mosk Courthouse located at 111 North Hill Street, Los Angeles, California 90012 that Defendant will move the court for an order mandating that the Default Judgment in this matter be set aside and vacated and that the Entry of Default in this matter be set aside because Plaintiff and

Case No.: BC610791
File No.:  3171-001

1

Plaintiff's Counsel wrongly served the Summons and Complaint in this matter to 6543 Franklin Ave., Los Angeles, CA 90028, an address that Defendant had no connection with at the time the Summons and Complaint were allegedly served on October 6, 2016 by a non-registered process server.

The motion follows Defendant's recent discovery that a default judgment had been entered against him where no prior notice had been given as to the existence of this case.

This motion is made on the grounds that service of the Summons and Complaint did not result in actual notice under California *Code of Civil Procedure* §473.5.

The motion will be based on the attached memorandum of points and authorities, the attached declarations, the records on file in this action, and any further evidence and argument that may be presented at the hearing on this motion and/or upon which this Court may take judicial notice.


Dated: September 3, 2019



**Jacobson, Russell, Saltz, Nassim & de la Torre, LLP**



Michael J. Saltz, Esq.
Attorneys for Defendant

Jacobson, Russell, Saltz, Nassim & de la Torre, LLP
1880 Century Park East, Suite 900  Los Angeles, CA  90067
Tel.: 310.446.9900 • Fax: 310.446.9909

Case No.:  BC610791
File No.:  3171-001

2

MOTION TO SET ASIDE DEFAULT AND DEFAULT JUDGEMENT

1

## MOTION

2

PLEASE TAKE NOTICE that Defendant JAMES A. WESTBROOK ("Defendant") hereby

3 moves the Court for an order mandating that the Default Judgment in this matter be set aside and

4 vacated and that the Entry of Default in this matter be set aside because Plaintiff and Plaintiff's

5 Counsel wrongly served the Summons and Complaint in this matter to 6543 Franklin Ave., Los

6 Angeles, CA 90028, an address that Defendant had no connection with at the time the Summons and

7 Complaint were allegedly served on October 6, 2016 by a non-registered process server.

8

The motion follows Defendant's recent discovery that a default judgment had been entered

9 against him where no prior notice had been given as to the existence of this case.

10

This motion is made on the grounds that service of the Summons and Complaint did not result

11 in actual notice under California *Code of Civil Procedure* §473.5.

12

The motion will be based on the attached memorandum of points and authorities, the attached

13 declarations, the records on file in this action, and any further evidence and argument that may be

14 presented at the hearing on this motion and/or upon which this Court may take judicial notice.

15

16

Dated:  September 3, 2019

17

18

**Jacobson, Russell, Saltz, Nassim & de la Torre, LLP**

19

20

21

Michael J. Saltz, Esq.

22

Attorneys for Defendants

23

24

25

26

27

28

Case No.:  BC610791

File No.:  3171-001                                      3

MOTION TO SET ASIDE DEFAULT AND DEFAULT JUDGEMENT

**MEMORANDUM OF POINTS AND AUTHORITIES**

## 1. INTRODUCTION

On or about February 19, 2016, William Hawkes ("Plaintiff") filed a Summons and Complaint with this Court in this matter against Defendant James A. Westbrook ("Westbrook"). [See Summons and Complaint on file with this Court]. After significant delay, Plaintiff claims to have personally served Westbrook, through a non-registered process server, the summons and complaint and other papers in this matter. Based upon Plaintiff's assertion that Westbrook had been personally served, this Court entered a Default Judgment against Westbrook on April 19, 2018.

The truth is that Plaintiff never, personally or otherwise, served Westbrook a single document regarding this case. To be certain, Plaintiff's proof of service expressly states that Westbrook was personally served in 2016 at his residence, however, Westbrook had moved from said service address in 2014 – two years prior to the commencement of this litigation. Thus, it would have been impossible for Plaintiff to serve Westbrook at an address with which Westbrook had no connection at the time of service.

Therefore, Westbrook has not been given notice of the existence of this case, through no fault of his own, in time to defend it. As such, Westbrook requests that this Court vacate and set aside the Default Judgment entered in this case, set aside the Entry of Default in this case, and to otherwise allow Westbrook's proposed Answer to be filed so that Westbrook may defend this matter on the merits.

## 2. RELEVANT FACTS

On or about February 19, 2016, Plaintiff filed a Summons and Complaint with this Court bearing Case Number BC610791 against Westbrook. [Declaration of Michael Saltz, ("Saltz Decl.") ¶ 2]; See Summons and Complaint on file with this Court].

Thereafter, this Court, on February 25, 2016, issued an Order to Show Cause as to Plaintiff's failure to file a proof of service. [Saltz Decl. ¶ 2; See Order to Show Cause Hearing dated February 25, 2016 on file with this Court]. The Court held a hearing on April 15, 2016 wherein Plaintiff's counsel represented that they needed more time to hire a private investigator to try and find Westbrook in order to serve him. As such, this Court continued the subject hearing to May 17, 2016. [Saltz Decl. ¶3; See April 15, 2016 Minute Order on file with this Court].

Jacobson, Russell, Saltz, Nassim & de la Torre, LLP
1880 Century Park East, Suite 900 Los Angeles, CA 90067
Tel.: 310.446.9900 • Fax: 310.446.9909

At said May 17, 2016 hearing, Plaintiff's counsel represented that they were still attempting to locate Westbrook and that they would be filing an application for service by publication. As such, this Court set an Order to Show Cause re Proof of Service and/or Application for Publication to take place on July 18, 2016. [Saltz Decl. ¶ 4; See May 17, 2016 Minute Order on file with this Court].

At said July 18, 2016 hearing, Plaintiff's counsel represented that Plaintiff was still investigating whether Westbrook was in Hollywood or Hawaii. As such, this Court continued said hearing to September 28, 2016. [Saltz Decl. ¶ 5; See July 18, 2016 Minute Order on file with this Court].

At the September 28, 2016 hearing, Plaintiff's counsel represented that they were continuing to try and serve Westbrook. As such, this Court continued said hearing to October 28, 2016. [Saltz Decl. ¶ 6; See September 28, 2016 Minute Order on file with this Court]. Said October hearing was then continued to November 10, 2016 on the Court's own motion. [Saltz Decl. ¶ 6; See October 27, 2016 Minute Order on file with this Court].

According to the proof of service filed with this Court on November 8, 2016, Plaintiff claims to have had Westbrook personally served with only a summons and complaint – and no other documents – on October 6, 2016 at 10:00 AM by a non-registered process server at the address of 6543 Franklin Avenue, Los Angeles CA 90028 ("Franklin address"). [Saltz Decl. ¶ 7; See November 8, 2016 Proof of Service of Summons and Complaint; **Exhibit "1"**].

However, the problem with Plaintiff's claim of personal service on Westbrook is that it is a fabrication. Specifically, in October 2016, Westbrook had no connection with said Franklin address. [Declaration of James Westbrook ("Westbrook Decl.") ¶ 11]. Rather, Westbrook had lived at 6543 Franklin Avenue, Los Angeles CA 90068 from June 2001 to September 2014, at which time Westbrook moved to 4440 Vantage Avenue, Studio City, California 91604, where he lived until February 2016. [Westbrook Decl. ¶ 11]. In October 2016, Westbrook was living in Sherman Oaks, where he currently still resides. [Westbrook Decl. ¶ 11]. At no time has anyone tried to serve Westbrook any papers regarding this lawsuit at his Sherman Oaks address or his place of work, which is publicly known. [Westbrook Decl. ¶ 11].

Jacobson, Russell, Saltz, Nassim & de la Torre, LLP
1880 Century Park East, Suite 900  Los Angeles, CA  90067
Tel.: 310.446.9900 • Fax: 310.446.9909

1    What is more, at all relevant times, Plaintiff possessed Westbrook's email address and

2    telephone number. However, at no time in 2016 or thereafter has Plaintiff made any attempt to contact

3    Westbrook to obtain an address at which Westbrook could be served or to otherwise inform Westbrook

4    of the existence of this case. [Westbrook Decl. ¶ 12].

5    Rather, the subject proof of service appears to be fabricated by Behrouz Sarbaziha – a person

6    inside Plaintiff's counsels' office that admits to not being a process server – because: 1) Plaintiff was

7    under extreme pressure by this Court to get something on file regarding serving Westbrook; 2)

8    Westbrook had severed all connection to the Franklin address two years prior and could not have

9    possibly been served at said location; and 3) Plaintiff did not use a registered process server or identify

10   service of other documents such as a Civil Case Cover Sheet or ADR packet or other documents that

11   should have accompanied the service of a summons and complaint. [Saltz Decl. ¶ 8].

12   On December 9, 2016, this Court directed Plaintiff to submit an entry of default against

13   Westbrook and set a Case Management Conference ("CMC") for February 3, 2017. [Saltz Decl. ¶ 9;

14   See 12-9-16 Minute Order on file with this Court]. Plaintiffs failed to comply with this Court's order

15   to enter default. As such, the Court set and Order to Show Cause re Entry of Default for March 3,

16   2017. [Saltz Decl. ¶ 9; See 3-3-17 Minute Order on file with this Court].

