The Honorable Barbara J. Rothstein

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TATIANA WESTBROOK, an individual; JAMES WESTBROOK, an individual; HALO BEAUTY PARTNERS, LLC, a Nevada Limited Liability Company,<br><br>　　　　　　　Plaintiffs,<br><br>　v.<br><br>KATIE JOY PAULSON, an individual; WITHOUT A CRYSTAL BALL, LLC, a Minnesota Limited Liability Company; and DOES 1 through 100, inclusive,<br><br>　　　　　　　Defendants. | NO.  2:20-cv-01606 BJR<br><br>SECOND SUPPLEMENTAL DECLARATION OF KATHERINE PAULSON IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS |

Katherine Paulson declares as follows:

1. I am over the age of 18 and am named as a defendant in this action. I make this declaration based on personal knowledge.

2. I make this declaration to respond to assertions contained in the Declaration of Lori Ann Barnhart (Dkt. 38-1). I will refer that at the "Second Declaration."

SECOND SUPPLEMENTAL DECLARATION OF KATHERINE PAULSON IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS - 1

GORDON TILDEN THOMAS CORDELL

600 University Street
Suite 2915
Seattle, WA  98101
206.467.6477

3.      The Second Declaration asserts that Ms. Barnhart contacted me to tell me it was her intention to contact Plaintiffs' attorneys, to notify them about the inclusion of the work contact information of the "wrong" Lori Barnhart, and that I "told [her] expressly to not contact Plaintiffs' Counsel, but to contact her attorney, Michael P. Brown, instead." Dkt 38-1 at ¶19. This is completely false. The *actual* December 24, 2020 conversation (from Twitter) is set forth below. I simply told Ms. Barnhart "You *can* speak to my attorney *if you like*. He isn't sure if he can help." (Emphasis added). I did not "tell her not to contact" Plaintiffs' attorneys. The purple boxes are my responses to her messages (in gray):



SECOND SUPPLEMENTAL DECLARATION OF
KATHERINE PAULSON IN SUPPORT OF DEFENDANTS'
MOTION TO DISMISS - 2

GORDON
TILDEN
THOMAS
CORDELL

600 University Street
Suite 2915
Seattle, WA 98101
206.467.6477



SECOND SUPPLEMENTAL DECLARATION OF
KATHERINE PAULSON IN SUPPORT OF DEFENDANTS'
MOTION TO DISMISS - 3

GORDON TILDEN THOMAS CORDELL | 600 University Street
Suite 2915
Seattle, WA  98101
206.467.6477

4. The Second Declaration asserts that Ms. Barnhart and I communicated on an "extremely frequent basis." This is not true. We communicated infrequently, mostly over Twitter. I do not believe we ever spoke by telephone or communicated by email.

5. The Second Declaration asserts that I knew Ms. Barnhart was from Washington since May of 2020 and that she "disclosed" this to me numerous times. This is also not true. I do not recall her ever telling me where she was from, nor did I notice anything on her Facebook page stating where she was from (if it did include that information). I had a large number of Facebook "friends" and I paid little attention to any one of them or their "profiles." I did not become aware of Ms. Barnhart's state of residence until recently in the context of the personal jurisdiction dispute.

6. The Second Declaration asserts that I somehow deputized Ms. Barnhart to perform "tasks" for me as my "agent" or "bulldog." This is nonsense. Ms. Barnhart voluntarily inserted herself into my channel and into social media conversations related to my channel. I never asked her to perform any "tasks" for me. In Paragraph 10, Ms. Barnhart refers to an exchange we had after I blocked someone from communicating with me, because of what I found to be inappropriate conduct. I casually stated that Ms. Barnhart could explain to this person why she had been blocked. This was not an "assignment" from me to an "agent" or "bulldog."

7. The Second Declaration asserts that I instructed Ms. Barnhart to "mass flag" competitors. This is false. In the case of content creator Lil Red, my recollection is as follows. I noticed during one of my live stream videos that Lil Red was "rebroadcasting" *my* livestream live on its channel, which is a copyright violation and against the terms of use. I was busy doing my live stream, so I asked my "audience" to flag *that one video* because I could not. This is not "mass flagging." In the second "case" Ms. Barnhart references, Sharrell's World, my recollection is as follows. That creator falsely accused me of hacking her and of using a racial slur. Ms. Barnhart was upset by these false allegations and wanted to know what to do. I simply told her

SECOND SUPPLEMENTAL DECLARATION OF
KATHERINE PAULSON IN SUPPORT OF DEFENDANTS'
MOTION TO DISMISS - 4

GORDON
TILDEN
THOMAS
CORDELL

600 University Street
Suite 2915
Seattle, WA 98101
206.467.6477

that YouTube has a reporting system if she feels like content is breaking community guidelines. I did not instruct her to report. Ms. Barnhart believed Sharrell's World violated the community guidelines and wanted to do something. Again, this is not "mass flagging." As the name suggests, mass flagging refers to indiscriminately reporting all of a competitors' videos to YouTube as violating policies, for the purpose of harassing and interfering with their business. I have never done that or anything close.

        8.      I did on occasion make facetious references on Twitter to Ms. Barnhart being one of my "ride-or-dies" who would defend me online. It was not meant literally (obviously). It was a half-joking reference to the fact that Ms. Barnhart *chose* to defend me online from what she perceived as unfair treatment. But I did not instruct her to do so, nor was she acting as my "agent." I understand Ms. Barnhart confirmed this in an email to my attorney, saying: "She [me] has done nothing wrong and I always expressed that I stand alone. I was standing up for what was right and I am against bullying and harassment and I know that Katie is too." Supplemental Brown Declaration, Ex. B at 18.

    I declare pursuant to the laws of perjury of the United States of America that the foregoing is true and correct.

DATED this 22nd day of January, 2021 at Hanover, Minnesota.

Katherine Paulson

SECOND SUPPLEMENTAL DECLARATION OF
KATHERINE PAULSON IN SUPPORT OF DEFENDANTS'
MOTION TO DISMISS - 5

GORDON TILDEN THOMAS CORDELL
600 University Street
Suite 2915
Seattle, WA 98101
206.467.6477

that YouTube has a reporting system if she feels like content is breaking community guidelines. I did not instruct her to report. Ms. Barnhart believed Sharrell's World violated the community guidelines and wanted to do something. Again, this is not "mass flagging." As the name suggests, mass flagging refers to indiscriminately reporting all of a competitors' videos to YouTube as violating policies, for the purpose of harassing and interfering with their business. I have never done that or anything close.

8.  I did on occasion make facetious references on Twitter to Ms. Barnhart being one of my "ride-or-dies" who would defend me online. It was not meant literally (obviously). It was a half-joking reference to the fact that Ms. Barnhart *chose* to defend me online from what she perceived as unfair treatment. But I did not instruct her to do so, nor was she acting as my "agent." I understand Ms. Barnhart confirmed this in an email to my attorney, saying: "She [me] has done nothing wrong and I always expressed that I stand alone. I was standing up for what was right and I am against bullying and harassment and I know that Katie is too." Supplemental Brown Declaration, Ex. B at 18.

I declare pursuant to the laws of perjury of the United States of America that the foregoing is true and correct.

DATED this 22nd day of January, 2021 at Hanover, Minnesota.

*/s/ Katherine Paulson*
Katherine Paulson

SECOND SUPPLEMENTAL DECLARATION OF
KATHERINE PAULSON IN SUPPORT OF DEFENDANTS'
MOTION TO DISMISS - 5

GORDON TILDEN THOMAS CORDELL
600 University Street
Suite 2915
Seattle, WA 98101
206.467.6477