THE HONORABLE BARBARA J. ROTHSTEIN

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TATIANA WESTBROOK, an individual; JAMES WESTBROOK, an individual; HALO BEAUTY PARTNERS, LLC, a Nevada Limited Liability Company,<br><br>                              Plaintiffs,<br><br>       v.<br><br>KATIE JOY PAULSON, an individual; WITHOUT A CRYSTAL BALL, LLC, a Minnesota Limited Liability Company; and DOES 1 through 100, inclusive,<br><br>                              Defendants. | NO. 2:20-cv-01606-BJR<br><br>**PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION FOR STATUS CONFERENCE** |

## I.   INTRODUCTION

While Defendants' Motion for Status Conference ("Motion") fails to comply with this Court's Standing Order for All Civil Cases,[1] Plaintiffs do not dispute that a status conference with the Court is necessary. However, if this Court considers Defendants' informal request to "place constraints on counsel's public behavior," Plaintiffs respectfully request an opportunity to submit additional briefing as Defendants have failed to establish that an order forbidding

---

[1] Defendants failed to make a meaningful effort to confer prior to filing the Motion as described in more detail below.

**PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION FOR STATUS CONFERENCE - 1**
(2:20-cv-01606-BJR)

**CARROLL, BIDDLE, & BILANKO, PLLC**
1000 2nd Avenue, Suite 3100
Seattle, WA  98104

1    Plaintiffs' counsel's speech is warranted.[2] Additionally, if a "gag order" is issued, it must be

2    against all participants in this case, including Defendants.

3          Plaintiffs also seek to address Defendants' misrepresentations in their Motion.  At no

4    point has Plaintiffs' counsel, Michael Saltz, publicly accused Ms. Paulson of hacking into his

5    Twitter and Gmail accounts. Notably, Defendants have not submitted any evidence of such

6    public accusations because none exist.

7          Finally, Plaintiffs agree that Court intervention is appropriate at this time but disagree

8    that it is due to the actions of Plaintiffs' counsel. Defendants, not Plaintiffs' counsel, are

9    attempting to litigate their case on social media.[3] Since the filing of this case on October 30,

10   2020, Defendants have published or made dozens of unprovoked prejudicial public statements

11   regarding this case on various social media platforms, including, but not limited to, YouTube,

12   Twitter, Facebook, and Instagram. Plaintiffs' counsel has used social media to investigate this

13   case, seek out witnesses and evidence, and, on occasion, refute Defendants' prejudicial public

14   statements.

15                        **II.    CLARIFICATION OF FACTS**

16         Since Plaintiffs' lawsuit was filed less than three months ago, Defendants have made

17   dozens of public statements regarding this case on Twitter, Facebook, Instagram, and YouTube.

18   Below is a non-exhaustive list of dates on which Defendants addressed this case on social

19   media:[4]

20

21
_____

22   [2] The Court may enter a limited "gag order" against trial participants when (1) the activity restrained poses a
     substantial likelihood of material prejudice; (2) the order is narrowly drawn; and (3) less restrictive alternatives are
23   not available. *United States v. Wunsch, 84 F.3d 1110, 1117 (9th Cir. 1996); see also
     Gentile v. State Bar of Nev.*, 501 U.S. 1030, 1075 (1991) (part II of majority opinion; Rehnquist, C.J.) (in order to
24   satisfy the First Amendment, there must be facts showing a "substantial likelihood of material prejudice" to an
     adjudicative proceeding)*; Levine v. U.S. Dist. Ct. for the Cent. Dist. of Cal.*, 764 F.2d 590, 595 (1985).
25   [3] Notably, Plaintiffs have not made a single public statement about this case to date. Declaration of Elana R. Levine
     ("Levine Decl.") ¶ 3.
     [4] Levine Decl., ¶¶ 3–5, Exs. 1–2.
26

**PLAINTIFFS' RESPONSE TO**            **CARROLL, BIDDLE, & BILANKO, PLLC**
**DEFENDANTS' MOTION FOR STATUS**      1000 2nd Avenue, Suite 3100
**CONFERENCE - 2**                     Seattle, WA  98104
(2:20-cv-01606-BJR)

- October 31 – Twitter and two YouTube videos entitled, "It's True About the Westbrooks & I will be Ok" and "This Channel Will Keep Going"
- November 1 – Twitter
- November 6 – Twitter
- November 8 – Twitter
- November 9 – YouTube "My story, My statement, & My mistakes"
- November 11 – Twitter
- November 25 – YouTube "Update on the Lawsuit/Responding to Criticism/How to Give Back"
- November 29 – YouTube "Am I Ok?"
- December 9 – "No One Deserves Anything"
- December 27 – "Venting Out Our Frustrations"
- December 29 – "All Of This NEEDS To STOP"
- January 7 – Twitter and YouTube "The Worst Day Ever"
- January 8 – Twitter
- January 15 – YouTube "'He's Evil' Trisha Paytas Is Terrified of Jeffree Star Over This…"
- January 16 – YouTube "This is Really Bad – She's Done"
- January 18 – Twitter

