UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TATIANA WESTBROOK, an individual; JAMES WESTBROOK, an individual; HALO BEAUTY PARTNERS, LLC, a Nevada Limited Liability Company,<br><br>Plaintiffs,<br><br>v.<br><br>KATIE JOY PAULSON, an individual; WITHOUT A CRYSTAL BALL, LLC, a Minnesota Limited Liability Company; and DOES 1 through 100, inclusive,<br><br>Defendants. | NO. 2:20-cv-01606 BJR<br><br>DEFENDANTS' MOTION TO FILE SECOND SUPPLEMENTAL DECLARATION OF MICHAEL P. BROWN UNDER SEAL |

## I. RELIEF REQUESTED AND AUTHORITIES

Defendants move for leave to file under seal the attached Second Supplemental Declaration of Michael P. Brown in Support of Defendants' Motion to Dismiss (Dkt. 17) ("Second Supp. Brown Decl."). On January 13, 2021, Plaintiffs filed a Declaration of Lori Ann Barnhart in Opposition to Plaintiffs' Motion to Dismiss (Dkt. 38-1). Ms. Barnhart is a non-party witness. In the days following that filing, I have come into possession of evidence that strongly

DEFENDANTS' MOTION TO FILE UNDER SEAL

GORDON TILDEN THOMAS CORDELL

600 University Street
Suite 2915
Seattle, WA 98101
206.467.6477

suggests Ms. Barnhart was not aware of what she was signing when swore to the truth of the contents of that declaration and may have lacked capacity to swear under oath to the contents of that declaration. This information is consistent with the fact that Ms. Barnhart's signed declaration, which she executed on January 13, 2021, is irreconcilable with statements she made to the undersigned—almost all of them in writing—during the 18-day period leading up to January 13, before she "flipped" sides in this lawsuit and recanted those representations.

Although the new information does not constitute health "records," it does contain what purports to be sensitive health information of Ms. Barnhart. *See* Supp. Brown Dec., Exs. A – C. The undersigned does not represent Ms. Barnhart, and believes she is not represented by any counsel, but nevertheless is concerned about protecting her medical privacy to the extent possible. At the same time, the undersigned must be permitted to respond to Ms. Barnhart's filed declaration, because that declaration was drafted, with the involvement of Plaintiffs' counsel, to include allegations of wrongdoing directed at the undersigned.[1] Further, the private medical information cannot simply be redacted, because it is the very evidence that undermines the validity of the Barnhart Declaration. The undersigned believes this request to seal strikes an appropriate balance between these two considerations.

Defendants submit that the information in and attached to the Supplemental Brown Declaration qualifies for sealing. "The local rules of this District recognize a strong presumption in favor of public access to the Court's files." *Karpenski v. American General Life Companies, LLC*, 2013 WL 5588312 at *1 (W.D. Wash. October 9, 2013) (Martinez, J.) (citing Local Rules

---

[1] In the declaration she signed on January 13, Ms. Barnhart suggested that I offered to act as her attorney at some point during our communications. I disagree, but in any event I am permitted, under RPC 1.6(b)(5), to disclose confidences to the extent necessary to respond to the allegations directed at me.

DEFENDANTS' MOTION TO FILE UNDER SEAL

GORDON TILDEN THOMAS CORDELL
600 University Street
Suite 2915
Seattle, WA 98101
206.467.6477

W.D. Wash. LCR 5(g).). The Ninth Circuit "has also recognized a strong presumption of public access to documents attached to dispositive motions." *Id.* (citing *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006). It appears that, because the materials reflected in the Supplemental Declaration of Michael Brown are submitted in connection with a dispositive motion, the Court must find "compelling reasons" to order the documents sealed. *Id.* "To induce this Court's protection, the party must 'articulate[ ] compelling reasons supported by specific factual findings,' that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process." *Id.* (citing *Kamakana*, 447 F.3d at 1179) (internal citations omitted). The decision to seal documents is "one best left to the sound discretion of the trial court" upon consideration of the relevant facts and circumstances of the particular case. *Id.* (citing *Nixon v. Warner Comm., Inc.*, 435 U.S. 589, 599 (1978).

"The need to protect medical privacy qualifies in general as a 'compelling reason.'" *Id.* (quotations omitted); *see also Abbey v. Hawaii Employers Mut. Ins. Co.*, 2010 WL 4715793 (D. Haw. 2010); *Lombardi v. TriWest Healthcare Alliance Corp.*, 2009 WL 1212170, at *1 (D. Ariz. 2009). Indeed, in *Karpenski* the court cited HIPPA as a basis for finding a compelling reason to seal sensitive health information. *Id.* (citing Health Insurance Portability and Accountability Act (HIPAA), Pub.L. 104–191 (1996) (regulating use and disclosure of "Protected Health Information.").

For these reasons, Defendants respectfully request that the Court order the Supplemental Brown Declaration sealed.

DEFENDANTS' MOTION TO FILE UNDER SEAL

GORDON TILDEN THOMAS CORDELL

600 University Street
Suite 2915
Seattle, WA 98101
206.467.6477

## II. CERTIFICATION OF CONFERENCE

Counsel met and conferred on January 22, 2021 regarding this motion, and thereafter sought the Court's guidance on this matter. Defendants file this motion pursuant to the Court's Minute Order dated January 29, 2021 (Dkt. 47).

DATED this 30th day of January, 2021.

**GORDON TILDEN THOMAS & CORDELL LLP**
Attorneys for Defendants

By   s/ *Michael P. Brown*
Michael P. Brown, WSBA #45618
600 University Street, Suite 2915
Seattle, Washington 98101
206.467.6477
mbrown@gordontilden.com