The Honorable Barbara J. Rothstein

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

TATIANA WESTBROOK, an individual;
JAMES WESTBROOK, an individual;
HALO BEAUTY PARTNERS, LLC, a
Nevada Limited Liability Company,

        Plaintiffs,

  v.

KATIE JOY PAULSON, an individual;
WITHOUT A CRYSTAL BALL, LLC, a
Minnesota Limited Liability Company; and
DOES 1 through 100, inclusive,

        Defendants.

NO. 2:20-cv-01606 BJR

JOINT MOTION TO FILE SECOND
SUPPLEMENTAL DECLARATION OF
MICHAEL P. BROWN (DKT. 52)
UNDER SEAL

## I. RELIEF REQUESTED AND AUTHORITIES

Plaintiffs and Defendants move for leave to file under seal the Second Supplemental Declaration of Michael P. Brown in Support of Defendants' Motion to Dismiss ("Second Supp. Brown Decl.") (Dkt. 52). On January 13, 2021, Plaintiffs filed a Declaration of Lori Ann Barnhart in Opposition to Plaintiffs' Motion to Dismiss (Dkt. 38-1). Ms. Barnhart is a non-party witness.

JOINT MOTION TO FILE SECOND SUPPLEMENTAL
DECLARATION (DKT. 52) UNDER SEAL - 1

GORDON TILDEN THOMAS CORDELL

600 University Street
Suite 2915
Seattle, WA 98101
206.467.6477

That evidence, as well as certain emails Ms. Barnhart sent to Defendants' counsel prior to signing the Barnhart Declaration, contain sensitive health information that the parties wish to keep from the public record to protect Ms. Barnhart's privacy. *See* Dkt. 52, Exs. A – C (filed under seal). Defendants wish to rely on this sensitive information with respect to their response to the Barnhart Declaration. *See* Dkts. 43, 43-1.[1] The parties believe that the information in and attached to Docket 52 qualifies for sealing.

"The local rules of this District recognize a strong presumption in favor of public access to the Court's files." *Karpenski v. American General Life Companies, LLC*, 2013 WL 5588312 at *1 (W.D. Wash. October 9, 2013) (Martinez, J.) (citing Local Rules W.D. Wash. LCR 5(g).). The Ninth Circuit "has also recognized a strong presumption of public access to documents attached to dispositive motions." *Id.* (citing *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006). It appears that, because the materials reflected in the Supplemental Declaration of Michael Brown are submitted in connection with a dispositive motion, the Court must find "compelling reasons" to order the documents sealed. *Id.* "To induce this Court's protection, the party must 'articulate[ ] compelling reasons supported by specific factual findings,' that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process." *Id.* (citing *Kamakana*, 447 F.3d at 1179) (internal citations omitted). The decision to seal documents is "one best left to the sound discretion of the trial court" upon consideration of the relevant facts and circumstances of the particular case. *Id.* (citing *Nixon v. Warner Comm., Inc.*, 435 U.S. 589, 599 (1978).

---

[1] In the declaration she signed on January 13, Ms. Barnhart suggested that Defendants' counsel Michael Brown offered to act as her attorney at some point during their communications. Mr. Brown disagrees, but in any event Defendants believe they are permitted, under RPC 1.6(b)(5), to disclose confidences to the extent necessary to respond to the allegations directed at Mr. Brown.

JOINT MOTION TO FILE SECOND SUPPLEMENTAL
DECLARATION (DKT. 52) UNDER SEAL - 2

GORDON
TILDEN
THOMAS
CORDELL

600 University Street
Suite 2915
Seattle, WA 98101
206.467.6477

"The need to protect medical privacy qualifies in general as a 'compelling reason.'" *Id.* (quotations omitted); *see also Abbey v. Hawaii Employers Mut. Ins. Co.*, 2010 WL 4715793 (D. Haw. 2010); *Lombardi v. TriWest Healthcare Alliance Corp.*, 2009 WL 1212170, at *1 (D. Ariz. 2009). Indeed, in *Karpenski* the court cited HIPPA as a basis for finding a compelling reason to seal sensitive health information. *Id.* (citing Health Insurance Portability and Accountability Act (HIPAA), Pub.L. 104–191 (1996) (regulating use and disclosure of "Protected Health Information."). For these reasons, the parties respectfully request that the Court order the Supplemental Brown Declaration sealed.

The parties further request that, should the Court deny this motion in whole or in part, the Court order the Clerk *not* to unseal Docket 52 until the parties have the opportunity to confer regarding whether Defendants wish to withdraw the unprotected materials before they become part of the public record, or proceed to file them in the public record.

A Stipulated Proposed Order to this effect is filed herewith.

RESPECTFULLY SUBMITTED this 1st day of February, 2021.

>**GORDON TILDEN THOMAS & CORDELL LLP**
>Attorneys for Defendants
>
>By     s/ *Michael P. Brown*
>Michael P. Brown, WSBA #45618
>600 University Street, Suite 2915
>Seattle, Washington 98101
>206.467.6477
>mbrown@gordontilden.com

JOINT MOTION TO FILE SECOND SUPPLEMENTAL
DECLARATION (DKT. 52) UNDER SEAL - 3

GORDON TILDEN THOMAS CORDELL | 600 University Street
Suite 2915
Seattle, WA 98101
206.467.6477

CARROLL, BIDDLE, & BILANKO, PLLC
Attorneys for Plaintiffs

By: */s/ Jeffrey E. Bilanko*
Jeffrey E. Bilanko, WSBA 38829

*/s/ Susan K. Kaplan*
Susan K. Kaplan, WSBA 40985

1000 2nd Avenue, Suite 3100
Seattle, Washington 98104
jbilanko@cbblegal.com
skaplan@cbblegal.com

JACOBSON, RUSSELL, SALTZ,
NASSIM & DE LA TORRE LLP
Attorneys for Plaintiffs

By: */s/ Michael J. Saltz*
Michael J. Saltz

By: */s/ Elana R. Levine*
Elana R. Levine

1880 Century Park East, Suite 900
Los Angeles, California 90067
msaltz@jrsnd.com
lani@jrsnd.com

*Admitted pro hac vice*

JOINT MOTION TO FILE SECOND SUPPLEMENTAL
DECLARATION (DKT. 52) UNDER SEAL - 4

GORDON TILDEN THOMAS CORDELL
600 University Street
Suite 2915
Seattle, WA 98101
206.467.6477