The Honorable Barbara J. Rothstein

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TATIANA WESTBROOK, an individual; JAMES WESTBROOK, an individual; HALO BEAUTY PARTNERS, LLC, a Nevada Limited Liability Company,<br><br>Plaintiffs,<br><br>v.<br><br>KATIE JOY PAULSON, an individual; WITHOUT A CRYSTAL BALL, LLC, a Minnesota Limited Liability Company; and DOES 1 through 100, inclusive,<br><br>Defendants. | NO.  2:20-cv-01606 BJR<br><br>DEFENDANTS' MOTION TO SHORTEN TIME ON MOTION FOR RULE 11 SANCTIONS |

Defendants respectfully request that the Court enter an order shortening time on their Motion for Rule 11 Sanctions against Plaintiffs and their counsel. This motion will be based on the same conduct that forms the basis for Defendants' Motion for Sanctions Pursuant to 28 U.S.C. section 1927 and the Court's Inherent Power (Dkt. 59).[1]  Rule 11 provides that a motion

---

[1] Docket 38-1 is a Declaration of Lori Ann Barnhart, a non-party witness. That declaration, procured and drafted by Plaintiffs' counsel, is replete with demonstrable falsities. *See* Dkt. 43-1. However, Rule 11 does not apply to

for sanctions brought thereunder generally "must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service *or within another time the court sets*." Fed. R. Civ. P. 11(c)(2) (emphasis added).

However, "[t]he rule contemplates situations in which it may be difficult or impossible to comply with the 21-day provision." *Neighbors Concerned About Yacht Club Expansion v. Grosse Point Yacht Club*, 1999 WL 33656445 at *9 (E.D. Mich. May 26, 1999). Defendants submit that this may be the situation here. Currently pending before the Court is Defendants' Motion to Dismiss. Dkt. 17. The focus of that motion is Defendants' challenge to the assertion of personal jurisdiction over them (Defendants reside in Minnesota). Should the Court grant Defendants' motion and dismiss this lawsuit with prejudice on personal jurisdiction grounds before the expiration of the 21-day safe harbor, this Court will lose jurisdiction to consider Defendants' Rule 11 motion. *Truesdell v. Southern Calif. Permanente Med. Group* 293 F3d 1146, 1152 (9th Cir 2002).

Defendants submit that this result would be inequitable in that it would insulate Plaintiffs and their counsel from responsibility for what Defendants believe are clear, demonstrable violations of Rule 11. They respectfully request that the Court shorten the 21-day waiting period to 8 days from the date of this filing, that is, February 23, 2021. Defendants have sent their draft Motion for Rule 11 Sanctions to all Plaintiffs' counsel via email on the date of this filing and will also serve it by mail on February 16, 2021. The parties conferred regarding this motion to shorten time and regarding the Rule 11 Motion on January 27, 2021.

---

non-party witnesses, and for reasons explained elsewhere, Defendants will not seek sanctions of any kind against Ms. Barnhart. *See id.*

| | |
|---|---|
| DEFENDANTS' MOTION TO SHORTEN TIME ON MOTION FOR RULE 11 SANCTIONS - 2 | GORDON TILDEN THOMAS CORDELL    600 University Street Suite 2915 Seattle, WA 98101 206.467.6477 |

DATED this 15th day of February, 2021.

          **GORDON TILDEN THOMAS & CORDELL LLP**
          Attorneys for Defendants

    By   s/ *Michael P. Brown*
          Michael P. Brown, WSBA #45618
          600 University Street, Suite 2915
          Seattle, Washington 98101
          206.467.6477
          mbrown@gordontilden.com