UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TATIANA WESTBROOK, an individual; JAMES WESTBROOK, an individual; HALO BEAUTY PARTNERS, LLC, a Nevada Limited Liability Company,<br><br>Plaintiffs,<br><br>v.<br><br>KATIE JOY PAULSON, an individual; WITHOUT A CRYSTAL BALL, LLC, a Minnesota Limited Liability Company; and DOES 1 through 100, inclusive,<br><br>Defendants. | NO. 2:20-cv-01606 BJR<br><br>DECLARATION OF MICHAEL P. BROWN IN SUPPORT OF DEFENDANTS' MOTION TO QUALIFY |

Michael P. Brown declares as follows:

1. I am a lawyer with Gordon Tilden Thomas & Cordell LLP, counsel for Defendants in this matter. I make this declaration based on personal knowledge and my familiarity with the proceedings in this matter.

2. Ms. Barnhart and I spoke on the phone on January 5, 2021 about the declaration we would prepare for her to sign and the subpoena Plaintiffs indicated they would serve on her

DECLARATION OF MICHAEL P. BROWN - 1

GORDON TILDEN THOMAS CORDELL

600 University Street
Suite 2915
Seattle, WA 98101
206.467.6477

(but never did). During that call, we discussed the fact that I was Defendants' attorney, and not hers. She told me she already recognized this.

3. In a January 11, 2021 email to Ms. Barnhart, I wrote: "You don't need to spend money or hire a lawyer to respond to the subpoena or file a declaration. I'd like to stand up for you by filing your declaration if you'd let me. It costs you nothing." Dkt. 38-1 at ¶ 25. My intent in writing these sentences in response to Ms. Barnhart's concerns was not to offer to represent her as her attorney. Rather, it was to reassure her of two things: (1) she did not need to spend money to respond to the subpoena, for example, by paying to have data retrieved (because she did not know how to do it); (2) based on what she had told me, she did not need to be represented by a lawyer *at all* in the process of responding.

4. After the Second Barnhart Declaration was filed, I was concerned that Plaintiffs were setting up an argument for disqualification. Accordingly, I arranged a meet-and-confer with Plaintiffs' counsel on January 27, 2021 to discuss the matter and my plan to bring a motion to qualify seeking an order finding that no disqualifying attorney-client relationship was formed. To my surprise and (temporary) relief, in that call, Plaintiffs' counsel assured me they had *no* intention of arguing for disqualification based on any such alleged attorney-client relationship. Based on that representation, I sought further guidance on the potential conflict issue, and determined that this motion to qualify could be obviated if Plaintiffs would confirm in writing what they represented during the meet-and-confer.

5. I proceeded to repeatedly ask Plaintiffs for that confirmation, but they repeatedly refused. Initially they explained that they wanted to keep open the possibility of moving to disqualify if they learned new, additional information supporting such a motion. I responded by explaining that I only needed a stipulation based on information currently known—the information they had when they expressly disclaimed any concern about a conflict. Then their explanation shifted. They responded that they *did* in fact have "concerns" based on what they knew at the time of the meet-and-confer, and therefore would not sign a stipulation even with the

DECLARATION OF MICHAEL P. BROWN - 2

GORDON TILDEN THOMAS CORDELL
600 University Street
Suite 2915
Seattle, WA 98101
206.467.6477

"future information" proviso. This explanation was directly contrary to their representations during the January 27 meet and confer. The email exchange is attached hereto at **Exhibit. A**.

I declare pursuant to the laws of perjury of the United States of America that the foregoing is true and correct.

DATED this 18th day of February, 2021, at Seattle, Washington.

_____
Michael P. Brown, WSBA #45618

DECLARATION OF MICHAEL P. BROWN - 3

GORDON TILDEN THOMAS CORDELL
600 University Street
Suite 2915
Seattle, WA 98101
206.467.6477

Exhibit A

**From:** Michael P. Brown <mbrown@gordontilden.com>
**Sent:** Monday, February 1, 2021 4:21 PM
**To:** Michael Saltz <msaltz@jrsnd.com>; Lani Levine <lani@jrsnd.com>; Jeffrey Bilanko <jbilanko@cbblegal.com>; Suki Kaplan <skaplan@CBBLegal.com>
**Subject:** Motion to Qualify

I have looked further into the matter of disqualification since you informed me last week that you have no intent to challenge my ability to continue as defendants' counsel (based on Lori's statements in her declaration). I believe that, under these circumstances, the motion to qualify can be obviated by a stipulation confirming your intent in that regard. I would like to proceed in that manner. I am attaching a draft stipulation for your review. Please let me know if you are willing to so stipulate.

**Michael P. Brown**

Gordon Tilden Thomas & Cordell LLP
One Union Square
600 University Street, Suite 2915
Seattle, Washington 98101
**t:** 206.467.6477   **d:** 206.805.3162
**w:** gordontilden.com



**Jeffrey Bilanko** <jbilanko@cbblegal.com>

To: Michael P. Brown; Michael Saltz; Lani Levine; Suki Kaplan

2/2/2021

You replied to this message on 2/3/2021 9:17 AM.