17   On March 6, 2017, Plaintiff submitted a Request of for Entry of Default, notice of which

18   Plaintiff claims was sent to the Franklin address. [Saltz Decl. ¶ 10; See Request for Entry of Default

19   on file with this Court]. The Request for Entry of Default was rejected by the court due to an incomplete

20   proof of service. [Saltz Decl. ¶ 10; See 3-6-19 Request for Entry of Default & Rejection Sheet on file

21   with this Court].

22   Then, Plaintiff filed a Proof of Service of a Statement of Damages with this Court on April 5,

23   2017. [Saltz Decl. ¶ 11; See **Exhibit "2"**]. According to said proof of service, Plaintiff claims

24   Westbrook was personally served at the Franklin address a Statement of damages by Behrouz Saraziha

25   – a non-registered process server. [Saltz Decl. ¶ 11; See **Exhibit "2"**]. Plaintiff also re-submitted a

26   Request for Entry of Default on April 5, 2017, which was rejected as being untimely. [Saltz Decl. ¶

27   12; See 4-5-17 Request for Entry of Default and Notice of Rejection on file with this Court]. Again,

28   said Request for Entry of Default states that notice of same was mailed to the Franklin address. [*Id.*].

Jacobson, Russell, Saltz, Nassim & de la Torre, LLP
1880 Century Park East, Suite 900  Los Angeles, CA  90067
Tel.: 310.446.9900 • Fax: 310.446.9909

Case No.: BC610791
File No.: 3171-001                                      3

1    On May 2, 2017, this Court held a hearing on the Order to Show Cause re Entry of Default. At

2  said hearing, this Court ordered Plaintiff to file a new default packet by May 5, 2017 and continued

3  the hearing to June 6, 2017. [Saltz Decl. ¶ 13; See 5-2-17 Minute Order on file with this Court].

4    Finally, Plaintiff submitted, albeit late, a Request for Entry of Default with this Court on May

5  18, 2017, which was ultimately entered. [Saltz Decl. ¶ 14; See **Exhibit "3"**]. Said Request again states

6  that notice thereof was served on the Franklin address. [Saltz Decl. ¶ 14; See **Exhibit "3"**].

7    Plaintiff failed to appear in Court on June 6, 2017. As such, this Court set an Order to Show

8  Cause Re Entry of Default for August 4, 2017. [Saltz Decl. ¶ 15; See 6-6-17 Minute Order on file with

9  this court]. The Court then continued said hearing to September 5, 2017 and ordered Plaintiff to file a

10  proof of service of notice of the hearing on all parties of same. [Saltz Decl. ¶ 15; See 7-24-17 Notice

11  of Continuance on file with this Court]. No such proof of service of said ordered notice appears to

12  have been filed with the Court. [Saltz Decl. ¶ 15]. What is more, it appears that Plaintiff failed to

13  appear on September 5, 2017. [Saltz Decl. ¶ 15].

14    On October 19, 2017, this Court issued an Order to Show Cause Re Dismissal for Plaintiff's

15  Failure to Appear At Order to Show Cause Re Default Judgment. [Saltz Decl. ¶ 16; See 10-19-17

16  Minute Order on file with this Court]. The Court then set a new hearing date for January 5, 2018. [*Id.*].

17    On January 5, 2018, this Court continued the Order to Show Cause Re Default Judgment to

18  March 5, 2018 because Plaintiff was apparently out of the country. [Saltz Decl. ¶ 17; See 1-5-18 Minute

19  Order on file with this Court].

20    On March 5, 2018, this Court continued the Order to Show Cause Re Default Judgment to April

21  19, 2018 because the Plaintiff was still purportedly out of the country. [Saltz Decl. ¶ 17; See 3-5-18

22  Minute Order on file with this Court].

23    On April 19, 2018, Plaintiff submitted a Request for Court Judgment that states notice thereof

24  was previously mailed to the Franklin address. [Saltz Decl. ¶ 18; See **Exhibit "4"**]. Additionally,

25  Plaintiff submitted a proposed Judgment. [Saltz Decl. ¶ 18; See **Exhibit "5"**]. Thus, on April 26, 2018,

26  this Court issued a Minute Order stating that Plaintiff's Judgment against Westbrook had been signed

27  and filed on April 19, 2018. [Saltz Decl. ¶ 19; See **Exhibit "6"**].

28

Jacobson, Russell, Saltz, Nassim & de la Torre, LLP
1880 Century Park East, Suite 900  Los Angeles, CA  90067
Tel.: 310.446.9900 • Fax: 310.446.9909

Case No.:  BC610791
File No.:  3171-001                                   4
MOTION TO SET ASIDE DEFAULT AND DEFAULT JUDGEMENT

1    The Court record reflects that no effort has been made to serve Westbrook with any of the

2  judgment papers and there appears to have been no effort on Plaintiff's behalf to try and collect said

3  judgment. [Saltz Decl. ¶ 20].  Rather, it appears that Plaintiff is holding onto said judgment and lying

4  in wait so as to allow enough time to pass for Westbrook to not be able to challenge the Judgment due

5  to him never being served any papers or process associated with this case. [Saltz Decl. ¶ 20]. And this

6  plan might have worked had a Blogger in June of 2019 not written about this case's existence.  As

7  such, Westbrook first learned of the existence of this case in June 2019 and hired counsel in July 2019

8  to look into what this case was about and to have the default judgement vacated and the entry of default

9  set aside. [Westbrook Decl. ¶¶ 10, 14].

10   **3.  ARGUMENT**

11   **A.  Relevant Law:**

12   *Code of Civil Procedure* § 473.5 expressly states:

14   **(a)** When service of a summons has not resulted in actual notice to a party in time to defend
the action and a default or default judgment has been entered against him or her in the
15   action, he or she may serve and file a notice of motion to set aside the default or default
judgment and for leave to defend the action. The notice of motion shall be served and filed
16   within a reasonable time, but in no event exceeding the earlier of: (i) two years after entry
of a default judgment against him or her; or (ii) 180 days after service on him or her of a
17   written notice that the default or default judgment has been entered.

19   **(b)** A notice of motion to set aside a default or default judgment and for leave to defend
the action shall designate as the time for making the motion a date prescribed by
20   subdivision (b) of Section 1005, and it shall be accompanied by an affidavit showing under
oath that the party's lack of actual notice in time to defend the action was not caused by his
21   or her avoidance of service or inexcusable neglect. The party shall serve and file with the
notice a copy of the answer, motion, or other pleading proposed to be filed in the action.

23   **(c)** Upon a finding by the court that the motion was made within the period permitted by
subdivision (a) and that his or her lack of actual notice in time to defend the action was not
24   caused by his or her avoidance of service or inexcusable neglect, it may set aside the default
or default judgment on whatever terms as may be just and allow the party to defend the
25   action.

26   [*Code Civ. Proc.* § 473.5].

27   ///

28   ///

Jacobson, Russell, Saltz, Nassim & de la Torre, LLP
1880 Century Park East, Suite 900  Los Angeles, CA  90067
Tel.: 310.446.9900 • Fax: 310.446.9909

Case No.:  BC610791
File No.:  3171-001                                     5
MOTION TO SET ASIDE DEFAULT AND DEFAULT JUDGEMENT

**B.  This Motion Is Timely**

As stated above, a motion for relief under *Code Civ. Proc.* § 473.5 must be brought within two years after entry of a default judgment against the moving party, or within 180 days after service on the moving party of a written notice that the default or default judgment has been entered, which ever is earlier. [*Code Civ. Proc.* § 473.5(a)].

Here, the Default Judgment was signed and filed on April 19, 2018. [See Exhibit "6"].  Thus, this motion is being made well before the two-year anniversary of such entry.

Furthermore, the docket lacks any indication that any written notice of entry of judgment was ever made on Westbrook, and even if it had, it would have been to the Franklin address – an address at which Westbrook had not lived since two years prior to this case being filed. [See Westbrook Decl. ¶ 11].

Thus, under all circumstances this motion is timely.

**C.  Plaintiff Failed to Serve Any Documents Or Process Regarding This Matter On Westbrook.**

According to all proofs of service filed in this case, Plaintiff failed to serve Westbrook process or any documents in this matter whatsoever. As such, Westbrook lacked actual notice of this case in time to defend the action.

Specifically, Plaintiff claims that it used a non-registered process server in 2016 and thereafter to personally serve Westbrook a summons and complaint and other documents at a residence that Westbrook had moved out of in 2014.  At the time Plaintiff claims to have served Westbrook at the Franklin address, Westbrook was living in Sherman Oaks. [See Westbrook Decl. ¶ 11].

What is more, Westbrook did not avoid service of process in this matter.  To the contrary, Plaintiff never bothered to contact Westbrook about this lawsuit or to ascertain Westbrook's whereabouts despite having Westbrook's email and phone number and knowledge of his place of work. [See Westbrook Decl. ¶ 12]. Westbrook simply had no knowledge of this case's existence until he read about it in a blog in June of 2019. [See Westbrook Decl. ¶ 10].

Thus, Westbrook lacked actual notice of the existence of this case in time to defend the action, and such lack of notice was not caused by his avoidance of service or inexcusable neglect.

Jacobson, Russell, Saltz, Nassim & de la Torre, LLP
1880 Century Park East, Suite 900 Los Angeles, CA 90067
Tel.: 310.446.9900 • Fax: 310.446.9909

**D. It Is An Abuse of Discretion to Refuse Westbrook Relief Absent Clear Evidence of Inexcusable Neglect.**

Whether or not relief should be granted under *Code of Civil Procedure* Section 473.5 is a matter within the discretion of the trial court [*Brockman v. Wagenbach* (1957) 152 Cal. App. 2d 603, 611]. However, unless inexcusable neglect is clear, the policy favoring trial on the merits prevails over the general rule of deference to the trial court's exercise of discretion, and doubts are resolved in favor of the application for relief from default. [*Tunis v. Barrow* (1986) 184 Cal. App. 3d 1069, 1079].