As this case involves defamatory statements asserted on social media, Plaintiffs' counsel, Michael Saltz, has used his personal Twitter account to seek out witnesses and information relating to Plaintiffs' claims and to refute Defendants' numerous unprovoked prejudicial public statements about this litigation.[5]

---

[5] Declaration of Michael Saltz ("Saltz Decl.") ¶¶ 2–5.

**PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION FOR STATUS CONFERENCE - 3**
(2:20-cv-01606-BJR)

**CARROLL, BIDDLE, & BILANKO, PLLC**
1000 2nd Avenue, Suite 3100
Seattle, WA  98104

1    In mid-January 2021, Mr. Saltz and several of Plaintiffs' witnesses were subjected to

2 widespread hacking of their personal social media and email accounts, as well as vicious online

3 harassment, including doxing.[6]  On the morning of January 18, 2021, a federal holiday, Mr. Saltz

4 alerted Mr. Brown to the urgent hacking issue and requested a telephone call to discuss the

5 matter.[7] The two exchanged several emails but no telephone conference occurred, nor did Mr.

6 Brown request one prior to filing Defendants' Motion.

7                                    **III.    ARGUMENT**

8  **A.    Defendants failed to make a meaningful effort to confer with Plaintiffs' counsel**

9        **prior to filing the Motion.**

10        This Court's Standing Order for All Civil Cases ("Standing Order") requires that the

11 parties "make a meaningful effort to confer prior to filing a motion."[8]   Further, the parties

12 "should provide for at least three (3) business days between attempts to confer and a motion's

13 filing and shall explain their specific efforts to comply if contact was not successfully made.

14 Motions that do not comply may be summarily denied."[9]

15        In one of Mr. Brown's emails on January 18, 2021, he stated, "I am skeptical about your

16 allegations, but they should be aired in front of the judge.  I also have concerns that I want

17 addressed. I don't think we can get her attention on a holiday, but perhaps we should send an

18 email or something today."[10]  No attempt was made by Mr. Brown to substantively discuss the

19 matter.[11]  Defendants' Motion was filed with the Court at 5:53 p.m. that same day.[12]

20

21

22 [6] Saltz Decl. ¶¶ 11–21; *see also* Declaration of Natalie Kennett.
[7] Saltz Decl. ¶ 25.

23 [8] Standing Order for All Civil Cases, Section C, Dkt. 20.
[9] *Id.*

24 [10] Declaration of Michael Brown ("Brown Decl."), Ex. D, Dkt. 41.
[11] Saltz Decl. ¶¶ 23–25.  Notably, Mr. Brown ignored Mr. Saltz's earlier request for a telephone conference to

25 discuss these issues.  *Id.*
[12] Saltz Decl. ¶ 25, Ex. 2.

26

**PLAINTIFFS' RESPONSE TO**                        **CARROLL, BIDDLE, & BILANKO, PLLC**
**DEFENDANTS' MOTION FOR STATUS**                  1000 2nd Avenue, Suite 3100
**CONFERENCE - 4**                                 Seattle, WA  98104
(2:20-cv-01606-BJR)

1 **B.** **Any "constraints" on Plaintiffs' counsel's use of social media are unwarranted.[13]**

2 Defendants fail to establish how Mr. Saltz's limited statements to his relatively small

3 group of followers on Twitter have somehow created a "massive social media circus surrounding

4 this lawsuit."[14]  Defendants acknowledge that Plaintiff Tati Westbrook is a "prominent social

5 media personality."[15]  Additionally, Ms. Paulson has over two thousand more Twitter followers

6 than Mr. Saltz, and has a YouTube channel with more than 135,000 subscribers.[16]  Ms. Paulson

7 has continued to address this case to her followers on both Twitter and YouTube, among other

8 social media venues, since Plaintiffs' Complaint was filed.[17]  Moreover, the filings in this case

9 are publicly available and closely followed by the Parties' thousands of supporters and

10 detractors.