Hi Michael-

I don't believe there is anything to stipulate to in this instance. Even if we did stipulate to such a motion I don't feel like we should be precluded from raising an issue if one it becomes an issue later on. I have never been asked to stipulate to someone being qualified to represent a party so I'm not sure why that is necessary in this instance.

Jeffrey Bilanko
Attorney
**Carroll, Biddle, & Bilanko, PLLC**
1000 2nd Avenue, Suite 3100
Seattle, WA 98104
Direct: (206) 338-1496
Cell: (206) 450-1181
www.cbblegal.com

**From:** Michael P. Brown <mbrown@gordontilden.com>
**Sent:** Wednesday, February 3, 2021 9:17 AM
**To:** Jeffrey Bilanko <jbilanko@cbblegal.com>; Michael Saltz <msaltz@jrsnd.com>; Lani Levine <lani@jrsnd.com>; Suki Kaplan <skaplan@CBBLegal.com>
**Subject:** RE: Motion to Qualify

Let me provide more context for why I think I need to file a motion to qualify or get your stipulation.

You prepared a declaration for Lori in which she appears to say she believed I was her lawyer. You claim she said that to you when you made contact with her around January 12. You also said in her declaration that she had some interests that conflicted with my Katie's interests. By putting that in her declaration, you were suggesting there is a conflict with me proceeding to represent Katie and WOACB.

I can't just proceed with the threat hanging over my head that you will move to disqualify me. You clearly indicated on our call that you have no intent to do that. I understand that, if you will commit to that in writing, I do not need to bother the court with the motion to qualify.

**Michael P. Brown**

Gordon Tilden Thomas & Cordell LLP
One Union Square
600 University Street, Suite 2915
Seattle, Washington 98101
**t:** 206.467.6477   **d:** 206.805.3162
**w:** gordontilden.com



RE: Motion to Quash

**Jeffrey Bilanko** <jbilanko@cbblegal.com>
To: Michael P. Brown; Michael Saltz; Lani Levine; Suki Kaplan
2/3/202

You replied to this message on 2/4/2021 10:41 AM.

Hi Michael-

I think it is important to distinguish between what Ms. Barnhart states in her declaration and what I have said. I don't think you can attribute statements made in her declaration to me or any of the lawyers for plaintiffs in this case.

That being said, I don't know what relationship actually existed, if any. So asking me to stipulate to the existence or non-existence of a relationship you may or may not have had with a third party seems to put me in a tough spot. I don't know if this is an issue or not and I don't want to waive my right to raise this issue if and when I learn more. Which is why I stated that a stipulation from me now may not be worth anything because I would reserve my right to change my mind if/when more information becomes available.

Jeffrey Bilanko
Attorney
**Carroll, Biddle, & Bilanko, PLLC**
1000 2nd Avenue, Suite 3100
Seattle, WA 98104
Direct: (206) 338-1496
Cell: (206) 450-1181
www.cbblegal.com

**From:** Michael P. Brown <mbrown@gordontilden.com>
**Sent:** Thursday, February 4, 2021 10:41 AM
**To:** Jeffrey Bilanko <jbilanko@cbblegal.com>; Michael Saltz <msaltz@jrsnd.com>; Lani Levine <lani@jrsnd.com>; Suki Kaplan <skaplan@CBBLegal.com>
**Subject:** RE: Motion to Qualify

Thanks Jeff. What I want is simply a stipulation reflecting what Michael said on the call – you have no (current) concerns that would cause you to ask for disqualification. I'm not asking for you to waive any argument that might arise based on information you discover in the future, although I cannot imagine what that would be.

I've revised the draft stipulation to clarify. Please let me know if this is acceptable.

**Michael P. Brown**

Gordon Tilden Thomas & Cordell LLP
One Union Square
600 University Street, Suite 2915
Seattle, Washington 98101
**t:** 206.467.6477   **d:** 206.805.3162
**w:** gordontilden.com



 

Jeffrey Bilanko <jbilanko@cbblegal.com>   2/4/2021

To: Michael P. Brown; Michael Saltz; Lani Levine; Suki Kaplan

Hi Michael-

That is not my recollection of what was said during our call. My recollection is that what we represented was that we didn't intend, at that time, to make a motion to the court on that issue. I do have concerns about this issue. The scope and parameters of any relationship, or lack thereof, you may have created with Ms. Barnhart during your communications with her is not something I am prepared to stipulate to. Nor do I think that a stipulation to not raise this issue now, while reserving my right to do so later is of much use.

I'm not sure what the motion is that you intend to bring before the court. Is it your intention to ask the Court to make a finding of fact that there was never an attorney-client relationship between you and Ms. Barnhart? If so, I don't believe I have ever seen such a request to a court in this context. I also don't think that my stipulation would have any bearing on that determination.

Jeffrey Bilanko
Attorney
**Carroll, Biddle, & Bilanko, PLLC**
1000 2nd Avenue, Suite 3100
Seattle, WA 98104
Direct: (206) 338-1496
Cell: (206) 450-1181
www.cbblegal.com