Here, Plaintiff has established that he lacked actual notice of this matter in time to defend, and that his lack of notice was not caused by his avoidance of service. What is more, Westbrook has a proposed Answer attached to this motion and wishes to defend this action on the merits. Finally, there is no evidence of inexcusable neglect on Westbrook's part, as he has had no contact with the Franklin address since 2014 – two years prior to the commencement of this lawsuit. As such, Plaintiff is entitled to having the Default Judgment set aside and vacated, and the entry of default set aside. [See *Code Civ. Proc.* § 473.5(c); *Goya v. P.E.R.U. Enterprises* (1978) 87 Cal. App. 3d 886, 890–891].

## 4. CONCLUSION

For the aforementioned reasons, Westbrook requests this Court vacate and set aside the Default Judgment, set aside the entry of the default, and that this Court allow Westbrook to defend this action by allowing Westbrook's proposed Answer to be filed accordingly.

Dated: September 3, 2019

**Jacobson, Russell, Saltz, Nassim & de la Torre, LLP**

Michael J. Saltz, Esq.
Attorneys for Defendants

Jacobson, Russell, Saltz, Nassim & de la Torre, LLP
1880 Century Park East, Suite 900  Los Angeles, CA 90067
Tel.: 310.446.9900 • Fax: 310.446.9909

Jacobson, Russell, Saltz, Nassim & de la Torre, LLP
1880 Century Park East, Suite 900  Los Angeles, CA  90067
Tel.: 310.446.9900 • Fax: 310.446.9909

## DECLARATION OF MICHAEL J. SALTZ, ESQ.

I, Michael J. Saltz, declare as follows:

1.   I am an attorney at law duly licensed to practice before all courts of the State of California, and if called upon to testify, I could and would competently do so of my own personal knowledge of the facts contained herein.  I am a partner at the law firm of Jacobson, Russell, Saltz, Nassim & de la Torre, LLP, the attorneys for the named Defendant James A. Westbrook in this matter.

2.   On or about February 19, 2016, Plaintiff filed a Summons and Complaint with this Court bearing Case Number BC610791 against James A. Westbrook ("Westbrook"). [See Summons and Complaint on file with this Court]. Thereafter, this Court, on February 25, 2016, issued an Order to Show Cause as to Plaintiff's failure to file a proof of service. [See Order to Show Cause Hearing dated February 25, 2016 on file with this Court].

3.   The Court held a hearing on April 15, 2016 wherein Plaintiff's counsel represented that they needed more time to hire a private investigator to try and find Westbrook in order to serve him.  As such, this Court continued the subject hearing to May 17, 2016. [See April 15, 2016 Minute Order on file with this Court].

4.   At said May 17, 2016 hearing, Plaintiff's counsel represented that they were still attempting to locate Westbrook and that they would be filing an application for service by publication.  As such, this Court set an Order to Show Cause re Proof of Service and/or Application for Publication to take place on July 18, 2016. [See May 17, 2016 Minute Order on file with this Court].

5.   At said July 18, 2016 hearing, Plaintiff's counsel represented that Plaintiff was still investigating whether Westbrook was in Hollywood or Hawaii.  As such, this Court continued said hearing to September 28, 2016. [See July 18, 2016 Minute Order on file with this Court].

6.   At the September 28, 2016 hearing, Plaintiff's counsel represented that they were continuing to try and serve Westbrook. [See September 28, 2016 Minute Order on file with this Court]. As such, this Court continued said hearing to October 28, 2016. Said October hearing was then continued to November 10, 2016 on the Court's own motion. [See October 27, 2016 Minute Order on file with this Court].

Case No.:  BC610791
File No.:  3171-001                                     1

DECLARATION OF MICHAEL J. SALTZ, ESQ. IN SUPPORT OF MOTION TO SET ASIDE DEFAULT AND DEFAULT JUDGEMENT

7.   According to the proof of service filed with this Court on November 8, 2016, Plaintiff claims to have had Westbrook personally served with only a summons and complaint – and no other documents – on October 6, 2016 at 10:00 AM by a <u>non-registered</u> process server at the address of 6543 Franklin Avenue, Los Angeles CA 90028 ("Franklin address"). Attached hereto as **Exhibit "1"** is a true and correct copy of the filed November 8, 2016 Proof of Service of Summons and Complaint.

8.   The subject proof of service appears to be fabricated by Behrouz Sarbaziha – a person inside Plaintiff's counsels' office that admits to not being a process server – because: 1) Plaintiff was under extreme pressure by this Court to get something on file regarding serving Westbrook; 2) Westbrook had severed all connection to the Franklin address two years prior and could not have possibly been served at said location; and 3)Plaintiff did not use a registered process server or identify service of other documents such as a Civil Case Cover Sheet or ADR packet or other documents that should have accompanied the service of a summons and complaint.

9.   On December 9, 2016, this Court directed Plaintiff to submit an entry of default against Westbrook and set a Case Management Conference ("CMC") for February 3, 2017. [See 12-9-16 Minute Order on file with this Court]. Plaintiffs failed to comply with this Court's order to enter default. As such, the Court set and Order to Show Cause re Entry of Default for March 3, 2017. [See 3-3-17 Minute Order on file with this Court].

10. On March 6, 2017, Plaintiff submitted a Request of for Entry of Default, notice of which Plaintiff claims was sent to the Franklin address. [See Request for Entry of Default on file with this Court]. The Request for Entry of Default was rejected by the court due to an incomplete proof of service. [See 3-6-19 Request for Entry of Default & Rejection Sheet on file with this Court].

11. Plaintiff filed a Proof of Service of a Statement of Damages with this Court on April 5, 2017. Attached hereto as **Exhibit "2"** is a true and correct copy of the filed Proof of Service of a Statement of Damages. According to said proof of service, Plaintiff claims Westbrook was personally served at the Franklin address a Statement of damages by Behrouz Saraziha – a <u>non-registered</u> process server.

12. Plaintiff also re-submitted a Request for Entry of Default on April 5, 2017, which was rejected as being untimely. [See 4-5-17 Request for Entry of Default and Notice of Rejection on file with this

Jacobson, Russell, Saltz, Nassim & de la Torre, LLP
1880 Century Park East, Suite 900  Los Angeles, CA  90067
Tel.: 310.446.9900 • Fax: 310.446.9909

Case No.:  BC610791
File No.:  3171-001

2

1    Court]. Again, said Request for Entry of Default states that notice of same was mailed to the Franklin

2    address. [*Id.*].

3    13. On May 2, 2017, this Court held a hearing on the Order to Show Cause re Entry of Default. At

4    said hearing, this Court ordered Plaintiff to file a new default packet by May 5, 2017 and continued

5    the hearing to June 6, 2017. [See 5-2-17 Minute Order on file with this Court].

6    14. Plaintiff submitted, albeit late, a Request for Entry of Default with this Court on May 18, 2017,

7    which was ultimately entered. Attached hereto as **Exhibit "3"** is a true and correct copy of the May

8    18, 2017 Request for Entry of Default. Said Request again states that notice thereof was served on the

9    Franklin address.

10   15. Plaintiff failed to appear in Court on June 6, 2017. As such, this Court set an Order to Show

11   Cause Re Entry of Default for August 4, 2017. [See 6-6-17 Minute Order on file with this court]. The

12   Court then continued said hearing to September 5, 2017 and ordered Plaintiff to file a proof of service

13   of notice of the hearing on all parties of same. [See 7-24-17 Notice of Continuance on file with this

14   Court]. No such proof of service of said ordered notice appears to have been filed with the Court.

15   What is more, it appears that Plaintiff failed to appear on September 5, 2017.

16   16. On October 19, 2017, this Court issued an Order to Show Cause Re Dismissal for Plaintiff's

17   Failure to Appear At Order to Show Cause Re Default Judgment. [See 10-19-17 Minute Order on file

18   with this Court]. The Court then set a new hearing date for January 5, 2018. [*Id.*].

19   17. On January 5, 2018, this Court continued the Order to Show Cause Re Default Judgment to

20   March 5, 2018 because Plaintiff was apparently out of the country. [See 1-5-18 Minute Order on file

21   with this Court].On March 5, 2018, this Court continued the Order to Show Cause Re Default Judgment

22   to April 19, 2018 because the Plaintiff was still purportedly out of the country. [See 3-5-18 Minute

23   Order on file with this Court].

24   18. On April 19, 2018, Plaintiff submitted a Request for Court Judgment that states notice thereof

25   was previously mailed to the Franklin address. Attached hereto as **Exhibit "4"** is a true and correct

26   copy of the Request for Court Judgment. Additionally, Plaintiff submitted a Judgment. Attached hereto

27   as **Exhibit "5"** is a true and correct copy of the Judgment.

28

Jacobson, Russell, Saltz, Nassim & de la Torre, LLP
1880 Century Park East, Suite 900  Los Angeles, CA  90067
Tel.: 310.446.9900 • Fax: 310.446.9909

19. Thus, on April 26, 2018, this Court issued a Minute Order stating that Plaintiff's Judgment against Westbrook had been signed and filed on April 19, 2018. Attached hereto as **Exhibit "6"** is a true and correct copy of the April 26, 2018 Minute Order.