11 Additionally, Defendants have failed to identify any statute, rule, or case law that

12 prohibits counsel from seeking witnesses and information relating to Plaintiffs' defamation case

13 on social media. In fact, the Washington Rules of Professional Conduct expressly permit counsel

14 to publicly discuss a case if the statements will not have a "substantial likelihood of materially

15 prejudicing an adjudicative proceeding in the matter."[18] Specifically, counsel may state, *inter*

16 *alia,* "a request for assistance in obtaining evidence and information necessary thereto"[19] and "a

17 warning of danger concerning the behavior of a person involved, when there is reason to believe

18 that there exists the likelihood of substantial harm to an individual or to the public interest[.]"[20]

19 Further, counsel "may make a statement that a reasonable lawyer would believe is required to

20 protect a client from the substantial undue prejudicial effect of recent publicity not initiated by

21 ───────────────
[13]Curiously, Defendants' request for this Court's assistance to restrain Plaintiffs' counsel from "litigating
22 [Plaintiffs'] case largely on social media," directly contradicts Defendants' position that this Court has no
jurisdiction over this matter, as set forth in their pending Motion to Dismiss.
[14] *See* Defendants' Mot. for Status Conference, at 3, Dkt. 39.
23 [15] *Id.* at 2.
[16] Saltz Decl. ¶ 6.
24 [17] Levine Decl. ¶¶ 4–5, Exs. 1–2.
[18] RPC 3.6(a).
25 [19] RPC 3.6(b)(5).
[20] RPC 3.6(b)(6).
26

**PLAINTIFFS' RESPONSE TO**                                   **CARROLL, BIDDLE, & BILANKO, PLLC**
**DEFENDANTS' MOTION FOR STATUS**                    1000 2nd Avenue, Suite 3100
**CONFERENCE - 5**                                                     Seattle, WA  98104
(2:20-cv-01606-BJR)

1   the lawyer or the lawyer's client."[21]   Mr. Saltz's inquiries and statements on Twitter related to

2   this case are limited to seeking witnesses and information; warning of danger about the

3   widespread hacking and harassment of witnesses, counsel, and parties to this case; and clarifying

4   Defendants' misrepresentations and/or statements made on social media after the Complaint was

5   filed.[22]   None of Mr. Saltz's limited public statements have a substantial likelihood of materially

6   prejudicing this matter.[23]   If anything, Mr. Saltz has been trying to clarify Defendants'

7   unprovoked prejudicial statements against Plaintiffs.[24]

8          Moreover, Plaintiffs' counsel never publicly accused Defendants of hacking or threatened

9   Defendants or Defendants' counsel with criminal prosecution.   Plaintiffs' counsel actually

10  informed Mr. Brown that widespread hacking of his personal social media and email accounts, as

11  well vicious online harassment of witnesses and hacking of witnesses' social media and email

12  accounts, was occurring and that a forensic expert had been engaged to track down the hackers

13  who were making serious criminal threats.[25]

14         Finally, while Defendants have not formally requested a restraining order prohibiting

15  Plaintiffs' counsel from exercising his First Amendment right, if this Court considers a prior

16  restraint against Plaintiffs' counsel, Plaintiffs respectfully request a full briefing

17  schedule.   Additionally, if a prior restraint is ordered, it must also be applied against Defendants

18  and Defendants' counsel.

19  **C.      Plaintiffs move to strike Mr. Brown's Declaration.**

20         Pursuant to LCR 7(g), Plaintiffs move to strike Mr. Brown's Declaration in support of

21  Defendants' Motion as Mr. Brown's statements about the referenced screenshots and emails are

22  misleading and/or irrelevant.[26]  For example, Mr. Brown's statement in Paragraph 4 states,

23  [21] RPC 3.6(c).
    [22] Saltz Decl. ¶¶ 2–5.
24  [23] Saltz Decl. ¶ 5.
    [24] Saltz Decl. ¶ 3.
25  [25] Saltz Decl. ¶¶ 23–24.  *See also* Brown Decl., Exs. A–C, Dkt. 41.
    [26] Brown Decl., Dkt. 41.
26

**PLAINTIFFS' RESPONSE TO
DEFENDANTS' MOTION FOR STATUS
CONFERENCE - 6**
(2:20-cv-01606-BJR)

**CARROLL, BIDDLE, & BILANKO, PLLC**
1000 2nd Avenue, Suite 3100
Seattle, WA  98104

"Below is a screenshot from a video on a YouTube channel that Mr. Saltz has promoted on his Twitter account."[27]  However, the referenced screenshot fails to show that Mr. Saltz is "promoting" a YouTube channel.[28]  The screenshot is not even from Mr. Saltz's Twitter page; instead, it is simply a screenshot of the YouTube channel at issue.[29]  Notably, the referenced screenshot captures the YouTube channel discussing Defendants' Motion to Dismiss, which was filed and made publicly available on December 2, 2020.[30]