20. The Court record reflects that no effort has been made to serve Westbrook with any of the judgment papers and there appears to have been no effort on Plaintiff's behalf to try and collect said judgment. Rather, it appears that Plaintiff is holding onto said judgment and lying in wait so as to allow enough time to pass for Westbrook to not be able to challenge the Judgment due to him never being served any papers or process associated with this case.

Dated: September 3, 2019

Michael J. Saltz, Esq.

Jacobson, Russell, Saltz, Nassim & de la Torre, LLP
1880 Century Park East, Suite 900  Los Angeles, CA 90067
Tel.: 310.446.9900 • Fax: 310.446.9909

Case No.:  BC610791
File No.:   3171-001                                          4

DECLARATION OF MICHAEL J. SALTZ, ESQ. IN SUPPORT OF MOTION TO SET ASIDE DEFAULT AND DEFAULT JUDGEMENT

## DECLARATION OF JAMES A. WESTBROOK

I, James A. Westbrook, declare as follows:

1.  I am over the age of eighteen and I am a party in the above-entitled action. I have personal knowledge of the facts set forth herein. If called as a witness, I could and would competently testify to the matters stated herein. I make this declaration in support of Defendant James A. Westbrook's Notice of Motion and Motion to Set Aside Default and Default Judgment.

2.  In or about July 2019, I learned for the first time of the existence of this case, *William Hawkes v. James A. Westbrook,* Case Number BC610791, and that a Default Judgment had been entered against me on April 19, 2018.

3.  At no time prior to my discovery of the Request for Entry of Default against me, was I personally served with a Summons, Complaint, or Statement of Damages in this matter, and therefore lacked proper notice of the Plaintiff's claim against me.

4.  The service of the Summons and Complaint allegedly took place on October 6, 2016 at 6543 Franklin Avenue, Los Angeles, California, 90028. The Proof of Service of Summons and Complaint state that I was allegedly served personally.  A true and correct copy of said Proof of Service is attached hereto as **Exhibit "1".**

5.  The Proof of Service of Summons identifies the server as a private individual named Behrouz Sarbaziha, who works in Plaintiff's Counsel's office. Behrouz Sarbaziha is not a registered process server.

6.  Although the Proof of Service of Summons claims that I was personally served, I was not served with the Summons and Complaint in this matter for the reasons described herein.

7.  The service of the Statement of Damages allegedly took place on April 4, 2017 at 6543 Franklin Avenue, Los Angeles, California, 90028. The Proof of Service of Statement of Damages claims that I was served personally. A true and correct copy of said proof of service is attached hereto as **Exhibit "2".**

8.  The Proof of Service of the Statement of Damages identifies the server as a private individual named Behrouz Sarbaziha from Plaintiff's Counsel's office.

Jacobson, Russell, Saltz, Nassim & de la Torre, LLP
1880 Century Park East, Suite 900  Los Angeles, CA  90067
Tel.: 310.446.9900 • Fax: 310.446.9909

Case No.:  BC610791
File No.:  3171-001                                                                 1
DECLARATION OF JAMES A. WESTBROOK. IN SUPPORT OF MOTION TO SET ASIDE DEFAULT AND DEFAULT JUDGEMENT

9.  Although the Proof of Service of Statement of Damages claims that I was personally served, I was not served with the Statement of Damages in this matter for the reasons described herein.

10. I first learned I had been sued by Plaintiff in June 2019 when I read about it in an online blog.

11.  I was not evading service in this case, so my lack of actual notice of this case is not the result of evasion of service.  I simply had no connection to the 6543 Franklin Avenue, Los Angeles, California, 90028 address in 2016. Rather, I had lived at 6543 Franklin Avenue, Los Angeles, California 90068 from June 2001 to September 2014, at which time I moved to 4440 Vantage Avenue, Studio City, California 91604, where I lived until February 2016. In October 2016, I was living in Sherman Oaks, where I currently still reside. At no time has anyone tried to serve me any papers regarding this lawsuit at my Sherman Oaks address or my place of business, which is otherwise publicly known.

12.  At all relevant times, Plaintiff possessed my email address and telephone number.  However, at no time in 2016, or thereafter, has Plaintiff made any attempt to contact me to obtain an address at which I could be served or to otherwise inform me of the existence of this case.

13. Due to the lack of notice, I was unaware of the need to secure legal counsel in order to represent my interests in defense of the Complaint brought by Plaintiff.  Now that I know about this case, I wish to defend this matter on the merits.

14. As soon as I learned of the existence of this case, I immediately hired an attorney to look into this matter.  My attorney then ordered a copy of the entire court file and went over it with me.  We discovered that every document Plaintiff claims to have served was allegedly sent to the 6543 Franklin Avenue, Los Angeles CA 90068, an address I have had no connection with since 2014.

15. My personal interests have been adversely affected as a result of not being afforded the opportunity to respond and defend myself against Plaintiff's Complaint in a timely manner.

16. But for the above facts, I would have filed an Answer and defended against this case.

///
///
///
///

Case No.:  BC610791
File No.:  3171-001

2

DECLARATION OF JAMES A. WESTBROOK. IN SUPPORT OF MOTION TO SET ASIDE DEFAULT AND DEFAULT JUDGEMENT

Jacobson, Russell, Saltz, Nassim & de la Torre, LLP
1880 Century Park East, Suite 900 Los Angeles, CA 90067
Tel.: 310.446.9900 • Fax: 310.446.9909

1   I declare under penalty of perjury under the laws of the State of California that the foregoing is true

2   and correct.

3   Dated: August 22, 2019

                                James Westbrook

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Jacobson, Russell, Saltz, Nassim & De La Torre, LLP.
1880 Century Park East, Suite 900 Los Angeles, CA 90067
Tel.: 310.446.9900 • Fax: 310.446.9909

Case No.: BC710428
File No.: 2.365.002

DECLARATION OF JAMES A WESTBROOK

# Exhibit B

Electronically FILED by Superior Court of California, County of Los Angeles on 12/21/2020 12:16 PM Sherri R. Carter, Executive Officer/Clerk of Court, by B. McClendon,Deputy Clerk

1   GIBSON, DUNN & CRUTCHER LLP
    DOUGLAS FUCHS, SBN 196371
2     dfuchs@gibsondunn.com
    MATT COE-ODESS, SBN 313082
3     mcoe@gibsondunn.com
    333 South Grand Avenue
4   Los Angeles, CA  90071-3197
    Telephone:  213.229.7000
5   Facsimile:  213.229.7520

6   Attorneys for Defendants Tatiana Westbrook, James
    Westbrook, Halo Beauty Partners LLC, Halo Beauty,
7   Inc., Tati Halo, Inc., and Tati Cosmetics Inc.

8

9                  SUPERIOR COURT OF THE STATE OF CALIFORNIA

10                      FOR THE COUNTY OF LOS ANGELES

11                              WEST DISTRICT

12

13   CLARK SWANSON, individually and          CASE NO. 20SMCV01573
     derivatively on behalf of Halo Beauty, Inc., a
14   California Corporation; and SWANSON       **SPECIALLY APPEARING DEFENDANTS'**
     GLOBAL ENTERPRISES INC, on its own        **NOTICE OF MOTION AND MOTION TO**
15   behalf and derivatively and on behalf of Halo   **DISMISS OR STAY THE ACTION FOR**
     Beauty Partners LLC, a Nevada Limited     ***FORUM NON CONVENIENS***
16   Liability Company,
                                               ASSIGNED FOR ALL PURPOSES TO:
17               Plaintiffs,                    THE HONORABLE CRAIG D. KARLAN,
                                               DEPARTMENT N
18        v.
                                               *[Declaration of James Westbrook, Declaration of*
19   HALO BEAUTY, INC., a California           *Tatiana Westbrook, Declaration of Douglas*
     Corporation, HALO BEAUTY, INC., a         *Fuchs, and [Proposed] Order filed concurrently*
20   Nevada Corporation; HALO BEAUTY           *herewith]*
     PARTNERS LLC, a Nevada LLC, TATIANA
21   WESTBROOK; JAMES WESTBROOK;               Complaint Filed:    October 20, 2020
     TATI HALO, INC., a Washington             Trial Date:         None set
22   Corporation; TATI COSMETICS INC., a
     Washington Corporation; and DOES 1-20,    Hearing Date:       TBD
23   inclusive,                                Time:               8:30 am

24               Defendants.

25

26

27

28

**NOTICE OF MOTION TO DISMISS OR STAY FOR FORUM NON CONVENIENS**

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that on _____, at 8:30 am in Department N of the above-entitled Court, located at 1725 Main Street., Santa Monica, California 90401, the Honorable Craig D. Karlan presiding, Specially Appearing Defendants Tatiana Westbrook, a Washington resident, James Westbrook, a Washington resident, Halo Beauty Partners LLC, a Nevada limited liability company, Halo Beauty, Inc., a Nevada corporation, Halo Beauty, Inc., a California corporation, Tati Halo, Inc., a Washington corporation, and Tati Cosmetics Inc., a Washington corporation (collectively "Defendants") will and hereby do, by special appearance, move the Court for an order, pursuant to Code of Civil Procedure sections 410.30 and 418.10, dismissing the action, or alternatively, staying the action, for *forum non conveniens*. Defendants expressly reserve their right to demur to Plaintiffs' Complaint at the appropriate time. (Cal. Code Civ. Proc., § 418.10, subds. (a)-(b).)