In Paragraph 5, Mr. Brown states, "Below are screenshots of just a few of the tweets Mr. Saltz has posted to publicly accuse Ms. Paulson of the crime of hacking."[31]  However, the referenced screenshot does not show that Mr. Saltz "publicly accused" anyone in particular of hacking.[32]  Instead, the screenshot shows that Mr. Saltz recognized a familiar email address used in the hacking attempt.[33]  Similarly, the next screenshot does not mention any names, nor does it contain any alleged accusation against Ms. Paulson.[34]  The following three screenshots, on pages 7 and 8 of Mr. Brown's Declaration also fail to mention any names or contain any accusations of hacking against Ms. Paulson.[35]

In Paragraph 6, Mr. Brown states, "Attached as Exhibit A-C are true and correct copies of the emails Mr. Saltz sent me this morning accusing Ms. Paulson of federal crimes and demanding that I explain my 'involvement.'"[36]  First, Mr. Brown failed to provide the entire email chain between counsel to the Court.[37]  Second, there is no evidence in the email chain of Mr. Saltz accusing Ms. Paulson of "federal crimes."[38]  Instead, Mr. Saltz alerted Mr. Brown that

---

[27] Brown Decl., ¶ 4, Dkt. 41; Levine Decl. ¶ 13.
[28] *See* Brown Decl. ¶ 4, Dkt. 41; Levine Decl. ¶ 13.
[29] *Id.*
[30] Mot. to Dismiss, Dkt. 17.
[31] *See* Brown Decl. ¶ 5, Dkt. 41.
[32] *Id.;* Levine Decl. ¶ 13.
[33] *Id.*
[34] *Id.*
[35] *Id.*
[36] Brown Decl. ¶ 6, Exs. A–C, Dkt. 41.
[37] *See* Saltz Decl. ¶ 24, Ex. 1.
[38] *Id.*

**PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION FOR STATUS CONFERENCE - 7**
(2:20-cv-01606-BJR)

**CARROLL, BIDDLE, & BILANKO, PLLC**
1000 2nd Avenue, Suite 3100
Seattle, WA  98104

1  one of the hackers stated on Twitter that he/she was hired by Defendants to hack into Mr. Saltz's

2  email.[39]  Mr. Saltz also requested that Mr. Brown take all steps to preserve any and all evidence

3  so that a full forensic investigation could be completed.[40]

4  ## IV.  CONCLUSION

5  Plaintiffs agree that court intervention is appropriate at this time but disagree that it is due

6  to the actions of Plaintiffs' counsel.

7

8  Dated: January 27, 2021

9

10                                                    CARROLL, BIDDLE, & BILANKO, PLLC

11

                                          By:     */s/ Jeffrey E. Bilanko*
12                                                   Jeffrey E. Bilanko, WSBA 38829

13                                                  */s/ Susan K. Kaplan*
                                                    Susan K. Kaplan, WSBA 40985
14

15                                                  Carroll, Biddle, & Bilanko, PLLC
                                                    1000 2nd Avenue, Suite 3100
16                                                  Seattle, WA 98104
                                                    Phone: (206) 338-1496
17                                                  Phone: (206) 338-1518
                                                    Email: jbilanko@cbblegal.com
18                                                  Email: skaplan@cbblegal.com
                                                    Attorneys for Plaintiffs
19

20

21

22

23

24

25  [39] *Id.*
    [40] *Id.*

26

**PLAINTIFFS' RESPONSE TO**                      **CARROLL, BIDDLE, & BILANKO, PLLC**
**DEFENDANTS' MOTION FOR STATUS**                1000 2nd Avenue, Suite 3100
**CONFERENCE - 8**                               Seattle, WA  98104
(2:20-cv-01606-BJR)

1

2

JACOBSON, RUSSELL, SALTZ,
NASSIM & DE LA TORRE LLP

3

4

By:     */s/ Michael J. Saltz*
      Michael J. Saltz

5

By:     */s/ Elana R. Levine*
      Elana R. Levine

6

7

8

9

10

11

12

JACOBSON, RUSSELL, SALTZ,
NASSIM & DE LA TORRE LLP
Michael J. Saltz
Elana R. Levine
1880 Century Park East, Suite 900
Los Angeles, CA  90067
Telephone: (310) 446-9900
Facsimile: (310) 446-9909
Email: msaltz@jrsnd.com
Email: lani@jrsnd.com
Attorneys for Plaintiffs
*Admitted pro hac vice*

13

14

15

16

17

18

19

20

21

22

23

24

25

26

**PLAINTIFFS' RESPONSE TO
DEFENDANTS' MOTION FOR STATUS
CONFERENCE - 9**
(2:20-cv-01606-BJR)

**CARROLL, BIDDLE, & BILANKO, PLLC**
1000 2nd Avenue, Suite 3100
Seattle, WA  98104