Defendants' Motion to Dismiss or Stay for *Forum Non Conveniens* ("Motion") is based on this Notice of Motion and Motion; the incorporated Memorandum of Points and Authorities; the Declarations of James Westbrook and Tatiana Westbrook filed concurrently herewith; all other matters of which the Court may take judicial notice; all records and pleadings on file with the Court in this matter; and all further evidence and argument that may be presented in reply to any opposition to this Motion, or at or before the hearing on this Motion.

DATED: December 21, 2020

GIBSON, DUNN & CRUTCHER LLP

By: _____
　　　　Douglas Fuchs

Attorney for Defendants Tatiana Westbrook, James Westbrook, Halo Beauty Partners LLC Halo Beauty, Inc; Tati Halo, Inc., and Tati Cosmetics Inc.

# <u>TABLE OF CONTENTS</u>

<u>Page</u>

I. INTRODUCTION ................................................................................................. 6

II. BACKGROUND ............................................................................................... 7

    A.    The Real Parties in Interest Do Not Reside in California. ........................... 7

        1.    Plaintiffs Are Nevada Residents. .................................................. 7

        2.    Defendants Are Residents of Washington State. ............................. 8

        3.    Derivative Defendant Halo Beauty Is a Nevada Corporation. .......... 8

    B.    Factual Background ................................................................................. 9

    C.    Plaintiff's Complaint .............................................................................. 10

III. LEGAL STANDARD ...................................................................................... 10

IV. ARGUMENT ................................................................................................. 11

    A.    Nevada Is a Suitable Forum for Plaintiff's Claims .................................... 11

    B.    Private and Public Interest Factors Favor Litigating in Nevada. ................ 11

        1.    Private Interest Factors Dictate That Litigation in Nevada Would Be More Convenient, Expeditious, and Inexpensive. .......................... 11

        2.    Public Interest Factors Likewise Weigh Heavily in Favor of Dismissal. ....... 13

V. CONCLUSION ................................................................................................ 14

Gibson, Dunn &
Crutcher LLP

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Baltimore Football Club, Inc. v. Superior Court* (1985)
   171 Cal.App.3d 352 ...............................................................................................14

*City of Santa Cruz v. Municipal Court* (1989)
   49 Cal.3d 74 ...........................................................................................................8

*Consipio Holding, BV v. Carlberg* (2012)
   128 Nev. 454 ........................................................................................................13

*Doe v. Am. Nat. Red Cross* (9th Cir. 1997)
   112 F.3d 1048 ......................................................................................................11

*Fox Factory, Inc. v. Superior Court* (2017)
   11 Cal.App.5th 197 ...................................................................................10, 11, 12

*Great N. Ry. Co. v. Superior Court* (1970)
   12 Cal.App.3d 105 ...............................................................................................14

*Hahn v. Diez-Barba* (2011)
   194 Cal.App.4th 1177 ..........................................................................................11

*Nat. Football League v. Fireman's Fund Ins. Co.* (2013)
   216 Cal.App.4th 902 ............................................................................................12

*Rogers v. Guar. Tr. Co. of New York* (1933)
   288 U.S. 123 .........................................................................................................13

*Sonoro Invest S.A. v. Miller* (D. Nev., Jan. 24, 2017)
   No. 215CV02286JADCWH, 2017 WL 359172 ...................................................13

*Stangvik v. Shiley Inc.* (1991)
   54 Cal.3d 744 ............................................................................10, 11, 12, 13, 14

*Trump v. Eighth Judicial Dist. Court of State of Nev. In & For County of Clark* (1993)
   109 Nev. 687 ........................................................................................................13

*Weinstein v. Mortgage Capital Associates, Inc.* (D. Nev., Jan. 11, 2011)
   Nos. 2:10–CV–01551–PMP–PAL, 2:10–CV–1562–PMP–LRL, 2011 WL 90085......11

**Statutes**

26 U.S.C. § 368 ...........................................................................................................9

Cal. Code Civ. Proc., § 446..........................................................................................8

Cal. Corp. Code, § 2116.............................................................................................13

Cal. Corp. Code, § 17708.01, subd. (a).....................................................................13

Gibson, Dunn &
Crutcher LLP

Code Civ. Proc., § 410.30, subd. (a) ........................................................................10

NV Rev. Stat. § 11.190, subd. (1)(b) .......................................................................11

NV Rev. Stat. § 11.190, subd. (2)(c) .......................................................................11

NV Rev. Stat. § 11.190, subd. (3)(c)-(d) ..................................................................11

NV Rev. Stat. § 86.543, subd. (1) ...........................................................................13

**Other Authorities**

Nev. Eighth Judicial District Rules of Practice 1.33(b) ...........................................13

Nev. Leg. Comm'n's Subcomm., *Encouraging Corps. and Other Business Entities to Organize and Conduct Business in Nevada*, 71st Sess. (Nev. 2000), <https://www.leg.state.nv.us/Division/Research/Publications/InterimReports/2001/Bulletin01-08.pdf> [as of Dec. 17, 2020] ...........................................................13, 14

Gibson, Dunn & Crutcher LLP

SPECIALLY APPEARING DEFENDANTS' MOTION TO DISMISS OR STAY FOR *FORUM NON CONVENIENS*
CASE NO. 20SMCV01573

# I.   INTRODUCTION

Convenience, fairness, and common sense dictate that this case should be litigated in Nevada, not California.  The plaintiffs in this case are both Nevada residents, and they seek to bring claims derivatively on behalf of two Nevada business entities against the directors and officers of those companies pursuant to Nevada corporate law.  With the exception of a single, defunct corporation that has no assets and no interest in this suit, not a single one of the parties resides in California.  As illustrated in the chart below, all the parties with any interest in this action are domiciled either in Nevada or Washington State.

| Plaintiffs | Residence |
| --- | --- |
| Clark Swanson | Nevada |
| Swanson Global Enterprises, Inc. | Nevada |

| Defendants | Residence |
| --- | --- |
| Tatiana Westbrook | Washington[1] |
| James Westbrook | Washington |
| Halo Beauty Partners, LLC[2] | Nevada |
| Halo Beauty, Inc. (2019)[3] | Nevada |
| Halo Beauty, Inc. (2017) | California |
| Tati Cosmetics, Inc. | Washington |
| Tati Halo, Inc. | Washington |

Whereas all of the critical parties in this dispute are either residents of Nevada or Washington, the only party with any connection to California is Halo Beauty, Inc., a California corporation.  But

---

[1]   Swanson's Complaint falsely asserts that Tatiana Westbrook and James Westbrook (collectively "the Westbrooks") reside and are domiciled in California.  As explained *infra* at p. 6, this is incorrect.

[2]   Halo Beauty Partners LLC ("Halo Beauty Partners") is the primary entity at issue in this litigation.  It owns and operates a nutraceutical manufacturing, marketing, and distribution business.  Clark Swanson, James Westbrook, and Tatiana Westbrook each own 33%.

[3]   Halo Beauty, Inc., a Nevada corporation ("Halo Beauty, Inc.") owns and licenses certain intellectual property.  Halo Beauty, Inc. owns 1% stake interest in Halo Beauty Partners.

that corporation is an empty shell company whose assets—including the legal claims that Plaintiffs purport to assert here—were transferred to Halo Beauty, Inc., a Nevada corporation, when Swanson and the Westbrooks moved the business to Nevada in mid-2019, and where it remains today.  Thus, the only Halo Beauty entities currently with any assets and operations are Halo Beauty, Inc., a Nevada corporation, and Halo Beauty Partners LLC, a Nevada limited liability company.

Nevada is not only a suitable forum for this dispute, it is also—by far—the most appropriate forum to litigate this dispute.  First, Nevada is the most convenient location for most of the affected individuals, as the employees of Halo Beauty who will be called as witnesses—including Plaintiff Swanson—reside in Nevada.  Second, any corporate records not in electronic form and not in the possession of the Westbrooks are located in Nevada.  Third, there is a public interest and sense of fairness in having a Nevada court evaluate derivative claims governed by Nevada law brought by a Nevada citizen purportedly on behalf of Nevada companies.  Fourth, common sense dictates that a Nevada court is best suited to analyze and apply the complexities of Nevada law governing fiduciary duties and corporate responsibilities at issue in this case.  By contrast, California has no interest in adjudicating this dispute concerning the governance of Nevada business entities by Nevada and Washington citizens.  For these reasons, Defendants respectfully request the Court dismiss or stay this action for *forum non conveniens*.

## II.    BACKGROUND

### A.    The Real Parties in Interest Do Not Reside in California.

#### 1.    Plaintiffs Are Nevada Residents.

Swanson acknowledges that he has been a resident of Nevada since 2019.  (Compl. ¶ 13.)  His company, Swanson Global Enterprises, which is also named as a Plaintiff, is a Nevada corporation that is likewise domiciled in Nevada.  (Compl. ¶ 12.)

### 2.     Defendants Are Residents of Washington State.

Swanson's Complaint alleges that the Westbrooks reside in California and therefore are domiciled in California. (Compl. ¶¶ 16, 19.) This is simply not true.[4]

Tatiana Westbrook resides in the State of Washington. Her address is 650 Bellevue Way NE, Bellevue, WA, 98004. (T. Westbrook Decl. ¶ 2.) She has lived in Washington since December 2018. (*Id.*) She grew up in Seattle, Washington. (*Id.*) Her mother, father, step-father, grandmother, sister, and her sister's extended family all live in Washington. (*Id.*) Her businesses, including Tati, Inc., Defendant Tati Halo, Inc., and Defendant Tati Cosmetics, are all incorporated in Washington. (*Id.*) Her bank accounts are located in Washington. (*Id.*) She owns investment property in Washington. (*Id.*) She does not own or rent any property in California. (*Id.*)

James Westbrook likewise resides in the State of Washington. (J. Westbrook Decl. ¶ 2.) His address is also 650 Bellevue Way NE, Bellevue, WA, 98004. (*Id.*) He has lived in Washington since December 2018. (*Id.*) He received his driver's license from Washington on January 2, 2019. (*Id.*) His businesses, including Tati, Inc., Defendant Tati Halo, Inc., and Defendant Tati Cosmetics, are all incorporated in Washington. (*Id.*) His bank accounts are located in Washington. (*Id.*) He owns investment property in Washington. (*Id.*) He does not own or rent any property in California. (*Id.*)

### 3.     Derivative Defendant Halo Beauty Is a Nevada Corporation.

Plaintiffs purport to bring claims derivatively on behalf of Halo Beauty, Inc. and Halo Beauty Partners LLC, and they name both as nominal defendants. As Plaintiffs admit, Halo Beauty Partners LLC is a Nevada LLC. (Compl. ¶ 24.)

With respect to the Halo Beauty corporation, Plaintiffs confusingly name both "Halo Beauty, Inc. a Nevada Corporation" and "Halo Beauty, Inc., a California Corporation" as nominal defendants. However, the Nevada corporation is the only relevant entity in this dispute. Although Halo Beauty

---

[4] Swanson filed a verified complaint, which constitutes an oath that each allegation therein is true except as to matters specifically alleged therein on information and belief. (Cal. Code Civ. Proc., § 446; see also *City of Santa Cruz v. Municipal Court* (1989) 49 Cal.3d 74, 88.) Revealingly, his allegations that the Westbrooks resided in California were two of the rare instances in which Swanson affirmatively cautioned that the allegations were merely based on his "information and belief." (Compl. ¶¶ 16, 19.)

Gibson, Dunn &
Crutcher LLP

1   was originally incorporated in California on or around August 15, 2017, it exists in name only and

2   has no interest in this litigation.

3           In late 2018, Swanson and the Westbrooks decided to move Halo Beauty from California to

4   Nevada for tax purposes.  (J. Westbrook Decl. ¶ 6.)  On or around May 23, 2019, Halo Beauty,

5   underwent an F reorganization under Internal Revenue Code Section 368(a)(1)(F).  (*Id.*)  The F

6   reorganization caused the California corporation (the transferor corporation) to completely liquidate

7   and transfer all assets and attributes—including any legal claims, like those Plaintiffs attempt to

8   assert here—to the Nevada corporation (the resulting corporation).  (26 U.S.C. § 368.)  As a result,

9   the California corporation with the name Halo Beauty, Inc. does not have any assets and has been

10  considered a "disregarded entity" by the Internal Revenue Service since May 23, 2019.  (J.

11  Westbrook Decl. ¶ 6.)  On the other hand, the Halo Beauty corporation that owns and licenses certain

12  intellectual property to Halo Beauty Partners—and the only Halo Beauty corporation with a real

13  interest in this matter—is a Nevada corporation governed by Nevada law.  (*Id.*)

14  **B.      Factual Background**

15          In December 2016, Swanson and the Westbrooks decided to create a nutraceutical company

16  eventually named Halo Beauty, Inc.  (J. Westbrook Decl. ¶ 3.)  Swanson was responsible for

17  developing the nutritional supplement formulas and handling the company's finances.  (*Id.*)  James

18  Westbrook was expected to oversee Mr. Swanson's development process.  (*Id.*)  Tatiana Westbrook,

19  one of the top beauty influencers in the world, was responsible for packaging, branding, and

20  marketing the product directly to consumers through her YouTube channel with millions of

21  subscribers.  (*Id.*)

22          It was originally anticipated that Swanson would provide half of the necessary capital to build

23  the business and oversee the day-to-day operations.  (J. Westbrook Decl. ¶ 4.)  As a result, the parties

24  agreed that Swanson would receive 50% equity and the Westbrooks would each receive 25% equity

25  in Halo Beauty, Inc.  (*Id.*)  But during the first seven months of 2017, Swanson was unreliable and

26  unproductive.  (*Id.*)  Swanson's repeated failures to perform his responsibilities, combined with

27  Swanson's own flailing financial situation, led to a restructuring of the organization.  (*Id.*)  On

28  August 1, 2017, Swanson and the Westbrooks agreed that James Westbrook would become COO and

9

take over the company's business development and day-to-day operations, and that Tatiana Westbrook, whose YouTube stardom made her the most irreplaceable partner, would serve as President and CEO. (*Id.* ¶ 5.) They also agreed to be equal members with each individual holding 33.33% equity in Halo Beauty, Inc. (*Id.*) In consideration for restructuring the equity, Swanson was relieved of his responsibilities of running the day-to-day operations and partially relieved of his upcoming capital obligations, which saved him over $100,000 in cash. (*Id.*)

## C.    Plaintiff's Complaint

Swanson's Complaint includes 15 causes of action with a confusing array of overlapping claims, but the crux of Swanson's lawsuit is that the Westbrooks orally promised to make Halo Beauty, "Ms. Westbrook's exclusive channel for all-things beauty." (Compl. ¶ 40.) As a result, Swanson alleges the Westbrooks breached their fiduciary duties to Halo Beauty by taking corporate opportunities to develop and sell color makeup and fragrance products and pursuing those opportunities separately from Halo Beauty. (*Id.* ¶ 81.) Swanson also alleges the Westbrooks negligently delayed or impeded Halo Beauty's development and marketing of its core nutraceutical products, thereby harming Halo Beauty. (*Id.* ¶ 95.) The Westbrooks vigorously deny these allegations in their entirety.

## III.    LEGAL STANDARD

The *forum non conveniens* doctrine is codified in Code of Civil Procedure section 410.30, subdivision (a), which states that when "in the interest of substantial justice an action should be heard in a forum outside this state, the court shall stay or dismiss the action in whole or in part on any conditions that may be just." (Code Civ. Proc. § 410.30, subd. (a).) "The doctrine of forum non conveniens is rooted in equity. It allows a court to decline to exercise its jurisdiction over a case when it determines that the case 'may be more appropriately and justly tried elsewhere.'" (*Fox Factory, Inc. v. Superior Court* (2017) 11 Cal.App.5th 197, 203, quoting *Stangvik v. Shiley Inc.* (1991) 54 Cal.3d 744, 751.) As the moving party, defendants bear the burden of proof on the issue of entitlement to dismissal. (*Stangvik*, *supra*, 54 Cal.3d at p. 751.)

Courts apply a two-step analysis to determine whether to grant a motion based on *forum non conveniens*. First, "a court must . . . determine whether the alternate forum is a 'suitable' place for

trial." (*Stangvik*, *supra*, 54 Cal.3d at p. 751.)  Second, if the alternative forum is "suitable," California courts then "consider the private interests of the litigants and the interests of the public in retaining the action for trial in California."  (*Id.*)  The "public and private interests are to be 'applied flexibly, without giving undue emphasis to any one element.'" (*Fox Factory*, *supra*, 11 Cal.App.5th at p. 204, quoting *Stangvik*, *supra*, 54 Cal.3d at p. 753.)  If the interests weigh in favor of the alternate forum, the court has discretion to dismiss the action.  (*Stangvik*, *supra*, 54 Cal.3d at p. 751.)

## IV.    ARGUMENT

### A.    Nevada Is a Suitable Forum for Plaintiff's Claims

There can be no serious dispute that Nevada is a suitable forum for this action.  A forum is "suitable" if (1) "the defendant can be subjected to the jurisdiction of the courts in the alternative forum" and (2) "the statute of limitations poses no bar."  (*Hahn v. Diez-Barba* (2011) 194 Cal.App.4th 1177, 1190.)  Both requirements are clearly met here.  First, jurisdiction is proper because Halo Beauty Partners LLC and Halo Beauty, Inc. are both formed and incorporated, respectively, in Nevada, and the Westbrooks "purposefully avail[ed] [themselves] of the privilege of conducting activities" in Nevada in connection with these Nevada entities.  (*Doe v. Am. Nat. Red Cross* (9th Cir. 1997) 112 F.3d 1048, 1051.)  Moreover, Defendants do not contest that jurisdiction is proper in Nevada, and they are willing to make themselves available in Nevada for depositions and trial.  Second, the applicable statute of limitations presents no bar to Plaintiffs' claims in Nevada. (NV Rev. Stat. § 11.190, subds. (1)(b); (2)(c); (3)(c)-(d); *Weinstein v. Mortgage Capital Associates, Inc.* (D. Nev., Jan. 11, 2011, Nos. 2:10–CV–01551–PMP–PAL, 2:10–CV–1562–PMP–LRL) 2011 WL 90085.)

### B.    Private and Public Interest Factors Favor Litigating in Nevada.

#### 1.    Private Interest Factors Dictate That Litigation in Nevada Would Be More Convenient, Expeditious, and Inexpensive.

The private interest factors all point to Nevada as the most convenient forum.  "The private interest factors" for consideration "are those that make trial and the enforceability of the ensuing judgment expeditious and relatively inexpensive, such as the ease of access to sources of proof, the

cost of obtaining attendance of witnesses, and the availability of compulsory process for attendance of unwilling witnesses." (*Stangvik*, *supra*, 54 Cal.3d at p. 751.)

Nevada is the most convenient forum for all parties. Swanson cannot seriously argue California is more convenient for him when he resides in Nevada. And, because Swanson resides in another state, his choice of California as a forum is given less deference than that given to a California resident. (See *Stangvik*, *supra*, 54 Cal.3d at p. 754 [noting that the policy reasons behind deferring to a plaintiff's choice of forum apply only to "residents of the forum state"]; *Fox Factory*, *supra*, 11 Cal.App.5th at p. 205 [declaring that "forum choice of a *foreign* plaintiff is not entitled to a presumption of convenience"]; *Nat. Football League v. Fireman's Fund Ins. Co.* (2013) 216 Cal.App.4th 902, 929 [providing only "due deference," not a strong presumption, to a non-resident, U.S. citizen's choice of California.])

Nevada also is more convenient for Defendants. Halo Beauty is headquartered in Nevada, and that is where most of its employees reside. Excluding Swanson and the Westbrooks, Halo Beauty has two full-time employees, both of whom reside in Nevada and will be called to testify: (1) Halo Beauty's Director of Social Media, Meagan Carter, who has knowledge regarding Swanson's claim that the Westbrooks failed to market certain products, and (2) Halo Beauty's Director of Customer Support, Kate Barnette, who has knowledge regarding Swanson's failure to perform his job duties. (J. Westbrook Decl. ¶ 8.) Nevada is clearly more convenient for Halo Beauty and these employee witnesses. Additionally, the Westbrooks serve as directors, officers, and/or employees of the Nevada entities at issue in this action, and thus Nevada is a more convenient forum than California for them as well.

Finally, there is no potential evidence that could somehow be more easily accessed in California than in Nevada. In addition to the core Nevada-based witnesses just mentioned, most of the other potential witnesses reside outside of California. (*Id.*) The relevant documents largely are maintained electronically, so they are equally available in either forum; to the extent any relevant hard copy documents exist, they are located in Nevada or Washington, not California. (*Id.*) The private factors favor a Nevada forum.

2.      **Public Interest Factors Likewise Weigh Heavily in Favor of Dismissal.**

The public interest factors implicated here—which "include avoidance of overburdening local courts with congested calendars, protecting the interests of potential jurors so that they are not called upon to decide cases in which the local community has little concern, and weighing the competing interests of California and the alternate jurisdiction in the litigation"—also weigh strongly in favor of dismissal on *forum non conveniens* grounds.  (*Stangvik*, *supra*, 54 Cal.3d at p. 751.)

Nevada has a compelling interest in adjudicating this suit because it involves Nevada-law claims brought on behalf of Nevada entities.  The majority of Plaintiffs' claims are derivative claims by Nevada entities against their directors and officers.  Under the internal affairs doctrine, which both California and Nevada have adopted, these derivative claims are governed by the law of the state of incorporation—*i.e.*, Nevada.  (See Cal. Corp. Code, § 2116; Cal. Corp. Code § 17708.01, subd. (a); NV Rev. Stat. § 86.543, subd. (1).)  Nevada has a strong interest in having its own courts apply its own laws to this dispute between and among Nevada plaintiffs, Nevada business entities, and the directors and officers of those entities.  *Rogers v. Guar. Tr. Co. of New York* (1933) 288 U.S. 123, 130 ["It has long been settled doctrine that a court—state or federal—sitting in one State will as a general rule decline to interfere with or control by injunction or otherwise the management of the internal affairs of a corporation organized under the laws of another state but will leave controversies as to such matters to the courts of the state of the domicile."]; (see also *Consipio Holding, BV v. Carlberg* (2012) 128 Nev. 454, 459; *Trump v. Eighth Judicial Dist. Court of State of Nev. In & For County of Clark* (1993) 109 Nev. 687, 703; *Sonoro Invest S.A. v. Miller* (D. Nev., Jan. 24, 2017, No. 215CV02286JADCWH) 2017 WL 359172, at *4.)

In fact, the State of Nevada created specialized Nevada business courts specifically to address these types of business-related lawsuits, including shareholder derivative actions like this one.  (See Nev. Eighth Judicial District Rules of Practice 1.33(b).)  The goals of Nevada's business courts include, among other things, promoting business in the state by improving the justice system, offering speedier and cost-effective resolutions, and providing business entities with legal predictability. (Nev. Leg. Comm'n's Subcomm., *Encouraging Corps. and Other Business Entities to Organize and Conduct Business in Nevada*, 71st Sess., at 2-5 (Nev. 2000),

<https://www.leg.state.nv.us/Division/Research/Publications/InterimReports/2001/Bulletin01-08.pdf> [as of Dec. 17, 2020].)  Judges with specific business expertise are appointed for two-year terms to Nevada's business court docket.  (*Id.*)  These judges are most qualified to analyze and apply Nevada laws regarding fiduciary duties and corporate opportunities and effectuate the goals of Nevada's business courts.

California, on the other hand, does not have an interest in adjudicating claims of non-residents under foreign state laws against non-California defendants.  (*Baltimore Football Club, Inc. v. Superior Court* (1985) 171 Cal.App.3d 352, 364–65 [holding that it would be an abuse of discretion not to dismiss an action under the doctrine of *forum non conveniens* when the litigation involved "disputes between non-California claimants against out-of-state defendants"].)  The fact that Plaintiffs nominally included a California corporation without any interest in the outcome of the lawsuit does not somehow make California the proper forum.  *Great N. Ry. Co. v. Superior Court* (1970) 12 Cal.App.3d 105, 111, 115 [holding that the trial court abused its discretion by failing to apply the doctrine of forum non conveniens because, even though the administratrix of the estate was a party to the dispute, she was "merely the nominal plaintiff" and that "justice and fairness require that the action be tried . . . where the real part[ies] in interest and the witnesses reside"].)  There is no justification to burden California residents and taxpayers to bear the public cost of adjudicating this matter "in which the local community has little concern."  (*Stangvik*, *supra*, 54 Cal.3d at p. 751.)

## V.    CONCLUSION

Nevada is the proper forum for this dispute.  The Plaintiffs are Nevada residents, and the companies on whose behalf they seek to bring claims are organized in Nevada and governed by Nevada law.  There is no legitimate connection between this matter and the State of California.  Plaintiffs' attempt to bring this suit in California is inconvenient for the affected individuals and inconsistent with the public's interest.  For the reasons set forth herein, this Court should dismiss or stay this action for *forum non conveniens*.

1    DATED: December 21, 2020

2                                          GIBSON, DUNN & CRUTCHER LLP

3

4                                          By:  _____
                                                Douglas Fuchs
5

6                                          Attorney for Defendants Tatiana Westbrook,
                                           James Westbrook, Halo Beauty Partners LLC,
7                                          Halo Beauty, Inc., Tati Halo, Inc., and Tati
                                           Cosmetics Inc.
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# Exhibit C

Electronically FILED by Superior Court of California, County of Los Angeles on 12/21/2020 12:16 PM Sherri R. Carter, Executive Officer/Clerk of Court, by B. McClendon,Deputy Clerk

1    GIBSON, DUNN & CRUTCHER LLP
     DOUGLAS FUCHS, SBN 196371
2       dfuchs@gibsondunn.com
     MATT COE-ODESS, SBN 313082
3       mcoe@gibsondunn.com
     333 South Grand Avenue
4    Los Angeles, CA  90071-3197
     Telephone:  213.229.7000
5    Facsimile:  213.229.7520

6    Attorneys for Defendants Tatiana Westbrook, James
     Westbrook, Halo Beauty Partners LLC, Halo Beauty,
7    Inc., Tati Halo, Inc., and Tati Cosmetics Inc.

8

9                    SUPERIOR COURT OF THE STATE OF CALIFORNIA

10                        FOR THE COUNTY OF LOS ANGELES

11                                 WEST DISTRICT

12

13   CLARK SWANSON, individually and            CASE NO.   20SMCV01573
     derivatively on behalf of Halo Beauty, Inc., a
14   California Corporation; and SWANSON        **DECLARATION OF JAMES WESTBROOK**
     GLOBAL ENTERPRISES INC, on its own         **IN SUPPORT OF DEFENDANTS' NOTICE**
15   behalf and derivatively and on behalf of Halo   **OF MOTION AND MOTION TO DISMISS**
     Beauty Partners LLC, a Nevada Limited      **OR STAY THE ACTION FOR *FORUM NON***
16   Liability Company,                         ***CONVENIENS***

17            Plaintiffs,                        ASSIGNED FOR ALL PURPOSES TO:
                                                THE HONORABLE CRAIG D. KARLAN,
18       v.                                      DEPARTMENT N

19   HALO BEAUTY, INC., a California
     Corporation, HALO BEAUTY, INC., a          *[Notice of Motion and Motion, Memorandum of*
20   Nevada Corporation; HALO BEAUTY            *Points and Authorities, Declaration of Tatiana*
     PARTNERS LLC, a Nevada LLC, TATIANA        *Westbrook, Declaration of Douglas Fuchs, and*
21   WESTBROOK; JAMES WESTBROOK;                *[Proposed] Order filed concurrently herewith]*
     TATI HALO, INC., a Washington
22   Corporation; TATI COSMETICS INC., a        Complaint Filed:   October 20, 2020
     Washington Corporation; and DOES 1-20,     Trial Date:        None set
23   inclusive,
                                                Hearing Date:      TBD
24            Defendants.                        Time:              8:30 am

25

26

27

28

Gibson, Dunn &
Crutcher LLP

## DECLARATION OF JAMES WESTBROOK

I, James Westbrook, declare as follows:

1.      Unless otherwise stated, I have personal knowledge of the matters stated below, and if called upon to do so, I could and would competently testify as to those facts.

2.      I made the decision to become a resident of the State of Washington in December 2018 and signed a long-term lease for my condominium.  My address is 650 Bellevue Way NE, #4004, Bellevue, WA, 98004.  I received a driver's license from Washington on January 2, 2019.  My personal bank accounts are all located in Washington.  I own investment property in Washington.  My businesses and their banking accounts, including Tati, Inc., Tati Halo, Inc., and Tati Cosmetics, are all incorporated in Washington.  I do not own or rent any property in California.

3.      In December 2016, Clark Swanson, Tatiana Westbrook, and I decided to create a nutraceutical company.  The company was eventually called Halo Beauty.  Mr. Swanson was initially responsible for, among other things, developing the nutritional supplement formulas and handling the company's finances.  I was tasked with overseeing Mr. Swanson's development process.  Mrs. Westbrook, one of the top beauty influencers in the world, was responsible for branding and marketing the product directly to consumers through her YouTube channel with millions of subscribers.

4.      It was originally anticipated that Mr. Swanson would provide half of the necessary capital to build the business and oversee the day-to-day operations.  As a result of his anticipated capital contribution and the anticipated amount of work he was supposed to do, the parties agreed that Mr. Swanson would receive 50% equity and Mrs. Westbrook and I would each receive 25% equity in Halo Beauty Inc.  But during the first seven months of 2017, Mr. Swanson was unreliable and unproductive.  Mr. Swanson's repeated failures to perform his responsibilities, combined with Mr. Swanson's own flailing financial situation, led to a restructuring of the organization.

5.      On August 1, 2017, Mr. Swanson and Mrs. Westbrook agreed that I would become the Chief Operating Officer and take over the company's business development and day-to-day operations, and that Mrs. Westbrook, whose YouTube stardom made her the most irreplaceable

Gibson, Dunn &
Crutcher LLP

partner, would serve as President and Chief Executive Officer.  The parties also agreed to be equal members such that each of us held 33.33% equity in Halo Beauty Inc.  In consideration for restructuring the equity, Mr. Swanson was relieved of his responsibilities of running the day-to-day operations and partially relieved of his upcoming capital obligations, which saved him over $100,000 in cash.

6.    Halo Beauty, Inc. was originally incorporated in California.  In late 2018, Mr. Swanson, Mrs. Westbrook, and I decided to move Halo Beauty from California to Nevada for tax purposes.  On or around May 23, 2019, Halo Beauty underwent an F reorganization, which caused the California corporation to completely liquidate and transfer all assets and attributes to a Nevada corporation.  Mr. Swanson, who served as the corporate secretary, was responsible for effectuating the reorganization.  Since May 23, 2019, the California corporation with the name Halo Beauty, Inc. does not have any assets.  By contrast, the Nevada corporation with the name Halo Beauty, Inc., owns and licenses certain intellectual property and owns a 1% share of Halo Beauty Partners, LLC, which operates the nutraceutical manufacturing, marketing, and distribution business.

7.    Halo Beauty Partners, LLC is a Nevada limited liability company based and operated in Nevada.  Swanson Global, Inc., a Nevada corporation owned by Clark Swanson, owns 33% of Halo Beauty Partners, LLC.  Tati Halo, Inc., a Washington corporation jointly owned by Mrs. Westbrook and me, owns 66% of Halo Beauty Partners, LLC.  As mentioned in the paragraph above, Halo Beauty, Inc. owns the remaining 1% of Halo Beauty Partners, LLC.

8.    Nevada is a more convenient location for litigating this case than California for me personally and for the employees of Halo Beauty.  Halo Beauty has two full-time employees, both of whom reside in Nevada and have relevant knowledge regarding Mr. Swanson's claims.  Most of the other potential witnesses, such as manufacturers and other business partners, reside outside of California.  I am not aware of any relevant hard copy documents that exist in California; the relevant documents largely are maintained electronically or are located in Nevada or Washington.

Gibson, Dunn &
Crutcher LLP

3

DECLARATION OF JAMES WESTBROOK IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS OR STAY
FOR *FORUM NON CONVENIENS*
CASE NO. 20SMCV01573

1

2

3          I declare under penalty of perjury under the laws of the State of California that the foregoing

4     is true and correct.

5          Executed on this 15th day of December, 2020 in Bellevue, Washington.

6                                             By: _____

7                                                          James Westbrook

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Gibson, Dunn &
Crutcher LLP

DECLARATION OF JAMES WESTBROOK IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS OR STAY
FOR *FORUM NON CONVENIENS*
CASE NO. 20SMCV01573

# Exhibit D

Electronically FILED by Superior Court of California, County of Los Angeles on 12/21/2020 12:16 PM Sherri R. Carter, Executive Officer/Clerk of Court, by B. McClendon, Deputy Clerk

1  GIBSON, DUNN & CRUTCHER LLP
   DOUGLAS FUCHS, SBN 196371
2    dfuchs@gibsondunn.com
   MATT COE-ODESS, SBN 313082
3    mcoe@gibsondunn.com
   333 South Grand Avenue
4  Los Angeles, CA 90071-3197
   Telephone: 213.229.7000
5  Facsimile: 213.229.7520

6  Attorneys for Defendants Tatiana Westbrook, James
   Westbrook, Halo Beauty Partners LLC, Halo Beauty,
7  Inc., Tati Halo, Inc., and Tati Cosmetics Inc.

8

9
                    SUPERIOR COURT OF THE STATE OF CALIFORNIA
10
                          FOR THE COUNTY OF LOS ANGELES
11
                                   WEST DISTRICT
12

13  CLARK SWANSON, individually and            CASE NO.  20SMCV01573
    derivatively on behalf of Halo Beauty, Inc., a
14  California Corporation; and SWANSON         **DECLARATION OF TATIANA
    GLOBAL ENTERPRISES INC, on its own         WESTBROOK IN SUPPORT OF
15  behalf and derivatively and on behalf of Halo   DEFENDANTS' NOTICE OF MOTION AND
    Beauty Partners LLC, a Nevada Limited       MOTION TO DISMISS OR STAY THE
16  Liability Company,                          ACTION FOR *FORUM NON CONVENIENS***

17              Plaintiffs,                     ASSIGNED FOR ALL PURPOSES TO:
                                               THE HONORABLE CRAIG D. KARLAN,
18          v.                                  DEPARTMENT N

19  HALO BEAUTY, INC., a California
    Corporation, HALO BEAUTY, INC., a          *[Notice of Motion and Motion, Memorandum of
20  Nevada Corporation; HALO BEAUTY            Points and Authorities, Declaration of James
    PARTNERS LLC, a Nevada LLC, TATIANA        Westbrook, Declaration of Douglas Fuchs, and
21  WESTBROOK; JAMES WESTBROOK;                [Proposed] Order filed concurrently herewith]*
    TATI HALO, INC., a Washington
22  Corporation; TATI COSMETICS INC., a        Complaint Filed:    October 20, 2020
    Washington Corporation; and DOES 1-20,     Trial Date:         None set
23  inclusive,
                                               Hearing Date:       None set
24              Defendants.

25

26

27

28

─────────────────────────────────────────────────
Gibson, Dunn &
Crutcher LLP    DECLARATION OF TATIANA WESTBROOK IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS OR STAY
                                     FOR *FORUM NON CONVENIENS*
                                       CASE NO. 20SMCV01573

1

## DECLARATION OF TATIANA WESTBROOK

2    I, Tatiana Westbrook, declare as follows:

3    1.    Unless otherwise stated, I have personal knowledge of the matters stated below, and if

4    called upon to do so, I could and would competently testify as to those facts.

5    2.    I made the decision to become a resident of the State of Washington in December

6    2018 and signed a long-term lease for my condominium.  My address is 650 Bellevue Way NE,

7    #4004, Bellevue, WA, 98004.  I grew up in Seattle, Washington.  My mother, father, step-father,

8    grandmother, sister, and sister's extended family all live in Washington.  My personal bank accounts

9    are located in Washington.  I own investment property in Washington.  My businesses and their

10   banking accounts, including Tati, Inc., Tati Halo, Inc., and Tati Cosmetics, are all incorporated in

11   Washington.  I do not own or rent any property in California.

12

13

14   I declare under penalty of perjury under the laws of the State of California that the foregoing

15   is true and correct.

16   Executed on this 16th day of December, 2020 in Bellevue, Washington.

17

18

19   By: _____

20                Tatiana Westbrook

21

22

23

24

25

26

27

28

Gibson, Dunn &
Crutcher LLP

2

DECLARATION OF TATIANA WESTBROOK IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS OR STAY
FOR *FORUM NON CONVENIENS*
CASE NO. 20SMCV01573